IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID B. STEVENS,<br>3801 V Street, S.E.<br>Apartment 102<br>Washington, D.C. 20020<br><br>and<br><br>MAE WHITLEY<br>823 Glen Allen Drive<br>Baltimore, MD 21229,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>NATIONAL RAILROAD PASSENGER<br>　　CORPORATION<br>("Amtrak")<br>60 Massachusetts Avenue, N.W.<br>Washington, D.C.<br><br>　　　　　Defendant. | Civil Action No. |

## DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S REMOVAL OF ACTION UNDER 28 U.S.C. § 1331

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441, *et seq.*, defendant National Railroad Passenger Corporation ("Amtrak"), by and through its attorneys, hereby removes to this Honorable Court the entire civil action in the Superior Court of the District of Columbia, Civil Division, captioned, *David B. Stevens and Mae Whitley, v. National Railroad Passenger Corporation.* A copy of the Complaint, First Amended Complaint, Second Amended Complaint and all process and other pleadings filed in this action is attached hereto as Exhibit A. In support of this removal, defendant states as follows:

1. On July 6, 2005, the Complaint was filed in the Superior Court for the District of Columbia, Civil Division. On August 30, 2005, plaintiff David Stevens filed a motion to leave to amend his complaint and a First Amended Complaint. Amtrak received a copy of the Complaint and the First Amended Complaint on or about August 31, 2005.

2. Subsequently, plaintiffs Stevens and Whitley filed a Second Amended Complaint. Amtrak's Corporate Secretary received a copy of the Second Amended Complaint on or about September 19, 2005.

3. Pursuant to 28 U.S.C. § 1441(a), any civil action over which the district courts of the United States have original jurisdiction may be removed from state to federal court.

4. Pursuant to 28 U.S.C. § 1331, the district courts of the United States have original jurisdiction over any civil action presenting a question of federal law.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1349, which creates original jurisdiction for all civil action against corporations created by Congress and owned by the United States. Specifically, section 1349 states: "The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, *unless* the United States is the owner of more than one-half of its capital stock." (Emphasis added).

6. Amtrak is a federally-chartered stock corporation and more than half of its stock is owned by the United States. *Hollus v. Amtrak Northeast Corridor,* 937 F. Supp. 1110, 1113-14 (D.N.J. 1996), *aff'd,* 118 F.3d 1575 (3d Cir. 1997).

7. Accordingly, this Court has federal question jurisdiction over this case. *See e.g., Davidson v. National R.R. Passenger Co,* No. Civil A. 00-1226, 2000 LEXIS 8707,

\* 8 (E.D. Pa. June 9, 2000) ("As Amtrak is a federally-chartered corporation whose stock is wholly owned by the federal government, this Court has original subject matter jurisdiction . . . under 28 U.S.C. §§ 1331, and 1349"); *Hollus, supra,* 937 F. Supp. at 1113 ("because a majority of the capital stock of Amtrak is owned by the United States, the federal courts have subject matter jurisdiction over any action involving Amtrak"); *Wyant v. National R.R. Passenger Co.,* 881 F. Supp. 919, 924 (S.D.N.Y. 1995) ("[I]t is well-settled that federal courts have federal question jurisdiction over suits by and against Amtrak under 28 U.S.C. § 1331"); *Wormley v. Southern Pacific Transp. Co,* 863 F. Supp. 382, 384 (E.D. Tex. 1994) ("It is undisputed that the United States owns more than half of Amtrak's capital stock").

8.  This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed less than thirty days from September 19, 2005, the date upon which defendant Amtrak received notice of the Second Amended Complaint. No previous Notice of Removal has been filed or made to this Court for the relief found herein.

WHEREFORE, defendant Amtrak removes said civil action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

Dated: September 29, 2005                    Respectfully submitted,

*/s/ Keith Fischler*
_____
Keith Fischler (Bar No. 377601)
Kruchko & Fries
1750 Tysons Boulevard, Suite 560
McLean, VA 22102
(703) 734-0554
(703) 734-0876 (fax)

Desmond McIlwain
National Railroad Passenger Corporation
60 Massachusetts Avenue, N.E.
Washington, D.C. 20002
(202) 906-3296
(202) 906-2821 (fax)

Counsel for Defendant
National Railroad Passenger Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, I caused a copy of the foregoing Defendant National Railroad Passenger Corporation's Removal of Action Under 28 U.S.C. § 1331 to be served by first-class mail, postage prepaid on

> Leizer Z. Goldsmith
> 1900 L Street, N.W., Suite 614
> Washington, D.C. 20036

*[signature]*