**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
08/30/2005
Log Number 510500522

**TO:**     John Carten
National Railroad Passenger Corporation
60 Massachusetts Avenue, NE
Washington, DC, 20002

**RE:**     **Process Served in District of Columbia**

**FOR:**    National Railroad Passenger Corporation (Domestic State: DC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | David B Stevens, Pltf. vs. National Railroad Passenger Corporation ("Amtrak"), Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Initial Order, Summons, Complaint, Jury Trial Demanded, Notice of Appearance, Motion to Leave for Amend Complaint, Proposed Order and First Amended Complaint |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, DC Case # 2005 CA 005195 B |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Failure to Provide Medical Leave in Violation of DC Code 32-503 and 32-507 and Unlawful Discrimination Based on Diasability in Violation of DC Code 2-1402.11. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/30/2005 at 10:20 |
| **APPEARANCE OR ANSWER DUE:** | 20 Days |
| **ATTORNEY(S) / SENDER(S):** | David B. Stevens 4824 Fort Totten Drive, NE Apt. 104 Washington, DC, 20011 202-257-5441 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 790136333652 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Mark Diffenbaugh |
| **ADDRESS:** | 1015 15th Street, N.W. Suite 1000 Washington, DC, 20005 |
| **TELEPHONE:** | 202-572-3133 |

**RECEIVED**
Amtrak

2005-00587

AUG 3 1 2005

ALICIA M. SERFATY
GENERAL COUNSEL AND
CORPORATE SECRETARY

Page 1 of  1 / MD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

DAVID B STEVENS
    Vs.                                       C.A. No.       2005 CA 005195 B
NATIONAL RAILROAD PASSENGER CORPORATION

### INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once,** with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge FREDERICK H. WEISBERG

Initial Conference: 9:30 am, Friday, October 14, 2005
Location:   Courtroom 318
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

| David B. Stevens |
| *Plaintiff* |

VS.

Civil Action No. **0005195**

| National Railroad Passenger Corporation |
| *Defendant* |

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| David B. Stevens |
Name of Plaintiff's Attorney

| 4824 Fort Totten Drive, NE Apt. 104 |
Address

| Washington, DC 20011 |

| (202) 257-5441 |
Telephone

By _____ Deputy Clerk

Date 7 - 6 - 05

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-454/Mar. 91

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IN THE SUPERIOR COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| David B. Stevens<br>3801 V Street, SE Apartment 102<br>Washington, DC 20020<br><br>        Plaintiff,<br><br>and<br><br>Mae Whitley<br>823 Glen Allen Drive<br>Baltimore, MD 21229<br><br><br><br>        v.<br><br>National Railroad Passenger Corporation<br>("Amtrak")<br>60 Massachusetts Avenue, NW<br>Washington, D.C. 20002,<br><br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 2005 CA 005195B<br>)<br>)<br>) Judge Weisberg<br>)<br>) Next Event: Initial Conference,<br>) October 14, 2005<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SECOND AMENDED COMPLAINT

(Retaliation and Sex Discrimination in Violation of the D.C. Human Rights Act

COME NOW the Plaintiffs, alleging as follows:

### I.    PARTIES

1.    Plaintiff David B. Stevens ("Stevens" or "Plaintiff") is a resident of the District of Columbia and a former employee of Amtrak.

2.    Plaintiff Mae E. Whitley ("Whitley" or "Plaintiff") is a resident of Maryland and a former employee of Amtrak.

3.    At all times relevant to this action, Stevens was a Coach Cleaner for National Railroad Passenger Corporation ("Amtrak") at Union Station (50

Massachusetts Avenue, NE, Washington, DC), and at Service and Inspection (1401 W Street, NE Washington, DC).

4.      At all times relevant to this action, Whitley was a Foreman I at Service and Inspection (1401 W Street, NE, Washington, DC).

5.      Amtrak is a passenger rail carrier that operates in, among other places, the District of Columbia.

## II.      JURISDICTION AND VENUE

The Court has jurisdiction of this matter pursuant to the D.C. Human Rights Act. Venue is proper in the District of Columbia, because this case arises out of Plaintiffs employment by Defendant within the District of Columbia.

## III.      EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      Stevens was not required to exhaust any particular administrative remedies in order to bring the claims set forth herein.  Accordingly, Stevens is now free to exercise his private right of action and to obtain a trial de **novo**.

7.      On February 8, 2005, Whitley filed a charge with the Equal Employment Opportunity Commission, which was cross-filed with the District of Columbia Office of Human Rights.  Exhibit 1.  Because no investigation has taken place and she seeks to file her suit, Whitley has withdrawn her OHR complaint.  See Exhibit 2.  Accordingly, Whitley is free to file her suit under D.C. Code 2-1403.16, and her statute of limitations was tolled from February 8, 2005 to September 15, 2005.

