IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID B. STEVENS<br>3801 V. Street, S.E.<br>Washington, D.C. 20020<br><br>and<br><br>MAE WHITLEY<br>823 Glen Allen Drive<br>Baltimore, MD 21229,<br><br>   Plaintiffs,<br><br>  v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION ("Amtrak")<br>60 Massachusetts Avenue, N.E.<br>Washington, D.C. 20002,<br><br>   Defendant. | Civil Action No. 1:05CV01924-RCL |

MEMORANDUM IN SUPPORT OF DEFENDANT
NATIONAL RAILROAD PASSENGER CORPORATION'S
<u>MOTION TO DISMISS PLAINTIFF MAE WHTILEY'S CLAIMS</u>

Plaintiff Mae Whitley's claim that she was improperly denied a promotion to a Foreman II position fails to state a viable cause of action. She was not qualified for promotion to the Foreman II title and has no basis to complain about Amtrak decision to choose other, better qualified candidates. In the alternative, Amtrak is entitled to summary judgment dismissing all of Plaintiff Whitley's claims.

<u>SUMMARY OF THE FACTS</u>

Plaintiff Mae Whitley was hired by Amtrak in September 1984 as a coach cleaner. Statement of Material Facts Not in Dispute in Support of Amtrak's Motion to Dismiss

Plaintiff Mae Whitley's Claims ("Whitley Statement") at 1. She was promoted to a Foreman I job in 1987. Whitley Statement at 2. In this position she supervised coach cleaners and utility workers. Whitley Statement at 3. For a period of time, she was detailed to a temporary Training position, but returned to her regular Foreman I position, which she holds at present. Whitley Statement at 4-5.

Ms. Whitley has applied unsuccessfully for promotion to a number of Foreman II positions. Second Amended Complaint at ¶¶ 42, 44, Whitley Statement at 6. This position supervises Amtrak's skilled craft employees. Extensive mechanical experience is prerequisite for the Foreman II title. Whitley Statement at 7-8. The successful candidates chosen in Ms. Whitley's place all had significant experience working in skilled craft positions. Whitley Statement at 13.

On March 7, 2003, Ms. Whitley filed a complaint with this Court, alleging that she had been subjected to retaliation, sexual harassment and gender discrimination. By Order dated, June 9, 2004, this Court granted summary judgment dismissing all of Ms. Whitley's claims. She appealed this decision and her appeal was dismissed. Whitley Statement at 14, 16. In August 2005, Ms. Whitley filed this claim in D.C. Superior Court. Second Amended Complaint. It was removed to this Court on September 29, 2005. Defendant National Railroad Passenger Corporation's Removal of action Under 28 U.S.C. § 1331.

I. MS. WHITLEY IS NOT QUALIFIED FOR A FOREMAN II POSITION

The Foreman II position requires experience in a skilled craft position. There are only way to obtain such experience: (1) to work in a skilled craft, or (2) to complete the Foreman II training course that Amtrak offered for a limited time. Whitley Statement at

8-9. The undisputed facts establish that Ms. Whitley has no such experience. Whitley Statement at 10.

In contrast, all of the employees who received promotions for Foreman II positions had experience in skilled crafts. Eleven employees were hired as Foreman II during 2004 and January 2005. Seven were internal candidates who received promotions. Of the seven, one was a carman, two were carmen mechanics, one was an engine mechanic, two were electricians and one was a machinist. Whitley Statement at 13.

The qualifications of the four external candidates are set out in detail in the chart attached as Exhibit B to the Declaration of Sarah Ray. All had substantial experience working in skilled craft positions. In summary, one of the successful external candidates worked as a group leader for a team performing mechanical modifications to the Acela High Speed Rail Train, one worked as an Assistant Chief Engineer and Director of Maintenance, one had more than twenty years of experience with two different airlines as a mechanic, and one worked as a maintenance supervisor supervising electrical and mechanical workers. *See* Exhibit B to Declaration of Sarah Ray.

Ms. Whitley's experience supervising coach cleaners is simply not comparable, nor does it meet the stated requirements of the posted positions. Statement at 10, *see* Exhibit A to Declaration of Sarah Ray. There is no dispute that she is not qualified for the Foreman II position. Moreover, in direct contradiction to the allegations stated in the

Second Amended Complaint, all eleven candidates selected (including the two women) were unequivocally better qualified than Ms. Whitley.[1] Whitley Statement at 11-12.

## II. MS. WHITLEY CANNOT COMPLAIN THAT SHE WAS NOT ALLOWED TO PARTICIPATE IN FOREMAN II TRAINING

For a period of time, Amtrak provided intensive training to employees who did not work with skilled craft employees to enable them to obtain promotions to the Foreman II title. Whitley Statement at 9. This training was intended in part to encourage women, who historically worked outside of the skilled craft titles, to obtain the necessary skills for promotion to Foreman II.

Ms. Whitley applied unsuccessfully for entry into the Foreman II training program. Amtrak selected several better qualified candidates, including three women. In 2001, the training program was discontinued for economic reasons.

Ms. Whitley challenged Amtrak's decision denying her request to participate in this training in her initial suit. Whitley Statement at 15. These claims were considered by the Court and dismissed. *See Whitley v. National Railroad Passenger Corp.*, Civil Action No. 03-00636 (RCL) (Memorandum Opinion June 9, 2004). Any attempt to resuscitate this claim would be barred by *res judicata*. *Rwanda v. Rwanda Working Group*, 227 F. Supp. 2d. 45, 69 (D.D.C. 2002) ("[r]es judicata bars a claim when there has been a final judgment on the merits in a prior suit involving the same parties or their privities and the same cause of action"), *aff'd in relevant part, Rwanda v. Johnson*, 409

---

[1] Ms. Whitley was also disqualified from consideration for promotion because she received discipline in April 2004. Under Amtrak policy, employees are ineligible for promotion for one year after they receive discipline. None of the successful candidates had received discipline during the relevant time period. Declaration of Sarah Ray at ¶¶ 18-20. Regardless of this disciplinary record, however, Amtrak could not have considered Ms. Whitley for the Foreman II position because of her lack of experience working with skilled crafts.

F.3d 368 (D.C. Cir. 2005) (*citing I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 232 U.S. App. D.C. 418, 723 F.2d 944, 946-47) (D.C. Cir. 1983)).

## CONCLUSION

For these reasons, Plaintiff's Mae Whitley's claims fail to state a cause of action. In the alternative, Amtrak is entitled to judgment as a matter of law dismissing these claims with prejudice.

Respectfully submitted,

*/s/ Keith Fischler*

Keith Fischler (Bar No. 377601)
Kruchko & Fries
1750 Tysons Boulevard, Suite 560
McLean, VA 22102
(703) 734-0554
(703) 734-0876 (fax)


Desmond McIlwain
National Railroad Passenger Corporation
60 Massachusetts Avenue, N.E.
Washington, D.C. 20002
(202) 906-3296
(202) 906-2821 (fax)

Counsel for Defendant
National Railroad Passenger Corporation

Dated: October 21, 2005