IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID B. STEVENS<br>3801 V. Street, S.E.<br>Washington, D.C. 20020<br><br>and<br><br>MAE WHITLEY<br>823 Glen Allen Drive<br>Baltimore, MD 21229,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION ("Amtrak")<br>60 Massachusetts Avenue, N.E.<br>Washington, D.C. 20002,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:05CV01924-RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF DAVID STEVENS'
CLAIMS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

The allegations stated Plaintiff David Stevens' Complaint contradict his claims in

the Second Amended Complaint.  Stevens asserts that Amtrak retaliated against him

because of his protected activity and terminated his employment.  He concedes, however,

that he committed misconduct and that Amtrak has informed him that this misconduct

caused his termination.  Taken on its face, the Complaint fails to state a cause of action

for which relief may be granted.  For this reason, Mr. Steven's claims should be

dismissed.

According to Mr. Stevens' Second Amended Complaint, he "was instructed to take a medical exam as a condition of employment" upon his return to work from a medical leave. Second Amended Complaint at ¶¶ 19, 31. As part of this medical examination, he produced a urine sample. This sample was adulterated. Second Amended Complaint at ¶ 32 ("his urine's temperature was 'out of range'").

Rather than providing another sample, Mr. Stevens left the medical facility, and refused to cooperate in a required drug testing event. Second Amended Complaint at ¶ 33; see 49 C.F.R. § 40.191 (an employee has refused to take a drug test if he/she fails to remain at the testing process until the testing process is complete or fails to cooperate with any part of the testing process). He was terminated as a result of this refusal. Statement of Material Facts Not In Dispute in Support of Defendant's Motion Tod Dismiss Plaintiff David B. Stevens' Claims ("Stevens Statement") at 5-8; Second Amended Complaint at ¶ 35 ("Amtrak has asserted that Stevens' termination was motivated at least in part by his having left Concentra's facility on or about December 13, 2004, without having his urine re-tested").

Under Amtrak's Drug and Alcohol Policy, an employee who refuses a drug and/or alcohol-testing event shall be terminated. Exhibit A to Declaration of B.L. Campbell, at ¶¶ 4.2.1.7, 4.2.2. Thus, under Stevens' characterization of the events leading to his termination, Amtrak complied with Company policy in responding to an instance of misconduct. The policy requires termination for such misconduct. Exhibit A to Declaration of Bernard Campbell at ¶ 4.2.2 ("[a]n employee found to have violated any provisions of this policy, except for actually testing positive on a drug and/or alcohol test

event or Prohibition 8, *shall result in the employee's termination from Amtrak in all capacities)* (emphasis added).

Thus, Mr. Stevens agrees that there was a legitimate, non-discriminatory basis for the decision to terminate his employment. Based on this concession, there is no basis for a claim of retaliation and Stevens' claims should be dismissed with prejudice.

Respectfully submitted,

Keith Fischler (Bar No. 377601)
Kruchko & Fries
1750 Tysons Boulevard, Suite 560
McLean, VA 22102
(703) 734-0554
(703) 734-0876 (fax)

Desmond McIlwain
National Railroad Passenger  Corporation
60 Massachusetts Avenue, N.E.
Washington, D.C. 20002
(202) 906-3296
(202) 906-2821 (fax)

Counsel for Defendant
National Railroad Passenger Corporation

Dated: October 21, 2005