IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| David B. Stevens<br><br>and<br><br>Mae Whitley,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>National Railroad Passenger Corporation ("Amtrak"),<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:05CV01924-RCL<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF DAVID STEVENS' OPPOSITION TO DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE, IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS**

1.　　On or about September 2004, plaintiff David B. Stevens sought to return to active duty from a medical leave of absence. Second Amended Complaint at ¶ 31.

　　**Admitted.**

2.　　Mr. Stevens was instructed to take a medical exam as a condition of employment. Second Amended Complaint at ¶ 31.

　　**Admitted.**

3.　　As part of this medical examination, he produced a urine sample. The temperature of this sample was outside the acceptable range. Second Amended Complaint at ¶ 32.

　　**Admitted that Stevens was told this at Concentra, but denied as to the remainder.**

1

    4.    Mr. Stevens then left the medical facility. Second Amended Complaint at ¶ 31.

**Denied as stated**.  Due to his HIV-positive status, Stevens believed that he might have been seriously ill if the temperature of his urine was not in a normal range.  His doctors told him that if his body temperature rose to above 100.5 degrees to immediately go to the hospital. Stevens only left the facility after waiting approximately an hour to be retested and then went immediately to the Emergency Room to seek medical treatment. Stevens Decl. ¶¶ 33-39.

    5.    Under Amtrak's drug and alcohol policy, Mr. Stevens' failure to remain at the facility and finish his drug test was considered a refusal to cooperate in a required drug testing event. Declaration of Bernard Campbell at ¶ 7.

**Denied.**  The Drug and Alcohol policy attached to Campbell's affidavit states only that "refusing a drug and/or alcohol-testing event" shall result in termination.  To the extent that the policy may have been in effect, it does not address a situation such as when a urine sample has already been provided or what would occur if an employee had to leave the facility in the event of an emergency.  Stevens did not refuse to remain at the facility. In fact, he remained for over an hour before becoming afraid for his safety and going immediately to the Emergency Room. Stevens Decl. ¶¶ 33-39.  Stevens has not yet had the opportunity to take discovery with regard to Defendant's policies.

    6.    Under Amtrak's drug and alcohol policy, an employee who refused to cooperate in a required drug testing even shall be terminated.  Declaration of Bernard Campbell at ¶ 7.

**Admitted in part; denied in part.** Admitted that Campbell's affidavit states that this is the policy; however, Stevens has not yet had the opportunity to take discovery with regard to Defendant's policies. Denied that Stevens refused to cooperate with a required drug testing.

7. Amtrak terminated Mr. Stevens' employment in compliance with the terms of the drug and alcohol policy. Declaration of Bernard Campbell at ¶ 8; Second Amended Complaint at ¶ 35 ("Amtrak has asserted that Stevens' termination was motivated at least in part by his having left Concentra's facility on or about December 13, 2004, without having his urine re-tested.").

**Denied.** Stevens did not refuse to comply with a drug-testing event and therefore, Amtrak could not have legitimately terminated his employment in accordance with its policies. Amtrak did, however, terminate Stevens, as Campbell threatened, for opposing Amtrak's discrimination. Stevens has not yet had the opportunity to take discovery with regard to Defendant's policies, so he cannot opine as to those.

8. There was no other reason for the decision to terminate Mr. Stevens' employment. Declaration of Bernard Campbell at ¶ 8.

**Denied.** Amtrak terminated Stevens' employment because of his complaints of hostile work environment and disability discrimination. Stevens Decl. ¶46.

    Respectfully submitted,

    THE GOLDSMITH LAW FIRM

    _____
    Leizer Z. Goldsmith
    D.C. Bar No. 419544
    1900 L Street, N.W., Suite 614
    Washington, D.C. 20036

                                                  Telephone: (202) 775-0040
                                                  Facsimile: (202) 318-0798
                                                  Attorney For Plaintiff

Dated: November 30, 2005