

*Georgetown University Law Center*

*Institute For Public Representation*

Hope M. Babcock
Angela J. Campbell
David C. Vladeck
Directors

Eric D. Albert+*
James A. Bachtell
Lisa Goldman
Karen Henein+**
Richard McKewen
Staff Attorneys

600 New Jersey Avenue, NW, Suite 312
Washington, DC 20001-2075
Telephone: 202-662-9535
TDD: 202-662-9538
Fax: 202-662-9634
Writer's Direct Dial: 202-662-9546
Writer's E-mail: rm322@law.georgetown.edu

June 21, 2004

**BY FEDERAL EXPRESS STANDARD OVERNIGHT**

Melissa Rogers, Esq.
National Railroad Passenger Corporation
Law Department
60 Massachusetts Ave.
Washington, DC 20002

          RE: David Stevens

Dear Ms. Rogers:

  Thank you for your letter dated June 3, 2004. As I indicated in our phone conversation on June 2, Mr. Stevens would like to return to Amtrak, but he will not return to the same department given its hostile work environment and his supervisors' unauthorized disclosures of his medical records.

  You suggested that one way Mr. Stevens may be able to return quickly to Amtrak is to apply to Amtrak's ADA panel for a reasonable accommodation of his disability. Without waiving any claims that Mr. Stevens may have against Amtrak with respect to his hostile work environment or with respect to the unauthorized disclosures of his medical records, Mr. Stevens will be submitting an application to the ADA panel for a job reassignment. I have attached a copy of his application with supporting materials that will be sent today to Dr. Malva Reid, Amtrak's Director of Health Services.

  I would also like to memorialize our conversation regarding an incident that took place on Saturday, May 30, 2004. As I told you on the phone, on that date Mr. Stevens, accompanied by a longtime friend, went to the Amtrak Brentwood complex to retrieve Mr. Stevens' medications from a coworker. (Mr. Stevens had inadvertently left his medications in the coworker's car.) While Mr. Stevens was waiting in his friend's vehicle for the coworker, assistant superintendent Bernard Campbell approached the vehicle and began to verbally abuse Mr. Stevens. Mr. Campbell's unprovoked and profanity-laced assault derogated and humiliated Mr. Stevens in front of his friend. Coming so close on the heels of Mr. Stevens' complaints and

Melissa Rogers, Esq. page 2
June 21, 2004

my prior written communication with you, Mr. Campbell's actions can only be taken as evidence of retaliation, and as further evidence of Mr. Stevens' hostile work environment. I trust that your EEO office will take this incident into consideration as it investigates Mr. Stevens' claims.

    Thank you for your attention to this matter, and your continued cooperation.

                                    Very Truly Yours,

                                    Richard McKewen

cc: Dr. Malva Reid

Melissa Rogers, Esq. page 2
June 21, 2004