

*Georgetown University Law Center*

*Institute for Public Representation*

Hope M. Babcock
Angela J. Campbell
David C. Vladeck
   Directors

Eric D. Albert+*
James A. Bachtell
Lisa Goldman
Karen Henein+**
Richard McKewen
   Staff Attorneys

August 23, 2004

600 New Jersey Avenue, NW, Suite 312
Washington, DC 20001-2075
Telephone: 202-662-9535
TDD: 202-662-9538
Fax: 202-662-9634
*Writer's Direct Dial:* 202-662-9546
*Writer's E-mail:* rm322@law.georgetown.edu

**BY FEDERAL EXPRESS STANDARD OVERNIGHT**

Ms. Theresa B. Kerns
Federal Investigator
U.S. Equal Employment Opportunity Commission
1801 L Street, NW, Suite 100
Washington, DC  20507

RE:    David Stevens
             EEOC Charge No. 100-2004-00629

Dear Ms. Kerns:

I represent Mr. David Stevens, and I write on his behalf to amend the EEOC charge he filed on June 23, 2004, under Title I of the Americans with Disabilities Act (ADA) and the District of Columbia Human Rights Act against his employer the National Railroad Passenger Corporation (Amtrak).

As explained in the attached Declaration, Mr. Stevens has received three letters from his supervisor Bernard Campbell threatening him with termination. Mr. Campbell claims in these letters that Mr. Stevens has failed to submit sufficient medical documentation to justify Mr. Stevens' current leave of absence from work. Mr. Stevens, however, has submitted similar documentation in the past, and prior to July 2004, no one at Amtrak had ever questioned the sufficiency of this documentation. Mr. Campbell only began to question the sufficiency of Mr. Stevens' medical documentation after Mr. Stevens had retained counsel and filed an EEOC charge against Amtrak. I therefore conclude that the letters are retaliatory, and I request that you amend Mr. Stevens' charge to include a claim for retaliation.

In addition, as explained in the Declaration, Amtrak has denied Mr. Stevens' request for a reasonable accommodation under the ADA and the D.C. Human Rights Act. On June 21, 2004, Mr. Stevens submitted a formal request for an accommodation of his disability. Mr. Stevens submitted documentation from his mental health care provider stating that Mr. Stevens' depression and bipolar disorder would be exacerbated if he were to remain in his current department. Mr. Stevens therefore requested a transfer to another department as a reasonable accommodation. In a letter dated July 26, 2004, Dr. Malva Reid of Amtrak Health Services

+ Practice Supervised by Members of the D.C. Bar
* Admitted to the New York Bar only   ** Admitted to the Maryland Bar only

Theresa B. Kerns                                                                                     page 2
August 23, 2004

denied Mr. Stevens' request, without explanation.  I therefore ask that you amend Mr. Stevens'
charge to include a claim of failure to reasonably accommodate Mr. Stevens' disability.

     Thank you for your attention to this matter.  Feel free to contact me if you have any
questions or if can be of further assistance.

                                            Very truly yours,

                                            Richard McKewen

cc:     David Stevens