


### Brotherhood Railway Carmen Division
# Transportation•Communications International Union
AFL-CIO, CLC

Michael H. McMillan
Chairman, Local Lodge 6364

March 14 2005
Certified Mail 7004 1160 0003 9515 5678

Mrs. B. J. Blair
Manager, Labor Relations
Amtrak
900 2nd Street, NE
Washington, DC 20002

Ref: ODI File No. 04.465
Termination, Coach Cleaner David Stevens

Dear Mrs. Blair:

This letter is to appeal under Rule 23 of the JCC agreement the decision to terminate Coach Cleaner David Stevens dated February 14, 2005 received in my office on February 17, 2005. The appellant received the charges as follows:

"Charge(s): -
I.  Violation of Amtrak's DRUG AND ALCOHOL POLICY, (PERS. 19) and Amtrak's Standards of Excellence, specifically, those sections pertaining to **'Alcohol and Drugs'**, and **'Trust and Honesty'**.

"SPECIFICATION: -
I.  It is alleged that on December 13, 2004, as a part of a company return to duty physical examination, you provided a urine specimen that was not within acceptable temperature range.

"Charge(s): -
II. Violation of Amtrak's DRUG AND ACOHOL POLICY, (PERS. 19) and Amtrak's Standards of Excellence, specifically, that section pertaining to **'Fitness for Duty Testing'**, which states in part, '... If an employee refuses a test, or fails to cooperate with the testing procedures, the employee will be subject to the same consequences as testing positive for alcohol and/or drugs...'

"SPECIFICATIONS:-
II. It is alleged that on December 13, 2004, as a part of a company return to duty physical examination, you left the testing facility without providing a second urine specimen after you were advised and you acknowledged that the first

**1118 Collingwood Rd. • Alexandria, VA 22308 • (703) 768-1611 • FAX (703) 768-2507**

specimen you provided was not within acceptable temperature range, which violated the 'Alcohol and Drug' Waiver Agreement signed by you on March 10, 2003."

First and foremost the Organization requested a postponement of the investigation from January 10, 2005 to January 20, 2005 (exhibit C) and requested five days prior to the investigation all documents and statements from witnesses listed in the charges. Additionally, the Organization requested that all witnesses be present at the investigation so that they could be cross examined in person. The Organization also requested that Mr. Stevens be allowed to retake the drug and alcohol test and be returned to work. The Organization attempted to resolve this matter but received no response to its letter. The Organization protested questioning any witness over the phone. This is a matter of an individual's job and he should have the right to face the individuals who are accusing him. The Organization must go on record stating that this hearing was clearly a fraud and an unfair hearing because the Charging Officer Talley told the witnesses from Concentra repeatedly that they did not have to answer questions when asked by the Organization.

On December 13, 2004 Coach Cleaner David Stevens scheduled himself through Amtrak for a voluntary return to duty physical. He had been off since April, 2004. As you will see from the testimony in the investigation, Mr. Stevens' claim is different from most has he has been disabled. He has been diagnosed with HIV and he has to do things a lot different than most employees. Specifically, during his last absence he was told by his doctors that he had to be mindful of his body temperature. Because his HIV Aids makes him much more susceptible to infections. Infections that for you and I are a nuisance for him they are life threatening. He had been taught to monitor his body temperature and if it rises to 100.5 degrees he should rush immediately to a hospital and be placed on intravenous antibiotics.

Mr. Stevens brought in medical documentation that showed he went straight from Concentra to George Washington Hospital on December 13, 2004. The record is clear that Mr. Stevens been off due to having pneumonia. Even on December 13, 2004 he had bronchitis copa exccenbation and was being given medication with a follow up by Dr. Tuozon on December 14, 2004. He also followed up with Dr. Matthews and requested to follow up with Dr. Tab. He was given Motrin for pain as can be seen in the employee exhibit 1.

The record clearly shows that Mr. Stevens did not violate Amtrak's Standards of Excellence. This return to duty physical was voluntary that he could have cancelled at any time. He was not returning from a drug or alcohol rehabilitation but from an absence due to illness. When Mr. Stevens was told that his urine specimen was outside the temperature range, he was not told if it was to hot or to cold. He assumed because of his HIV condition that the temperature of the specimen could be cause for grave concern and that he needed immediate medical attention. Additionally, Mr. Stevens waited one hour for someone to show up to observe him producing another sample. As he explained to Ms. Beaty he had to leave to be seen by a doctor because he suspected his pneumonia was causing the abnormal temperature. Mr. Stevens did not run out after the first specimen but waited to provide another sample. Concentra did not provide him with that opportunity. He cannot now be penalized for seeking medical treatment.

The carrier has not proved its case and Mr. Stevens is not guilty of the charges. How can he be guilty of PERS 19 a rule on guidelines that he has never seen or heard of. He did what he had to do to protect his health. Having HIV he clearly comes under the Americans with Disabilities Act. Mr. Stevens has been a dedicated employee for some fifteen years and deserves to receive full consideration for his medical situation.

The carrier has no basis to continue this travesty of justice and the Organization asks now that all charges against Mr. Stevens be dropped and he be brought back to work with all benefits and seniority from the date of the return to duty physical, December 13, 2004.

Should you have questions regarding this matter, I can be reached at 703 768-1611.

Respectfully,

*M. H. McMillan*

MICHAEL H. MCMILLAN
Chairman, Local Lodge 6364