FILED

MAR - 7 2003



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MAE L. WHITLEY       \*
823 GLEN ALLEN       \*
BALTIMORE, MD  21229,    \*

            \*
     Plaintiff,       \*

      v.      

NATIONAL RAILROAD PASSENGER
CORPORATION
60 MASSACHUSETTS AVE., SE.
FOURTH FLOOR
WASHINGTON, D.C. 20002,    \*
            \*
     Defendant.      \*
            \*

CASE NUMBER  1:03CV00636

JUDGE: Royce C. Lamberth

DECK TYPE: Employment Discrimination

DATE STAMP: 03/██/2003

        7

**JURY ACTION**

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION
## SEEKING COMPENSATORY AND PUNITIVE DAMAGES

### Introduction

1. The Plaintiff, Ms. Mae Whitley, a current employee of Defendant National Railroad

Passenger Corporation ("Amtrak") brings this action pursuant to Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. and the District of Columbia

Human Rights Act, (DCHRA), D.C. Code Ann. 2-1401.01 to 2-1403.17 (2002). Ms.

Whitley seeks redress for gender-based discrimination in the form of a hostile work

environment and quid pro quo sexual harassment. Plaintiff also seeks relief for the

retaliatory disciplinary actions and abolishment of her position by Defendant, when she

complained of hostile work environment and sexual harassment. Finally, pursuant to the

1

District of Columbia's common law tort for negligent supervision, Plaintiff Whitley seeks redress for the injuries she suffered from Amtrak's negligent supervision of its employee, Mr. Frank Covers.

### Jurisdiction

2. Jurisdiction in this matter is invoked pursuant to 42 U.S.C. §2000e-5(f), and 28 U.S.C. §§1331, 1343(4), 1346 and 1367 and pursuant to 28 U.S.C. §1367 (Supplemental Jurisdiction).

3. All actions complained of herein have taken place within the jurisdiction of the District of Columbia and involve a Plaintiff and a Defendant who have an employment relationship, the subject of this complaint, within its jurisdictional boundaries.

### Parties

4. Ms. Whitley, a United States citizen, was employed by Defendant National Passenger Railroad Corporation ("Amtrak") since 1977. She began her employment with Amtrak as a coach cleaner and prior-to her filing EEO complaints, Ms. Whitley's employment history with Amtrak was blemish-free. Her current job title is Foreman I, a supervisory position located in Defendant's Mechanical Department.

5. Defendant Amtrak is a railroad service headquartered in Washington, DC. Amtrak is an "employer" within the meaning of Title VII and of the D.C. Human Rights Act. Amtrak was Ms. Whitley's employer at all times relevant to this action.

### Statement of Material Facts

6. Mr. Frank Covers' unwelcome sexual advances and other acts of sexual harassment against Plaintiff Whitley began early in 1999. At that time, he was her immediate supervisor.

2

7. From the start, Mr. Covers made lewd, blatantly sexual gestures to Ms. Whitley. He would consistently talk about sex to Plaintiff, specifically discussing oral sex and sticking his tongue out to make crude gestures.

8. On several occasions Mr. Covers cornered Ms. Whitley and told her that if she had sexual relationships with him she would be able to participate in the training which would provide her the qualifications she needed for promotion to the Foreman II position. While talking he would stare at her breasts or slowly look her up and down with a lewd smile on his face.

9. At first Ms. Whitley was afraid of Mr. Cover's unwelcome advances; but her fear quickly changed to rage and she told him unequivocally that she wanted him to stop the offensive sexual and harassing behavior.

10. Mr. Covers exploited his supervisory position to create situations where he and Ms. Whitley would be alone so he could press his body onto hers. At times he would do this even in front of Ms. Whitley's coworkers.

11. During one instance, he put both his hands on Ms. Whitley's shoulders and slithered his hands down to Ms. Whitley's breasts. Plaintiff told him clearly "Stop, don't do that."

12. Starting early in 1999, Ms. Whitley informed Defendant Amtrak, by telling Mr. Daryl Pesce, that she was being sexually harassed by her immediate supervisor, Frank Covers.

13. Mr. Pesce told Plaintiff that he would make the harassment stop.

14. Despite her complaints to management, the sexual harassment by Mr. Covers continued.

15. On or about March 22, 1999, Ms. Whitley filed a written complaint. At the request of Mr. Pesce, and relying on his commitment to stop Mr. Covers' harassment of her,

3

Plaintiff did not include the sexual aspect when describing the hostile environment created by her supervisor.

16. Shortly thereafter, as a result of the harassment by Mr. Covers, Plaintiff needed to take sick leave and seek medical treatment.

17. When Plaintiff returned, Mr. Wayne Brody, the Manager of Mechanical Department, removed Ms. Whitley from having to work with Mr. Covers and assigned her to work for him.

18. In that same time period, a meeting to attempt resolution of Plaintiff's complaints took place with Mr. Pesce, Mr. Brody, Ms. Saunji Fyffe, the manager of Defendant's EEO office, two other Amtrak managers, Mr. Covers and Ms. Whitley. In this meeting, Mr. Pesce again assured Ms. Whitley that the harassment would stop.

