IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **David B. Stevens** | ) | |
| and | ) | |
| **Mae Whitley,** | ) | |
| Plaintiffs, | ) | |
| v. | ) Civil Action No. 1:05CV01924-RCL | |
| **National Railroad Passenger Corporation ("Amtrak"),** | ) | |
| Defendant. | ) | |

### WHITLEY'S RESPONSE TO DEFENDANT'S STATEMENT OF FACTS MATERIAL TO THIS CASE IN SUPPORT OF MAE WHITLEY'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

1. Plaintiff Mae Whitley was initially hired by National Railroad Passcngcr Corporation ("Amtrak") as a coach cleaner. Declaration of Sarah Ray at ¶ 3.

   **Admitted.**

2. In 1987 Amtrak promoted Ms. Whitley to a Foreman I position. Declaration of Sarah Ray at ¶ 3.

   **Denied.** Whitley was promoted to the Foreman I position in 1985. Whitley Decl. ¶ 1.

3. As a Foreman I, Ms. Whitley supervises coach cleaners and utility workers. Declaration of Sarah Ray at ¶ 4.

   **Admitted.**

4. Ms. Whitley served a temporary detail as Foreman I trainer, providing information on FDA, EPA and FRA requirements. Declaration of Sarah Ray at ¶ 5.

   **Admitted.**

5. Ms. Whitley has held a Foreman I title from the date of her promotion in

1987 until the present. Declaration of Sarah Ray at ¶ 6.

**Denied.** Whitley was promoted to the Foreman I position in 1985. Whitley Decl. ¶ 1.

6. Ms. Whitley has applied unsuccessfully for promotion to several Foreman 11 positions. Second Amended Complaint at ¶ 42, 44.

**Admitted.**

7. The Foreman II job title supervises Amtrak's skilled craft employees. The skilled crafts include carmen, machinists, electricians and pipefitters. Declaration of Sarah Ray at 91 8.

**Admitted.**

8. To successfully perform their jobs all persons holding Foremen II positions must have direct mechanical experience working in a skilled craft position. Declaration of Sarah Ray at 91 9.

**Admitted in part; denied in part.** An applicant may also qualify for each position through the training classes offered at Amtrak. Whitley Decl. ¶7. Moreover, Defendant repeatedly admitted that Whitley was qualified for the position despite not having direct mechanical experience other than from her training. Whitley's response is limited by the fact that she has not yet engaged in discovery.

9. Amtrak allowed employees to satisfy this requirement by completing Foreman II training course, which gave participants skilled craft experience Amtrak discontinued this program in 2001. Declaration of Sarah Ray at ¶¶ 11-12.

**Admitted in part; denied in part.** Amtrak discontinued the automatic opportunity to attend the training course in 2001 but still offered the classes that made up the "course" at later periods. Whitley took several training classes on her own time. She holds a certification card that proves that she took the classes and passed. Whitley Decl. ¶¶ 8-10. Moreover, Defendant repeatedly admitted that Whitley was qualified for the position despite not having direct mechanical experience other than from her training. Whitley's response is limited by the fact that she has not yet engaged in discovery.

10. Throughout her career with Amtrak, Ms. Whitley has had no experience working in a skilled craft position. Declaration of Sarah Ray at ¶ 10.

**Admitted in part; denied in part.** Admitted that she has not worked in a skilled craft position other than her training. Denied that this would disqualify her from applying for a Foreman II position since she had completed all the requisite training classes. Whitley Decl. ¶¶ 7-10.

11.    Amtrak filled eleven Foreman II positions in 2004 and January 2005. Seven of the successful candidates were internal candidates; the remaining four positions were filled with external candidates. Declaration of Sarah Ray at ¶ 14-15.

**Denied.**  Whitley has no independent knowledge of exactly how many Foreman II positions Amtrak filled, as she has not yet engaged in discovery.

12.    Two of the successful candidates were female. Declaration of Sarah Ray at ¶ 16; Second Amended Complaint at ¶ 46.

**Denied.**  Whitley has no independent knowledge of exactly who received the positions as she has not yet engaged in discovery.

13.    All of the successful candidates had significant experience working in skilled craft positions. Declaration of Sarah Ray at ¶ 17; *see* Exhibit B to Declaration of Sarah Ray.

**Denied.**  While Whitley may know the qualification of some of the selectees, this case has not yet entered the discovery phase and, therefore, Whitley has no independent knowledge of the qualifications of each and every selectee.

14.    On March 7, 2003, Ms. Whitley filed a complaint against Amtrak with this Court alleging sexual harassment, gender discrimination, and retaliation Second Amended Complaint at 91 37, *Whitley v. National Railroad Passenger Corp,* Case No. Case 1:05-cv-01924-RCL

**Admitted.**

*15.*    In her complaint, Ms. Whitley alleged that Amtrak had retaliated against her by denying her application to participate in the Foreman II training program. 2003 Complaint at ¶ 19, 23, 30.

**Admitted.**  However, Whitley does not allege training discrimination in this case.

16.    By Order dated, June 9, 2004, this Court granted summary judgment dismissing all of Ms. Whitley's claims, including her claims regarding participation in the Foreman II training program. Second Amended Complaint at 9[40. *Whitley v. National Railroad Passenger Corp.,* Civil Action No. 03-00636 (RCL) (Memorandum Opinion June 9, 2004) (a cop of the Memorandum Opinion is attached as Exhibit 2). Whitley's subsequent appeal was dismissed. Second Amended Complaint at ¶ 44.

**Admitted.**

Respectfully submitted,

THE GOLDSMITH LAW FIRM

/s/
_____
Leizer Z. Goldsmith
D.C. Bar No. 419544
1900 L Street, N.W., Suite 614
Washington, D.C. 20036
Telephone: (202) 775-0040
Facsimile: (202) 318-0798
Attorney For Plaintiff