IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID B. STEVENS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV01924-RCL |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION ("Amtrak"), ) | |
| ) | |
| Defendant. ) | |

REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF DAVID
STEVENS' CLAIMS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

By filing a 31-page memorandum with 18 exhibits, Plaintiff David B. Stevens hopes to confuse the Court and create an issue of fact sufficient to preserve his claims. The material issues in the case, however, are straight-forward and undisputed. Mr. Stevens admits that he violated National Railroad Passenger Corporation ("Amtrak") policy. Further, the policy expressly provides that this violation merits termination. The Court should grant Amtrak's motion and dismiss Mr. Stevens' claims with prejudice.

1. Stevens Does Not Dispute the Basis For His Termination

There is no genuine dispute as to the material issues in this case. Mr. Stevens admitted his violation of Amtrak's policy in his Second Amended Complaint. Statement of Material Facts Not in Dispute in Support of Defendant's Motion to Dismiss Plaintiff David B. Stevens' Claims ("Statement") at ¶¶ 3-5. He admits the same facts in his declaration in opposition to Amtrak's motion to dismiss or, in the alternative, for summary judgment. *See* Declaration of David Stevens at ¶ 33 (Stevens provided a urine

sample that was rejected because it "was not at the right temperature"); *id.* at ¶ 39 (Stevens left without providing a second sample).

It is undisputed that, by leaving the testing facility, and failing to provide a second urine specimen, Mr. Stevens refused to complete his drug and alcohol screen. As Amtrak established in its initial memorandum, the Company's policy requires termination of all employees who refuse to complete their drug screen. Statement at ¶ 6; Amtrak Drug and Alcohol Policy at ¶¶ 4.2.1.7, 4.2.2 (attached as Exhibit A to Declaration of B.L. Campbell).

The policy is unambiguous and does not allow for exceptions. Statement at ¶ 7. Significantly, Mr. Stevens does not challenge this policy or its application to his conduct.

2.  The Excuses Offered By Mr. Stevens Are Not Material

The only material facts in this case relate to Mr. Stevens' drug test, his adulterated sample, and his failure to provide a proper urine specimen. The remaining claims that Mr. Stevens uses to confuse the record are irrelevant. He cannot avoid summary judgment by simply identifying issues about which the parties disagree. The dispute must be material to forestall summary judgment. Fed. R. Civ. P. 56(c), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Mr. Stevens' arguments about his prior problems with Amtrak managers are not material. There is simply no connection between his claims of mistreatment and his voluntary decision to leave his drug test without providing a proper specimen. His supervisors were not present during his drug test and did not affect his ability to comply with Company policy. Further, the decision to terminate was mandated by Company policy. Statement at ¶ 6.

Similarly, Mr. Stevens' claims that he left the testing facility for "good reason" are also irrelevant. Mr. Stevens asserts that he was unable to provide a second urine specimen because he was concerned that the fact that his urine specimen's temperature was out-of-range might indicate that he was seriously ill.

Even if this claim were accepted as true, it would not excuse Mr. Stevens' conduct. The procedure for drug and alcohol tests is established by the Department of Transportation as well as Amtrak. The procedure does not allow for exceptions. According to Mr. Stevens' own evidence, these guidelines were explained to him and he was instructed that he was not allowed to leave the testing facility. *See* Exhibit 14 to Stevens' Opposition Memorandum, Concerta Memorandum, dated December 13, 2004. There are no excuses he could offer now that would justify his failure to provide a proper urine specimen. Therefore, his purported defenses are not material.

3. Mr. Stevens' Evidence Precludes His Retaliation Claim

Finally, Mr. Stevens' own evidence contradicts his claim of retaliation. In January 2005, Mr. Stevens participated in a grievance hearing in which his Union challenged his termination. He has attached a copy of the transcript of this hearing as Exhibit 16 to his Memorandum. The hearing took two days. Mr. Stevens was represented by both his Union and his own counsel.

Significantly, Mr. Stevens never raised retaliation as a defense during this hearing. Instead, he acknowledged that the termination resulted solely from his refusal to provide a second urine sample during his drug and alcohol screen, and argued only that his failure to provide this second sample was justified. This omission indicates that Mr.

Stevens does not believe there was any basis for his termination other than his failure to complete the drug test. The "retaliation" theory was devised after the fact solely for this lawsuit. Otherwise, Mr. Stevens, assisted by his own counsel and the Union, certainly would have raised it in an effort to challenge the "just cause" for his termination. *See* Exhibit 16 to Stevens' Opposition Memorandum, Transcript of Amtrak Formal Hearing, David B. Stevens Claimant, No. -04-465.

Given this substantial contradiction between Mr. Stevens' evidence and his claims, no reasonable jury could rule in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.s. 242, 249 (1986) ("summary judgment will lie if the dispute . . . is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"); *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) ("party opposing a motion for summary judgment must point to more than just 'a scintilla of evidence' supporting his position;" "if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted"). For this reason as well, his claims should not proceed and summary judgment is appropriate.

## CONCLUSION

Mr. Stevens has failed to establish that his claims state a viable cause of action for retaliation under the D.C. Human Rights Act. In the alternative, he has failed to raise a genuine dispute of material fact. He attempts to raise numerous issues, but none are relevant to his dismissal except his conduct during the drug and alcohol test.

Mr. Stevens concedes the only material facts in this case. He admits that he violated Company policy and was terminated in compliance with that policy. His termination was lawful and his claims should be dismissed with prejudice.

Respectfully submitted,

*Keith Fischler*

Keith Fischler (Bar No. 377601)
Kruchko & Fries
1750 Tysons Boulevard, Suite 560
McLean, VA 22102
(703) 734-0554
(703) 734-0876 (fax)

Desmond McIlwain
National Railroad Passenger Corporation
60 Massachusetts Avenue, N.E.
Washington, D.C. 20002
(202) 906-3296
(202) 906-2821 (fax)

Counsel for Defendant
National Railroad Passenger Corporation

Dated: December 7, 2005