IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID B. STEVENS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV01924-RCL |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION ("Amtrak"), ) | |
| ) | |
| Defendant. ) | |
| ) | |

REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF MAE
WHITLEY'S CLAIMS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Plaintiff Mae Whitley's memorandum in opposition to National Railroad Passenger Corporation's ("Amtrak") motion to dismiss or, in the alternative, for summary judgment, exaggerates her qualifications and seeks to create a material issue of fact where none exists. Ms. Whitley claims that she should be considered for a Foreman II position because she has received a number of certifications. She is mistaken. Although there is no dispute that she obtained the certifications in question, her qualifications are insufficient to meet the prerequisites for the Foreman II job.

1.   Ms. Whitley Does Not Have Sufficient Experience with
     Mechanical Craft Positions for a Foreman II Position

The Foreman II position requires substantial working experience in a mechanical craft position. *See* Declaration of Sarah Ray ("Ray Decl.") at ¶ 9; *see also* Exhibit A to Ray Decl., Job Reference # 50006103 ("[m]ust have some mechanical experience;" preferred experience -- "[m]ust have demonstrated locomotive experience), *id*, Position No. 50172367 ("[m]ust have some mechanical experience;" preferred experience --

"[m]ust have demonstrated locomotive experience"). The critical component is actual time spent performing the job. This experience is essential because the Foreman II job supervises mechanical craft employees. Supervisors need to be fully capable of performing the craft position in order to respond to questions or problems properly and to oversee the work safely and efficiently. National Railroad Passenger Corporation's Statement of Material Facts Not in Dispute in Support of Amtrak's Motion to Dismiss Plaintiff Mae Whitley's Claims ("Statement") at ¶ 7-8.

Ms. Whitley has no direct experience with mechanical skilled craft positions. The certifications she cites fail to meet this requirement. She has not performed a mechanical craft job and, without substantial hands-on experience, is not qualified to supervise mechanical craft employees. *See* Statement at ¶ 7; Ray Decl. at ¶ 10.

2. The Certifications Are No Substitute
   For Hands-On Direct Experience

Amtrak recognizes the value of the certifications and gives credit to employees who have passed these tests in a separate section of the job vacancy announcement. *See* Exhibit A to Ray Decl., Job Reference # 50006103 ("Other Requirements: Must hold air brake certification, *id,* Position No. 50172367 ("Other Requirements: Must hold air brake certification). The certifications, however, are no substitute for hands-on experience. To obtain this credential, employees only pass a test. In some cases, they may also gain one day or less of working experience. This experience is inadequate to enable an employee to supervise mechanical craft employees effectively.

Amtrak has repeatedly informed Ms. Whitley that she needs to work in one or more of the mechanical craft positions if she wants to qualify for a Foreman II position. Previously, she could have obtained the relevant qualifications through a training

program Amtrak offered. This program allowed participants to learn the relevant crafts and to rotate through job assignments for periods of up to six months, actually performing these duties. This training course was discontinued in 2001 and Ms. Whitley's claims regarding Amtrak's decision not to select her to participate in the program were dismissed as part of her prior lawsuit. Statement at ¶ 16; *see* Ray. Decl. at ¶ 12.

### 3. Amtrak Gave Ms. Whitley An Opportunity To Establish Her Qualifications

Despite the fact that she was not eligible for promotion to Foreman II on paper, Amtrak gave Ms. Whitley the opportunity to prove that she could perform the Foreman II job. As she concedes in her memorandum, she was given an interview and the chance to show that she could supervise craft employees.

Ms. Whitley performed poorly during this interview. She failed to demonstrate satisfactory technical expertise in the mechanical crafts.

### 4. Amtrak Chose The Best Qualified Candidates

Further, even if the Court were to accept Ms. Whitley's claim, for the purposes of this Motion, that she was qualified for promotion to Foreman II because of her certifications, her claim should still be dismissed. With only the certifications, she was not the best qualified candidate for any Foreman II vacancy.

There is no legitimate dispute that all of the successful candidates were substantially better qualified than Ms. Whitley. All had direct long-term hands-on experience working the mechanical skilled crafts and all were better able to supervise employees in these positions than Ms. Whitley. *See* Statement at ¶ 17; Exhibit B to Ray Decl.

Relying on objective standards, Amtrak properly selected the best qualified candidate for each vacancy.  Ms. Whitley has no basis to complain that the Company chose candidates, male and female, who had more relevant experience than she.[1]

## CONCLUSION

For these reasons, the Court should grant Amtrak's motion to dismiss or, in the alternative, for summary judgment.  Ms. Whitley is not qualified for promotion to a Foreman II job.  Moreover, the Company chose other candidates who were qualified for this position and were significantly better qualified that Ms. Whitley.  There is no basis for Ms. Whitley's claims, and they should be dismissed with prejudice.

Respectfully submitted,

*[signature: Keith Fischler]*

Keith Fischler (Bar No. 377601)
Kruchko & Fries
1750 Tysons Boulevard, Suite 560
McLean, VA 22102
(703) 734-0554
(703) 734-0876 (fax)

---

[1] Finally, Ms. Whitley also disputes that she was disqualified from applying for a promotion for a period of one year because she received discipline.  She contends that her discipline was revoked but this claim is inaccurate.  Ms. Whitley relies on a letter from her Union President, dated September 1, 2004.  *See* Whitley Exhibit 5.  However, she mischaracterizes this letter.  It is nothing more than a request to Amtrak management from her union representative.  Ms. Whitley's supervisor, B.L. Campbell, considered and denied this request.  The discipline remained in effect.

                                                Desmond McIlwain
                                                National Railroad Passenger  Corporation
                                                60 Massachusetts Avenue, N.E.
                                                Washington, D.C. 20002
                                                (202) 906-3296
                                                (202) 906-2821 (fax)

                                                Counsel for Defendant
                                                National Railroad Passenger Corporation

Dated: December 7, 2005