IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| David B. Stevens, et. al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV01924-RCL |
| ) | |
| National Railroad Passenger Corporation ) | |
| ("Amtrak"), ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF DAVID STEVENS' SURREPLY OPPOSITION
TO DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

INTRODUCTION

Defendant used the reply opportunity provided to it by the rules to offer a new theory in support of summary judgment: namely, that Stevens' retaliation claim must fail because he did not raise retaliation as an affirmative defense at AMTRAK's self-judged hearing on his firing. This surreply is necessary to respond to this new contention raised for the first time on reply.

**Defendant's New Argument, Which Could Have Been Raised In Its Opening Brief,
Was Instead Raised For The First Time On Reply,
And Therefore Should Not Be Considered**

Defendant (Brf. at 3) asserts in its reply brief that because Stevens did not raise the issue of retaliation at AMTRAK's pre-termination firing hearing held in January 2005, Defendant is now entitled to summary judgment on Stevens' statutory retaliation claim.

Defendant's new contention must fail because Defendant did not raise this argument until reply, even though the argument was just as available to Defendant at

the time of its opening brief.  In this Circuit, arguments omitted from a litigant's opening brief and raised initially in his reply brief are not considered, because the party opponent is thereby denied an opportunity to respond. Kappus v. Comm'r of Internal Revenue, 358 U.S. App. D.C. 11, 337 F.3d 1053, 1058 n.4 (D.C. Cir. 2003); McBride v. Merrell Dow Pharm., Inc., 255 U.S. App. D.C. 183, 800 F.2d 1208, 1211 (D.C. Cir. 1986) ("considering an argument advanced for the first time in a reply brief . . . is not only unfair . . . but also entails the risk of an improvident or ill-advised opinion on the legal issues tendered").  Thus, the issue of whether or not it matters that Mr. Stevens did not raise retaliation as a defense at AMTRAK's pre-termination firing hearing is not properly before this Court.

## Mr. Stevens' Testimony at His Termination Hearing Does Not Evidentiarily Preclude His Retaliation Claim in the Instant Case

Assuming, *arguendo*, that this Court chooses to address Defendant's new argument, Stevens respectfully requests that his substantive responses should be considered as well.

Amtrak feebly argues (Brf. at 3-4) that Stevens' failure to raise retaliation as a defense creates a "substantial contradiction between [his] evidence and his claims," such that "no reasonable jury could rule in his favor," thus, somehow "preclud[ing]" his retaliation claim.  Note that Defendant does not contend that Stevens is legally estopped from asserting his retaliation claim in this lawsuit.  Nor does Defendant assert that Stevens' collective bargaining agreement required him to direct his statutory claims into the union grievance process.  Likewise, Defendant has not asserted any waiver as to the retaliation claim or the right to raise it in the judicial forum, let alone a "clear and unmistakable" one.  See Alexander v. Gardner-Denver Co., 415 U.S. 36, 39 L. Ed. 2d 147,

94 S. Ct. 1011 (1974) (a union member's statutory cause of action under Title VII was not waived by the prior arbitration of his claim under a collective bargaining agreement); Sokos v. Hilton Hotels Corp., 283 F. Supp. 2d 42, 46 (D.D.C. 2003) (finding that "'union-negotiated waiver of employees' statutory right to a judicial forum for claims of employment discrimination" must be "clear and unmistakable'") (quoting Wright v. Universal Maritime Serv. Corp., 525 U.S. 70, 79-81, 142 L. Ed. 2d 361, 119 S. Ct. 391 (1998)).

      To the extent that it is articulated, Defendant appears to make an evidentiary argument, albeit one that conveniently ignores the rules of evidence. Thus, Defendant implies that it is a foregone conclusion that Stevens would be impeached on the witness stand, without explaining what the foundational evidence would be for any such impeachment, or indeed, what the substance of the impeachable testimony would be. Nor has Defendant shown what the jury would know about the pre-firing hearing, whether the subject of retaliation could properly have been raised at the meeting, what procedural safeguards were or were not present at the firing hearing, and critically, whether Stevens ever provided any testimony at the firing hearing contrary to his present claim of retaliation (he did not). Without prior contrary testimony there can be no impeachment, and hence, no evidentiarily-based "preclusion" of Stevens' retaliation claim. Moreover, even if Stevens had previously admitted that he did not think retaliation motivated Defendant's actions toward him (which he most certainly never did), there is no reason why he would not be permitted to provide testimony regarding any additional information that he might have developed since making such a statement that would justify a changed view. Accordingly, at worst, the fact that Stevens did not raise the retaliation issue as a defense at the firing hearing would simply be one piece of

evidence of whether or not he believed Defendant retaliated against him.  <u>Romero-Ostolaza v. Ridge</u>, 370 F. Supp. 2d 139, 147 (D.D.C. 2005) (citing <u>Gardner-Denver</u>).  It would not mandate summary judgment against him.  Accordingly, Stevens cannot in any way be "precluded" from raising retaliation before this Court and summary judgment must be denied.

