IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **David B. Stevens, et. al,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV01924-RCL |
| ) | |
| **National Railroad Passenger Corporation** ) | |
| **("Amtrak"),** ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF MAE WHITLEY'S SURREPLY OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

INTRODUCTION

Defendant now offers a new, previously unmentioned, allegedly legitimate and nondiscriminatory reason for failing to promote Whitley. Defendant also alleges new, unsupported facts not raised in the initial Motion. This sur-reply is necessary to respond to these new contentions, which were raised for the first time ever on reply.

**Defendant's New Argument Raised on Reply, Which Could Have Been Raised
In Its Opening Brief, Should Not Be Considered by This Court**

Defendant (Brf. at 3) asserts in its reply brief that Ms. Whitley was not selected for a Foreman II position because she "performed poorly during this interview." Defendant's new contention must fail, however, because this argument is raised for the first time ever on reply, although it was available to Defendant at the time of its opening brief. In this Circuit, arguments omitted from a litigant's opening brief and raised initially in his reply brief are not considered, because the party opponent is thereby denied an opportunity to respond. Kappus v. Comm'r of Internal Revenue, 358 U.S.

App. D.C. 11, 337 F.3d 1053, 1058 n.4 (D.C. Cir. 2003); McBride v. Merrell Dow Pharm., Inc., 255 U.S. App. D.C. 183, 800 F.2d 1208, 1211 (D.C. Cir. 1986) ("considering an argument advanced for the first time in a reply brief . . . is not only unfair . . . but also entails the risk of an improvident or ill-advised opinion on the legal issues tendered").

Thus, because Ms. Whitley was not afforded the opportunity to respond to this new assertion in conformity with the Rules, the issue of whether or not Ms. Whitley performed poorly at the interview is not properly before this Court and should not be considered in the disposition of Defendant's motion.

**The Unsworn Briefing Assertion Of Counsel
That Whitley's Interview Was Unsuccessful,
Which Purports To Support Defendant's New Argument,
Is Not Competent Evidence Under Fed. R. Civ. P. 56**

Assuming, *arguendo*, that this Court chooses to consider Defendant's newly-advanced allegedly legitimate and nondiscriminatory reason for the refusal to promote Whitley, that contention still must fail because the underlying assertion that Ms. Whitley interviewed poorly is not supported by competent evidence as defined by Federal Rule of Civil Procedure 56. That rule states that: "non-moving party's opposition must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial." Devera v. Adams, 874 F. Supp. 17, 20 (D.D.C. 1995) (citing Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)).

Thus, without any citation to the record, Defendant baldly asserts that Ms. Whitley performed poorly during her interview. However, Defendant's omission of that alleged fact in its opening brief and only belated reliance upon it reveals a contradiction,

2

since Defendant attempted in its opening brief to imply that Whitley was not interviewed at all, and it most certainly did not raise any contentions or submit any evidence regarding the outcome of the interview at that time.  Thus, a review of the Declaration of Sarah Ray, submitted in support of Defendant's opening brief, reveals that Ray did not even mention that Whitley was interviewed (a fact that Defendant undoubtedly finds very inconvenient).  Nor has Defendant attempted to attach any new evidence in support of this new contention to its reply, which, as noted above, the rules would forbid in any case.  Since Defendant's unsupported allegations cannot negate the existence of genuine issues of material fact, summary judgment should be denied.

### Defendant Has Alleged A New Fact Not Previously Mentioned In Their Opening Brief Which Is Also Not Supported By Competent Evidence Under Rule 56

Defendant (Brf. at 2) further contends that "Amtrak has repeatedly informed Ms. Whitley that she needs to work in one or more of the mechanical craft positions if she wants to qualify for a Foreman II position," but does not refer to the record or provide any competent evidence supporting this assertion.   As in the case of the newly-asserted alleged reason for failing to promote Ms. Whitley discussed above, this new unsupported allegation should also not be considered.

### Defendant's Reply Ignores Whitley's Direct Evidence Of Retaliatory Animus

Defendant's reply ignores Whitley's evidence that Campbell told Whitley that she had not been promoted to a Foreman II position because she had "gone after" "those white motherfuckers," by filing her EEO lawsuit.   Campbell further stated his opinion that Amtrak was "*not retaliating," but rather was "just not moving [promoting]*" her.  See Exhibit 1, Whitley Decl. at ¶¶ 25-31. (Emphasis added.)   As stated in our Opposition, Campbell's discussion with Whitley operates as an admission of a party

3

opponent, that Amtrak was "not moving" Whitley up to Foreman II because Amtrak's management would not "forget" her very recent lawsuit against them. Indeed, Defendant has not responded to this argument or offered any evidence that Whitley's prior lawsuit was not the decisive factor in Amtrak's decision not to promote her. Summary judgment must therefore be denied and this case be allowed to proceed into discovery and eventually to trial.   See Wright v. Southland Corp., 187 F.3d 1287, 1305 (11th Cir. 1999), holding that it would be inappropriate to grant summary judgment to a defendant where the plaintiff has provided ***direct evidence of discriminatory motive***, because the issue turns largely on whose witnesses are believed, and "[s]uch a credibility determination can be made only after trial. . ." Dunbar v. Pepsi-Cola Gen. Bottlers of Iowa, Inc., 285 F. Supp. 2d 1180, 1197 (D. Iowa 2003) (the plaintiff may survive summary judgment simply by showing that even if the defendant's reason is true, there exists a genuine issue of material fact that another "motivating factor" for the defendant's conduct was the employee's protected characteristic).

## **CONCLUSION**

For the reasons set forth herein, and those discussed in our Opposition brief, Defendant's Motion should be denied in its entirety.

Respectfully submitted,

THE GOLDSMITH LAW FIRM

_____
Leizer Z. Goldsmith
D.C. Bar No. 419544
1900 L Street, N.W., Suite 614
Washington, D.C. 20036
Telephone: (202) 775-0040
Facsimile: (202) 318-0798
Attorney For Plaintiff

Dated: December 14, 2005