## IV.      FACTS SUPPORTING STEVENS' CLAIMS

8.      Stevens entered on duty for Amtrak on or about February 28, 1990.

9.      Between 1990 and 2004, Stevens routinely received positive feedback concerning his work performance.

10.     Prior to the events described in this Complaint, Stevens has never been accused of wrongdoing on the job, and never been threatened with termination.

11.     On or before February 26, 2004, Shirley Snyder, a co-worker, inappropriately divulged Stevens' HIV status to other Amtrak employees.

12.     Additionally, she told coworkers that Stevens had AIDS, even though she had no reason to come to that conclusion.

13.     Upon learning of this infraction, Stevens immediately approached his supervisor, B.L. Campbell, Assistant Superintendent at Amtrak, concerning the situation.

14.     B.L. Campbell failed to take any steps to prevent this information from being provided to additional coworkers.

15.     Following the spread of this information, Stevens' coworkers and immediate supervisors began treating him poorly, including, but not limited to, refusing to shake his hand, assigning him harsher and dirtier work than was assigned to his colleagues, and refusing to provide him necessary assistance on projects that would ordinarily require two or more employees.

16.     Stevens complained to the Diversity Office concerning the hostile work environment he was receiving.

17.     On one occasion, Stevens took a much-needed break after cleaning an extraordinarily dirty bathroom. Joseph Savoy ("Savoy"), the general foreman, finding Stevens' on a break, insisted that he either "return to work" or "be put out of service." Savoy maintained his position even after Stevens informed him of the discriminatory treatment and harassment Stevens was receiving.

18.    Prior to this occasion, Savoy knew that Stevens was undergoing ongoing medical treatment.

19.    Following a series of harassing incidents, culminating in Savoy's refusal to intervene, Stevens consulted his mental health professional, Eric LeHot, who advised him to remain out of work.

20.    On April 9, 2004, LeHot submitted a letter to Amtrak's medical department to this effect, advising them that Stevens would not be returning to work until LeHot instructed him to do so, asserting that Stevens was being subjected to a hostile work environment on account of his medical status, and requesting reassignment to accommodate Stevens' resulting mental health situation.

21.    Stevens provided this letter to Michael Copella, the master superintendent.

22.    Copella failed to offer to help Stevens locate an alternate position.

23.    On or about April 19, 2004, Stevens learned that one of LeHot's letters had been forwarded to Savoy, Campbell, and Lisa Coleman (DRO office) even though none of these individuals had a legitimate business reason to receive LeHot's letters

24.    On or around May 21, 2004, through counsel, Stevens complained about the discriminatory hostile work environment and the distribution of his privileged information.

25.    On or around May 30, 2004, Bernard Campbell threatened to harm Stevens due to Stevens' protected activities.

26.    On or about June 21, 2004, Stevens, through a letter drafted by his then-attorney, sought reasonable accommodation for his disability (depression and bipolar

4

disorder). That same letter additionally asserted that Stevens was undergoing an unlawfully hostile work environment.

27.     On or about June 23, 2004, Stevens filed a charge of discrimination w th the United States Equal Employment Opportunity Commission.

28.     On July 26, 2004, Malva Reid of Amtrak Health Services denied Stevens' accommodation request. In so denying, Amtrak failed to give justification for such denial.

29.     On July 1, July 23, and August 20, 2004, Assistant Superintendent Bernard Campbell wrote Stevens requesting further medical documentation. Each of these letters threatened Stevens with termination. However, Stevens was never fired for failing to provide sufficient medical documentation.

30.     Campbell did not request this supplemental medical documentation prior to Stevens' counsel's letter or before Stevens filed his discrimination charge with the EEOC.

31.     On or by September 13, 2004, Stevens sought to return to work. He was instructed to take a medical exam as a condition of returning to employment.

32.     Following a urine test on or about December 13, 2004, at Concentra Medical Center, he was instructed by Concentra staff that his urine's temperature was "out of range."

33.     In keeping with medical instructions previously provided Stevens, and due in part to Concentra's failure to provide immediate medical attention to him, Stevens informed Concentra that he was leaving to go to an Emergency Room after waiting over 90 minutes for Concentra to proceed with completing the urine testing

34.    In December 2004, Amtrak terminated Stevens' employment without ever asking him to return to Concentra to complete the urine testing.

35.    Amtrak has asserted that Stevens' termination was motivated at least in part by his having left Concentra's facility on or about December 13, 2004, without having his urine re-tested.

### V.    FACTS SUPPORTING WHITLEY'S CLAIMS

36.    Whitley entered on duty with Amtrak on or about August 1, 1977.

37.    In 2003, Whitley filed a complaint for employment discrimination in violation of Title VII in the United States District Court for the District of Columbia. The case was before Judge Royce C. Lamberth, and had the case number: 1:03cv00636.

38.    During the course of that litigation, in November and December 2003, Whitley, through her attorney, vigorously opposed the discrimination that had previously been practiced against her by AMTRAK supervisors including Frank Covers and Daryl Pesce, including by deposing management personnel including Bernard Campbell, Frank Covers, Daryl Pesce, Micael Kapela, and Althera Stiggers.