19. In this same meeting, management committed to providing Ms. Whitley the training to become a Foreman II.

20. Ms. Whitley had been afraid to complain about Mr. Cover's behavior because she feared that Mr. Covers would exploit his superior position to retaliate against her. Her fears were confirmed when she was denied the training for Foreman II positions and when her position was abolished.

21. These actions caused Plaintiff Whitley to file another EEO complaint.

22. In October, 1999, Ms. Whitley was awarded a temporary Foreman II position.

23. Management did not provide the promised training, however. Others, even those with less seniority, were instead provided the Foreman II training.

24. In April, 2000, Ms. Whitley was informed that her position had become permanent.

25. Later that same month, she learned that the position was not permanent and, in fact, that her temporary Foreman II position was abolished and she was returned to a Foreman I pay level.

26. Ms. Whitley continued to perform the duties of a Foreman II.

27. In October, 1999, Mr. Michael Kapela became Plaintiff's second line supervisor. From the beginning, he harassed Ms. Whitley, exacerbating the hostility she encountered in the workplace of Defendant.

28. During the first half of 2000, Ms. Whitley informed other Amtrak management of the continued harassment. She was told that the harassment and hostility were inevitable since she would not sleep with Amtrak managers.

29. In July, 2000, Ms. Whitley had to go to the emergency room where she was diagnosed as having a nervous breakdown.

30. When Ms. Whitley's position was abolished, another position was advertised with the same duties she had been performing, but with the requirement of having the training she was denied. Plaintiff was considered not qualified for the position she had been performing.

31. When her position was abolished, the only position available for her was one working for Mr. Frank Covers. She had to take the job and began in January, 2001.

32. Thereafter, the sexual harassment by Mr. Covers began again.

33. Mr. Covers also created more hostility in the job, including repeatedly denying Ms. Whitley the opportunity to work overtime, that was given to others and to her prior to her complaints against Covers.

34. In April, 2001, Ms. Whitley again was forced to take sick leave and seek medical treatment resulting from the harassment and hostility she suffered from Frank Covers and other Amtrak managers.

### Procedural History

35. On September 24, 2001, Ms. Whitley filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

36. The EEOC processed the Complaint from Ms. Whitley and issued a "Right to Sue" letter on December 4, 2002. Ms. Whitley received the Right to Sue letter on December 9, 2002.

### Causes of Action Against Defendant Amtrak

**COUNT I    Sex Discrimination in Violation of Title VII.**

37. On the basis of the actions and inactions alleged in paragraphs 1 to 36, Plaintiff Whitley asserts that, because of her sex, Defendant has violated Section 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2.

**COUNT II    Retaliation for Reporting Sexual Harassment in Violation of Title VII.**

38. On the basis of the actions and inactions alleged in paragraphs 1 to 36, Plaintiff Whitley asserts that, because of her opposition to actions made unlawful by Title VII, Defendant has violated Section 704 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3.

**COUNT III  Retaliation for Protected Activity in Violation of the D.C. Human Rights Act.**

39. On the basis of the actions and inactions alleged in paragraphs 1 to 36, Plaintiff Whitley asserts that Defendant Amtrak violated the prohibition against retaliation for engaging in protected activity contained in the District of Columbia Human Rights Act, D.C. Code Ann. §§ 1-2501 to 1-2557 when after her hostile work environment complaint against Mr. Covers, he further created a hostile work environment by sexually harassing Plaintiff Whitley.

**COUNT IV    Retaliation for Protected Activity in Violation of the D.C. Human Rights Act.**

40.    On the basis of the actions and inactions alleged in paragraphs 1 to 36, Plaintiff Whitley asserts that Defendant Amtrak violated the prohibition against retaliation for engaging in protected activity contained in the District of Columbia Human Rights Act, D.C. Code Ann. §§ 1-2501 to 1-2557 when it denied Plaintiff training and abolished her position.

**COUNT V    Negligent Supervision of Employee/Agent Tort.**

41. On the basis of the actions and inactions alleged in paragraphs 1 to 36, Plaintiff Whitley asserts that after being informed of the sexually harassing and retaliatory conduct of Mr. Covers, Defendant failed to exercise reasonable care in its supervision of Mr. Covers and that Amtrak's improper supervision of Mr. Covers was the proximate cause of the injuries she suffered after she complained and resulted in continued preventable harm to Plaintiff.

## Relief Requested

WHEREFORE, Ms. Whitley respectfully requests this Court to:

1.          Issue a declaratory judgment that acts and practices of Amtrak complained of violate federal laws and the laws of the District of Columbia;

2.          Award Ms. Whitley actual damages for her lost wages, lost benefits and other lost compensation;

3.          Award Ms. Whitley a promotion or promotions to restore her to her rightful place in her career.

4.          Award Ms. Whitley compensatory and punitive damages for each violation of Title VII, the D.C. Human Rights Act and the common law of the District of Columbia;

5.          Award reasonable attorney's fees and litigation expenses incurred in this matter;

6.          Order any further relief this Court deems just and proper.

## Jury Demand

Ms. Whitley hereby asserts her right to a jury trial for each claim asserted herein.

Respectfully Submitted

Gary T. Brown
D.C. Bar No. 246314
Gary T. Brown & Associates
Suite 1000
1400 K Street, N.W.
Washington, D.C. 20005
(202) 393-4900
Attorney for Plaintiff,
Ms. Mae Whitley