### Mr. Stevens' Retaliation Claim Is Not Collaterally Estopped By His Testimony At AMTRAK's Internal Termination Meeting

Assuming, *arguendo*, that Defendant is arguing for application of principles of collateral estoppel, where "the prior decision was not rendered by a court, '[that decision] must not only satisfy the ordinary requirements of collateral estoppel but must also result from a process sufficiently similar to a judicial proceeding.'" <u>Breiner-Sanders v. Georgetown Univ.</u>, 118 F. Supp. 2d 1, 5 (D.D.C. 1999) (quoting <u>Sea-Land Serv., Inc. v. Dep't of Justice</u>, 137 F.3d 640, 649 (D.C. Cir. 1998) (citing Restatement (Second) of Judgments § 83 (1982)).  Here, it is undisputed that the firing hearing had no similarity whatsoever to an arbitration, much less a judicial proceeding.  See <u>Breiner-Sanders</u>, 118 F. Supp. 2d at 6 ("Unlike an arbitration, where the parties typically waive their rights to pursue remedies outside the arbitration forum, there is no hint that any of the parties intended the grievance process to be the final adjudicator of Dr. Breiner-Sanders' contract claim.").  Here, the firing hearing was one in which AMTRAK alone defined the issues, set the agenda and functioned as prosecutor, judge and jury.  AMTRAK defined those issues as "charges" to which Stevens had to answer, without regard to any possible affirmative defenses he might have been able to assert.  Moreover, it is highly doubtful that raising an affirmative defense outside the hearing issues as the company has defined them, that the company's internal judges are exploiting the employee's

4

alleged misconduct in order to retaliate against the employee, is a plausible way for the employee to succeed in keeping his job. Such assertions would have surely been viewed by the prosecutor/judge as aggravating and would not have helped. Therefore, Stevens had neither incentive nor obligation to raise affirmative defenses in AMTRAK's internal firing proceeding. Accordingly, even Defendant's characterization of the meeting held in January of 2005 as a "grievance hearing" is grossly inaccurate, and the notion that such a firing hearing could preclude judicial action on Stevens' statutory retaliation claim is totally unavailing.[1]

### Defendant's Reply Ignores Stevens' Direct Evidence of Retaliatory Animus

Defendant's reply ignores Stevens' references to Bernard Campbell's threat to "destroy" Stevens on May 30, approximately one week after the letter of protest was sent to AMTRAK on Stevens' behalf. As stated in our Opposition, Campbell's comments operate as admissions that Campbell had intended to fire Stevens if Stevens persisted in his EEO activity. Defendant has not addressed this contention whatsoever and has failed to present any evidence to rebut the inference that he was motivated to fire Stevens unless Stevens backed off his protesting, and the Concentra events simply provided a convenient excuse to do what he planned to do anyway. A jury trial on this issue is, therefore, required. See Wright v. Southland Corporation, 187 F.3d 1287, 1305 (11th Cir. 1999) (it would be inappropriate to grant summary judgment to Defendant

---

[1] Amtrak, not Mr. Stevens, called the pre-termination firing hearing. (See Exhibit 16 to Stevens' Opposition to Def. Motion, Hearing Transcript at 5). Nor did the hearing last two days, as Defendant contends (Brf. at 3). On day one of the hearing, the parties met for thirty-six minutes in order to arrange a continuance. (Exhibit 16, Hearing Transcript at pp. 4-18). On the second day, the hearing began at 12:35 p.m. and concluded at 3:42 p.m., the same day. (Id. at 170). Thus, Mr. Stevens "two day" hearing lasted approximately three hours. It was not, therefore, a marathon administrative investigation into the facts of his termination, as Defendant implies.

where Plaintiff has provided *direct evidence of discriminatory motive*, because the issue turns largely on whose witnesses are believed: "Such a credibility determination can be made only after trial. . ."); Dunbar v. Pepsi-Cola Gen. Bottlers of Iowa, Inc., 285 F. Supp. 2d 1180, 1197 (D. Iowa 2003).

## CONCLUSION

For the reasons set forth herein, and those discussed in our Opposition brief, Defendant's Motion should be denied in its entirety.

                                      Respectfully submitted,

                                      THE GOLDSMITH LAW FIRM


                                      _____
                                      Leizer Z. Goldsmith
                                      D.C. Bar No. 419544
                                      1900 L Street, N.W., Suite 614
                                      Washington, D.C. 20036
                                      Telephone: (202) 775-0040
                                      Facsimile: (202) 318-0798
                                      Attorney For Plaintiff

Dated: December 14, 2005