39.    On March 16, 2004, Whitley opposed AMTRAK's motion for summary judgment in her ongoing litigation.

40.    On June 9, 2004, summary judgment was granted and Whitley's federal court case was dismissed.

41.    On July 9, 2004, Whitley filed a notice of appeal with the United States Court of Appeals for the D.C. Circuit.

42.    Whitley applied for the position of Foreman II, which would have been a substantial promotion for her including an increase in pay and benefits.

43.    There were 9 available positions for which Whitley could have been selected.

44.    On or about August 19, 2004, just two months after her case was dismissed and a month after she filed her notice of appeal, Whitley's promotion application was rejected in favor of nine other selectees.

45.    Most if not all of the selectees were less qualified that Whitley.

46.    Most of the selectees were men.

47.    Upon information and belief, none of the selectees had previously filed a discrimination lawsuit against Defendant or otherwise participated in a discrimination complaint or opposed discrimination.

48.    Whitley was retaliated against by non-promotion, through Defendant's rejection of her application for promotion.

49.    Bernard Campbell and Mr. Kapela participated in the selections.

## VI.    STATEMENT OF CLAIM

**COUNT ONE:    UNLAWFUL RETALIATION PRACTICED AGAINST PLAINTIFF STEVENS IN VIOLATION OF THE D.C. HUMAN RIGHTS ACT, §2-1402.61.**

50.    Plaintiff adopts and incorporates by reference paragraphs 1-49 above.

51.    The D.C. Human Rights Act, §2-1402.61, forbids retaliation based on protected opposition to discriminatory practices.

52.    As summarized above, Stevens engaged in various acts of protected protest against discrimination and failures to provide reasonable accommodation., including but not limited to correspondence from his lawyer to defendant, verbally complaining to his supervisors, verbally protesting to the Amtrak Diversity Office and filing a charge of discrimination at the Equal Employment Opportunity Commission.

53.    Defendant's actions, as described above, caused serious financial har n to

Plaintiff Stevens, including lost wages and employment benefits, and severe emotio ial

harm.

### COUNT TWO:    UNLAWFUL RETALIATION PRACTICED AGAIN!iT PLAINTIFF WHITLEY, IN VIOLATION OF THE D.C. HUMAN RIGHTS ACT, §2-1402.61

54.    Plaintiffs adopt and incorporate by reference paragraphs 1-53 above.

55.    As summarized above, Plaintiff Whitley sued Defendant for employi nent

discrimination, in an action that was actively litigated in the United States District C ourt

for the District of Columbia during the first half of 2004, and which was dismissed i 1

June 2004.

56.    She filed her notice of appeal on July 9, 2004.

57.    In August 2004, Defendants, through their agents including Bernard

Campbell, retaliated against her in refusing to promote her despite her qualification ;.

58.    Defendant's actions, as described above, caused serious financial har n to

Plaintiff Whitley, including lost wages and employment benefits, and severe emotic nal

harm.

### COUNT THREE:    UNLAWFUL SEX DISCRIMINATION PRACTICEL AGAINST PLAINTIFF WHITLEY, IN VIOLATION OF THE D.C. HUMA V RIGHTS ACT

59.    Plaintiffs adopt and incorporate by reference paragraphs 1-58 above.

60.    As summarized above, in August 2004, Plaintiff Whitley was denied

promotion by Defendant, through its agents including Bernard Campbell, in favor c f

several less qualified male employees.

61.    Defendant's actions, as described above, caused serious financial harm to Plaintiff Whitley, including lost wages and employment benefits, and severe emotional harm.

## REMEDIES

WHEREFORE, the Plaintiffs pray that the Court grant him the following relief:

a.    A declaratory judgment that Defendant's conduct violated their rights.

b.    Compensatory damages against Defendant, for emotional, non-pecuniary harm resulting as a consequence of Defendant's unlawful actions, in a precise amount to be determined by the jury;

c.    Compensatory damages, for consequential financial harms incurred by Plaintiffs as a result of Defendant's unlawful actions, including, but not limited to lost wages, retirement and other benefits;

d.    Punitive damages, in an amount to be determined by the jury;

e.    Reinstatement of Plaintiff Stevens to employment if he elects to return;

f.    Prejudgment and post-judgment interest;

g.    Reasonable attorneys' fees, expenses and costs, as specifically allowed under the Human Rights Act, to be calculated by the Court pursuant to the established procedures and precedents; and

h.    Such other relief as the court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues of fact and damages raised in this case.

Respectfully submitted,

THE GOLDSMITH LAW FIRM, LLC

Leizer Z. Goldsmith    D.C. Bar No. 419544
1900 L Street, N.W. Suite 614
Washington, D.C. 20036
Tel:    202-775-0040
Fax:    202-318-0798

Attorney for Plaintiffs Stevens and Whitley

IN THE SUPERIOR COURT
FOR THE
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| David B. Stevens<br>3801 V Street, SE Apartment 102<br>Washington, DC 20020<br><br>Plaintiff,<br><br>v.<br><br>National Railroad Passenger Corporation<br>("Amtrak")<br>60 Massachusetts Avenue, NW<br>Washington, D.C. 20002,<br><br>Defendant. | Civil Action No. 2005 CA 005195B<br><br>Judge Weisberg<br><br>JURY TRIAL DEMANDED |

### FIRST AMENDED COMPLAINT

(Unlawful Retaliation in Violation of the D.C. Human Rights Act)

COMES NOW the Plaintiff, David B. Stevens, alleging as follows:

### I.    PARTIES

1.    Plaintiff David B. Stevens ("Stevens" or "Plaintiff") is a resident of the District of Columbia and a former employee of Amtrak.

2.    At all times relevant to this action, Stevens was a Coach Cleaner for National Railroad Passenger Corporation ("Amtrak") at Union Station (50 Massachusetts Avenue, NE, Washington, DC), and at Service and Inspection (1401 W Street, NE Washington, DC, Washington, D.C).

3.    Amtrak is a passenger rail carrier that operates in, among other places, the District of Columbia.

## II.    JURISDICTION AND VENUE

The Court has jurisdiction of this matter pursuant to the D.C. Human Rights Act.

Venue is proper in the District of Columbia, because this case arises out of Plaintiff's

employment within the District of Columbia.

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      Stevens was not required to exhaust any particular administrative

remedies in order to bring the claims set forth herein.  Accordingly, Stevens is now free

to exercise his private right of action and to obtain a trial de novo.

## IV.    FACTS SUPPORTING STEVENS' CLAIMS

7.      Stevens entered on duty for Amtrak on or about February 28, 1990.

8.      Between 1990 and 2004, Stevens routinely received positive feedback

concerning his work performance.

9.      Prior to the events described in this Complaint, Stevens has never been

accused of wrongdoing on the job, and never been threatened with termination.

10.      On or before February 26, 2004, Shirley Snyder, a co-worker,

inappropriately divulged Stevens' HIV status to other Amtrak employees.

11.      Additionally, she told coworkers that Stevens had AIDS, even though she

had no reason to come to that conclusion.

12.      Upon learning of this infraction, Stevens immediately approached his

supervisor, B.L. Campbell, Assistant Superintendent at Amtrak, concerning the

situation.

13.      B.L. Campbell failed to take any steps to prevent this information from

being provided to additional coworkers.

14.    Following the spread of this information, Stevens' coworkers and immediate supervisors began treating him poorly, including, but not limited to, refusing to shake his hand, assigning him harsher and dirtier work than was assigned to his colleagues, and refusing to provide him necessary assistance on projects that would ordinarily require two or more employees.

15.    Stevens complained to the Diversity Office concerning the hostile work environment he was receiving.

16.    On one occasion, Stevens took a much-needed break after cleaning an extraordinarily dirty bathroom.  Joseph Savoy ("Savoy"), the general foreman, finding Stevens' on a break, insisted that he either "return to work" or "be put out of service." Savoy maintained his position even after Stevens informed him of the discriminatory treatment and harassment Stevens was receiving.

17.    Prior to this occasion, Savoy knew that Stevens was undergoing ongoing medical treatment.

18.    Following a series of harassing incidents, culminating in Savoy's refusal to intervene, Stevens consulted his mental health professional, Eric LeHot, who advised him to remain out of work.

19.    On April 9, 2004, LeHot submitted a letter to Amtrak's medical department to this effect, advising them that Stevens would not be returning to work until LeHot instructed him to do so, asserting that Stevens was being subjected to a hostile work environment on account of his medical status, and requesting reassignment to accommodate Stevens' resulting mental health situation.

20.    Stevens provided this letter to Michael Copella, the master superintendent.

3

21.     Copella failed to offer to help Stevens locate an alternate position.

22.     On or about April 19, 2004, Stevens learned that one of LeHot's letters had been forwarded to Savoy, Campbell, and Lisa Coleman (DRO office) even though none of these individuals had a legitimate business reason to receive LeHot's letters.

23.     On or around May 21, 2004, through counsel, Stevens complained about the discriminatory hostile work environment and the distribution of his privileged information.

24.     On or around May 30, 2004, Bernard Campbell threatened to harm Stevens due to Stevens' protected activities.

25.     On or about June 21, 2004, Stevens, through a letter drafted by his then-attorney, sought reasonable accommodation for his disability (depression and bipolar disorder). That same letter additionally asserted that Stevens was undergoing an unlawfully hostile work environment.

26.     On or about June 23, 2004, Stevens filed a charge of discrimination with the United States Equal Employment Opportunity Commission.

27.     On July 26, 2004, Malva Reid of Amtrak Health Services denied Stevens' accommodation request. In so denying, Amtrak failed to give justification for such a denial.

28.     On July 1, July 23, and August 20, 2004, Assistant Superintendent Bernard Campbell wrote Stevens requesting further medical documentation. Each of these letters threatened Stevens with termination. However, Stevens was never fired for failing to provide sufficient medical documentation.

29.    Campbell did not request this supplemental medical documentation prior to Stevens' counsel's letter or before Stevens filed his discrimination charge with the EEOC.

30.    On or by September 13, 2004, Stevens sought to return to work. He was instructed to take a medical exam as a condition of returning to employment.

31.    Following a urine test on or about December 13, 2004, at Concentra Medical Center, he was instructed by Concentra staff that his urine's temperature was "out of range."

32.    In keeping with medical instructions previously provided Stevens, and due in part to Concentra's failure to provide immediate medical attention to him, Stevens informed Concentra that he was leaving to go to an Emergency Room after waiting over 90 minutes for Concentra to proceed with completing the urine testing.

33.    In December 2004, Amtrak terminate Stevens' employment without ever asking him to return to Concentra to complete the urine testing.

34.    Amtrak has asserted that Stevens' termination was motivated at least in part by his having left Concentra's facility on or about December 13, 2004, without having his urine re-tested.

## VI.    STATEMENT OF CLAIM

**COUNT ONE:**    **UNLAWFUL RETALIATION IN VIOLATION OF THE D.C. HUMAN RIGHTS ACT, §2-1402.61.**

35.    Plaintiff adopts and incorporates by reference paragraphs 1-34 above.

36.    The D.C. Human Rights Act, §2-1402.61, forbids retaliation based on protected opposition to discriminatory practices.

5

37.    As summarized above, Stevens engaged in various acts of protected protest against discrimination and failures to provide reasonable accommodation., including but not limited to correspondence from his lawyer to defendant, verbally complaining to his supervisors, verbally protesting to the Amtrak Diversity Office and filing a charge of discrimination at the Equal Employment Opportunity Commission.

38.    Defendants then discriminated against Stevens and fired him, asserting false, pretextual reasons as explanation.

39.    Defendant's actions, as described above, caused serious financial harm to Plaintiff, including lost wages and employment benefits, and severe emotional harm.

## REMEDIES

WHEREFORE, the Plaintiff pray that the Court grant him the following relief:

a.    A declaratory judgment that Defendant's conduct violated his rights.

b.    Compensatory damages against Defendant, for emotional, non-pecuniary harm resulting as a consequence of Defendant's unlawful actions, in a precise amount to be determined by the jury;

c.    Compensatory damages, for consequential financial harms incurred by Plaintiff as a result of Defendants' unlawful actions, including, but not limited to lost wages and benefits;

d.    Punitive damages, in an amount to be determined by the jury;

e.    Reinstatement to employment;

f.    Prejudgment and post-judgment interest;

g.     Reasonable attorneys' fees, expenses and costs, as specifically allowed under the Human Rights Act, to be calculated by the Court pursuant to the established procedures and precedents; and

h.     Such other relief as the court shall deem just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues of fact and damages raised in this case.

Respectfully submitted,

THE GOLDSMITH LAW FIRM, LLC

Leizer Z. Goldsmith
1900 L Street N.W. Suite 614
Washington, D.C. 20036
202-775-0040 (phone)
202-318-0798 (fax)
lgoldsmith@goldsmithfirm.com

SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

David B. Stevens
4824 Fort Totten Drive, NE Apt. 104
Washington, DC 20011

    Plaintiff,

    v.

National Railroad Passenger Corporation
("Amtrak")
60 Massachusetts Avenue, NW
Washington, D.C. 20002,

    Defendants.



Civil Action No.  05-0005195

JURY TRIAL DEMANDED

---

### COMPLAINT

(Unlawful discrimination based on disability and violation of Family Medical Leave Act)

COMES NOW the Plaintiffs, David B. Stevens, alleges as follows:

### I.  PARTIES

1.  Plaintiff David B. Stevens ("Stevens" or "Plaintiff") is a resident of the District of Columbia and a former employee of Amtrak.

2.  At all times relevant to this action, Stevens was a Coach Cleaner for National Railroad Passenger Corporation ("Amtrak") at Union Station (50 Massachusetts Avenue, NE, Washington, DC) and at Service and Inspection (1401 V Street, NE Washington, DC, Washington, D.C).

3.  Amtrak is a passenger rail carrier that does operates in, among other places, the District of Columbia.

## II.    JURISDICTION AND VENUE

4.    The Court has jurisdiction of this matter pursuant to the District of Columbia Code. D.C. Code § 32-510 (Family Medical Leave).

5.    Venue is proper in the District of Columbia, because this case arises out of Plaintiff's employment and Defendant's failure to comply with the laws of the District of Columbia.

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.    Stevens filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") on June 23, 2004.

7.    EEOC issued a "right to sue" letter on April 7, 2005. Therefore, Stevens is now free to exercise his private right of action in the Superior Court and to obtain a trial de novo.

## IV.    Facts Supporting Stevens' claims

8.    Stevens began working for Amtrak on or about February 28, 1990.

9.    Between 1990 and 2004, Stevens routinely received positive feedback concerning his work performance.

10.    Prior to the events described in this Complaint, Stevens has never been accused of wrongdoing, and never been threatened with termination.

11.    On or before February 26, 2004, Shirley Snyder, a co-worker, inappropriately divulged Stevens' HIV status to other Amtrak employees.

12.    Additionally, she inappropriately told coworkers that Stevens had AIDS even though she had no reason to come to that conclusion.

13. Upon learning of this infraction, Steven's immediately approached his supervisor, B.L. Campbell, Assistant Superintendent at Amtrak, concerning the situation.

14. B.L. Campbell failed to take any steps to prevent this information from being provided to additional coworkers.

15. Following the spread of this information, Stevens' coworkers and immediate supervisors began treating him poorly, including, but not limited to, refusing to shake his hand, assigning him harsher and dirtier work than assigned his colleagues, and refusing to provide him necessary assistance on projects that would ordinarily require two or more employees.

16. On one occasion, Stevens' took a much-needed break after cleaning an extraordinarily dirty bathroom. Joseph Savoy ("Savoy"), the general foreman, finding Stevens' on a break, insisted that he either "return to work" or "be put out of service." Savoy maintained his position even after Stevens's informed him of the discriminatory treatment and harassment Stevens was receiving.

17. Prior to this occasion, Savoy knew that Stevens was undergoing ongoing medical treatment.

18. Following a series of harassing incidents, culminating in Savoy's refusal to intervene, Stevens consulted his mental health professional, Eric LeHot, who advised him to remain out of work.

19. On April 9, 2004, LeHot submitted a letter to Amtrak's medical department to this effect, advising them that Stevens would not be returning to work until LeHot instructed him to do so.

20. Stevens provided this letter to Michael Kapela, the master superintendent.

21.      During May and/or June 2004, LeHot informed Amtrak's medical department that reassigning Stevens to another (non-discriminatory) environment would facilitate Stevens' return to work.

22.      Copella failed to offer to help Stevens locate an alternate position.

23.      On or about April 19, 2004, Stevens learned that one of LeHot's letters had been forwarded to Savoy, Campbell, and Lisa Coleman (DRO office) even though none of these individuals had a legitimate business reason to receive LeHot's letters.

24.      On or about June 21, 2004, Stevens, through his attorney, sought reasonable accommodation for his disability (depression and bipolar disorder). That same letter additionally asserted that Stevens was undergoing an unlawfully hostile work environment, ultimately stemming from an unauthorized disclosure of his HIV status.

25.      On July 26, 2004, Malva Reid of Amtrak Health Services denied Stevens' accommodation request. In so denying, Amtrak failed to give justification for such a denial, despite having such a requirement laid out in the Code of Federal Regulations.

26.      On July 1, July 23, and August 20, 2004, Assistant Superintendent Bernard Campbell wrote Stevens requesting further medical documentation. Each of these letters threatened Stevens with termination.

27.      Campbell did not request medical documentation prior to Stevens' filing a charge with EEOC.

28.      On or by September 13, 2004, Stevens sought to return to work. He was instructed to take a medical exam as a condition of returning to employment.

4

29.     Following a urine test on or about December 13, 2004, at Concentra Medical

Center, he was instructed that his urine's temperature was "out of range."

30.     In keeping with medical instructions previously provided Stevens, Stevens

sought immediate medical attention, eventually requiring him to leave the Concerta

for an Emergency Room.

31.     Due to Concentra's failure to provide immediate medical attention to him,

Stevens left to go to an Emergency Room after waiting over 90 minutes.

32.     In December 2004, Amtrak determined that it would not allow Stevens to

return to work, and would terminate his employment.

## VI.    STATEMENT OF CLAIM

**COUNT ONE:**    **FAILURE TO PROVIDE MEDICAL LEAVE IN
VIOLATION OF DC CODE §32-503 and §32-507**

33. Plaintiff adopts and incorporates by reference paragraphs 1-32 above.

34. DC Code §32-503 requires employers to provide 16 weeks of medical leave

when legitimate medical conditions require it.

35. DC Code  §32-507 prohibits employers from interfering with or denying the

appropriate exercise of an employee's right to medical leave.

36. As summarized above, Defendant violated DC Code §32-503 and 507 by

failing to provide Stevens medical leave upon his initial request.

37.     Defendant's actions, as described above, caused serious financial harm to

Plaintiff, including lost wages, employment benefits, and severe emotional harm.

COUNT TWO:    UNLAWFUL RETALIATION IN VIOLATION OF DC
CODE §32-503 and §32-507

38. Plaintiff adopts and incorporates by reference paragraphs 1-37 above.

39. DC Code §32-507 prohibits discharging or discriminating against an employee because he has filed a charge of discrimination or opposed activity made unlawful by 32-507.

40. As summarized above, Defendant threatened termination and demanded excessive documentation regarding Stevens' medical condition due to his filing a charge of discrimination.

41. Defendant's actions, as described above, caused serious financial harm to Plaintiff Stevens, including lost wages, employment benefits, and severe emotional harm.

COUNT THREE:    UNLAWFUL DISCRIMINATION BASED ON
DISABILITY IN VIOLATION OF DC CODE §2-1402.11.

42. Plaintiff adopts and incorporates by reference paragraphs 1-41 above.

43. DC Code §2-1402.11 prohibits discrimination based on disability.

44. As shown above, Defendant discriminated against Plaintiff due to his disability by creating a hostile environment due to his disability, failing to accommodate his disability, and failing to prevent harassment relating to his disability and perceived disability.

45. Defendant's actions, as described above, caused serious financial harm to Plaintiff Stevens, including lost wages, employment benefits, and severe emotional harm.

6

COUNT FOUR:        UNLAWFUL RETALIATION IN VIOLATION OF §2-1402.61.

46. Plaintiffs adopt and incorporate by reference paragraphs 1-45 above.

47. DC Code §2-1402.61 prohibits discharging or discriminating against an employee because he has filed a charge or opposed activity made unlawful by Code §2-1402.11.

48. As shown above, Defendant discriminated against Stevens by harassing him and ultimately terminating him due to his charging Amtrak with discrimination due to disability.

49.     Defendant's actions, as described above, caused serious financial harm to Plaintiff Stevens, including lost wages, employment benefits, and severe emotional harm.

<u>REMEDIES</u>

50.     **WHEREFORE**, the Plaintiff pray that the Court grant him the following relief:

a.     A declaratory judgment that Defendant's conduct violated his rights

b.     Compensatory damages against Defendant, for emotional, non-pecuniary harm resulting as a consequence of Defendant's unlawful actions, in a precise amount to be determined by the jury;

c.     Compensatory damages, for consequential financial harms incurred by Plaintiff as a result of Defendants' unlawful actions, including, but not limited to lost wages and benefits;

d.     Punitive damages, in an amount to be determined by the jury;

e.     Reinstatement to employment;

7

f.    Prejudgment and post-judgment interest;

g.    Reasonable attorneys' fees, expenses and costs, as specifically allowe 1

under the Human Rights Act, to be calculated by the Court pursuant to

the established procedures and precedents; and

h.    Such other relief as the court shall deem just and proper.

### JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues of fact and damages raised in t is

case.

Respectfully submitted,

David B. Stevens
4824 Fort Totten Drive, NE
Apartment 104
Washington, DC 20011

IN THE SUPERIOR COURT
FOR THE
DISTRICT OF COLUMBIA

David B. Stevens )
3801 V Street, SE Apartment 102 )
Washington, DC 20020 )
)
Plaintiff, )
)
v. )        Civil Action No. 2005 CA 005195B
)
)        Judge Weisberg
National Railroad Passenger Corporation )
("Amtrak") )        JURY TRIAL DEMANDED
60 Massachusetts Avenue, NW )
Washington, D.C. 20002, )
)
)
Defendant. )

## NOTICE OF APPEARANCE

Please enter the appearances of Leizer Z. Goldsmith (D.C. Bar No. 419544), a

members in good standing of the bar of this Court, on behalf of the Plaintiff in the

above-captioned case.

Respectfully submitted,

THE GOLDSMITH LAW FIRM, LLC

Leizer Z. Goldsmith
1900 L Street N.W. Suite 614
Washington, D.C. 20036
202-775-0040 (phone)
202-318-0798 (fax)
lgoldsmith@goldsmithfirm.com

IN THE SUPERIOR COURT
FOR THE
DISTRICT OF COLUMBIA

David B. Stevens                                    )
3801 V Street, SE Apartment 102                     )
Washington, DC 20020                                )
                                                    )
            Plaintiff,                              )
                                                    )        Civil Action No. 2005 CA 005195B
            v.                                      )
                                                    )        Judge Weisberg
National Railroad Passenger Corporation             )
("Amtrak")                                          )        JURY TRIAL DEMANDED
60 Massachusetts Avenue, NW                         )
Washington, D.C. 20002,                             )
                                                    )
            Defendant.                              )

RECEIVED
Civil Clerk's Office
AUG 30 2005
Superior Court of the
District of Columbia
Washington, D.C.

## Motion for Leave to Amend Complaint

On July 6, 2005, David Stevens ("Plaintiff") filed a complaint against National

Railroad Passenger Corporation ("Amtrak"). Prior to serving the complaint on

Defendant, Plaintiff determined that his complaint had extraneous counts. For the

purpose of clarity, succinctness, and accuracy, Plaintiff is seeking to amend his

complaint.

Rule 15(a) provides that a party may amend his pleading once as a matter of

course at any time before a responsive pleading is served. Because Defendant has

not yet been served with the Complaint, leave of Court for this amendment shall be

freely granted.

Respectfully submitted,

THE GOLDSMITH LAW FIRM, LLC

Leizer Z. Goldsmith
1900 L Street N.W. Suite 614
Washington, D.C. 20036
202-775-0040 (phone)
202-318-0798 (fax)
lgoldsmith@goldsmithfirm.com

I hereby affirm that on the 30th day of August, 2005, a copy of Plaintiffs' Motion for Leave to File Amended Complaint, along with a copy of the Complaint, and the Amended Complaint, were served by hand-delivery upon the following:

CT Corporation System
C/o National Railroad Passanger Corporation
1015 15th Street, NW Ste 1000
Washington, DC 20005


Adam W. Marker

IN THE SUPERIOR COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| David B. Stevens )<br>3801 V Street, SE Apartment 102 )<br>Washington, DC 20020 )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>National Railroad Passenger Corporation )<br>("Amtrak") )<br>60 Massachusetts Avenue, NW )<br>Washington, D.C. 20002, )<br> )<br> )<br>Defendant. )<br> )| Civil Action No. 2005 CA 005195B<br><br>Judge Weisberg<br><br><u>JURY TRIAL DEMANDED</u> |

<u>ORDER</u>

Having reviewed Plaintiffs' Motion for Leave to Amend his Complaint, it

is hereby,

GRANTED.  It is hereby Ordered that the Plaintiff be allowed to amend

his Complaint.

_____

Judge Frederick H. Weisberg

Copies to:

Leizer Z. Goldsmith
The Goldsmith Law Firm, LLC
1900 L Street, NW STE 614
Washington, DC 20036


National Railroad Passenger Corporation
("Amtrak")
60 Massachusetts Avenue, NW
Washington, D.C. 20002

EEOC Form 5

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
- [ ] FEPA
- [X] EEOC

Agency(ies) Charge No(s): **100-2005-00510**

| D.C. Office Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| **Ms. Mae L. Whitley** | **(410) 566-5775** | **06-07-1955** |

Street Address | City, State and ZIP Code
**823 Glen Allen Drive Baltimore, MD 21229**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **AMTRAK** | **500 or More** | **(000) 906-4124** |

Street Address | City, State and ZIP Code
**60 Massachusetts Avenue N.E.,  Washington, DC 20001**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address | City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

- [ ] RACE
- [ ] COLOR
- [X] SEX
- [ ] RELIGION
- [ ] NATIONAL ORIGIN
- [X] RETALIATION
- [ ] AGE
- [ ] DISABILITY
- [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **08-19-2004**   Latest **08-19-2004**

- [ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I. I was hired by the above Respondent on August 1, 1977. My current position is a Foreman I. In 2002, I filed a discrimination complaint with the EEOC. Since that time, I have been denied training for the Foreman II position and a promotion to that position. On August 3, 2004, I applied for the Foreman II position which I had all of the requirement and qualification for the position; however, I was not selected. There were approximately nine available Foreman II positions. I was not selected for any of the positions; however, the positions were filled with male individuals who had less experience and qualifications than I had.**

**II. The respondent has not given me any reason for the above action.**

**III. I believe that I have been discriminated against because of my sex (female), in violation of Title VII of the Civil Rights Act of 1964, as amended, and in retaliation for filing a previous discrimination with the EEOC.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Feb 08, 2005** _____ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date     Charging Party Signature | Exhibit 1 |

WASHINGTON FIELD OFFICE EEOC
2005 FEB -8 P
1400 L ST N.W.
WASHINGTON D.C.

Mae Whitley
823 Glen Allen Drive
Baltimore, MD 21229

BY HAND

9/15/05

District of Columbia Office of Human Rights
441 4th Street, NW, Suite 570 North
Washington, DC, 20001

United States Equal Employment Opportunity Commission
Washington District Office
1801 L Street, NW
Washington, D.C. 20036

Re:   My charge: EEOC Charge No. 100-200500510; OHR Charge No. _____

To Whom It May Concern,

This is notification of the withdrawal of my charge of discrimination with the Office of Human Rights, and of my request for notice of right to sue from the EEOC. I seek to withdraw my administrative charges in order to file a civil action based on the same and additional allegations, as I have not been apprised of any investigation that may have occurred to date on my case.

Thank you for your attention to this matter.

Sincerely,

Mae Whitley

EEOC
WASHINGTON FIELD OFFICE
2005 SEP 15  P 3: 46
1400 L ST. NW
WASHINGTON D.C. 20005

Exhibit 2

I hereby affirm that on the 15th day of September, 2005, a copy of Plaintiffs' Motion for Leave to File Second Amended Complaint, and a copy of the Second Amended Complaint, were served by hand-delivery upon the following:

CT Corporation System
C/o National Railroad Passenger Corporation
1015 15th Street, NW Ste 1000
Washington, DC 20005

Adam W. Marker

3