IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID B. STEVENS,<br>3801 V Street, S.E.<br>Apartment 102<br>Washington, D.C. 20020<br><br>and<br><br>MAE WHITLEY<br>823 Glen Allen Drive<br>Baltimore, MD 21229,<br><br>      Plaintiffs,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>    CORPORATION<br>("Amtrak")<br>60 Massachusetts Avenue, N.W.<br>Washington, D.C.<br><br>      Defendant. | Civil Action No.<br>1:05CV01924-RCL |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant National Railroad Passenger Corporation ("Amtrak") answers the numbered paragraphs of the Second Amended Complaint as follows:

I.    Parties

1.    Amtrak admits that Plaintiff David B. Stevens ("Stevens") is a former employee. Amtrak lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations stated in paragraph 1 of the Second Amended Complaint.

2. In response to the allegations stated in paragraph 2 of the Second Amended Complaint, Amtrak states that at the time the Second Amended Complaint was filed, Plaintiff Mae Whitley was out on short term disability. Since filing the Second Amended Complaint, Whitley has retired from employment. Amtrak lacks sufficient information or knowledge to form a belief as the truth of the remaining allegations stated in paragraph 2 of the Second Amended Complaint.

3. Amtrak admits the allegations stated in paragraph 3 of the Second Amended Complaint.

4. Amtrak admits the allegations stated in paragraph 4 of the Second Amended Complaint.

5. Amtrak admits the allegations stated in paragraph 5 of the Second Amended Complaint.

## II. Jurisdiction and Venue

In response to the unnumbered paragraph following the heading, II. Jurisdiction and Venue, Amtrak states that the allegations stated in this paragraph are legal conclusions to which no responsive pleading is required.

## III. Exhaustion of Administrative Remedies

6. Amtrak states that the allegations stated in paragraph 6 of the Second Amended Complaint contain legal conclusions to which no responsive pleading is required. Amtrak further states that there appear to be words or letters omitted from the second sentence of paragraph 6 of the Second Amended Complaint and, as a result, Amtrak lacks sufficient information or knowledge to form a belief as to the truth of the

allegations stated in the second sentence of paragraph 6 of the Second Amended Complaint.

7. Amtrak states that the allegations stated in paragraph 7 of the Second Amended Complaint contain legal conclusions to which no responsive pleading is required.

### IV.   Facts Supporting Stevens' Claims

8. Amtrak admits the allegations stated in paragraph 8 of the Second Amended Complaint.

9. Amtrak denies the allegations stated in paragraph 9 of the Second Amended Complaint.

10. Amtrak denies the allegations stated in paragraph 10 of the Second Amended Complaint.

11. Amtrak denies the allegations stated in paragraph 11 of the Second Amended Complaint.

12. Amtrak denies the allegations stated in paragraph 12 of the Second Amended Complaint.

13. Amtrak denies the allegations stated in paragraph 13 of the Second Amended Complaint.

14. Amtrak denies the allegations stated in paragraph 14 of the Second Amended Complaint.

15. Amtrak denies the allegations stated in paragraph 15 of the Second Amended Complaint.

16. In response to the allegations stated in paragraph 16 of the Second Amended Complaint, Amtrak states that, during his employment, Stevens has complained to Amtrak's Business Diversity Office. No time period is provided in paragraph 16 of the Second Amended Complaint. Amtrak denies the remaining allegations stated in paragraph 16 of the Second Amended Complaint.

17. On information and belief, Amtrak denies the allegations stated in paragraph 17 of the Second Amended Complaint.

18. Amtrak lacks information or knowledge sufficient to form a belief as the allegations stated in paragraph 18 of the Second Amended Complaint.

19. In response to the allegations stated in paragraph 19 of the Second Amended Complaint, Amtrak denies that Stevens underwent "a series of harassing incidents" or that such incidents "culminat[ed] in Savoy's refusal to intervene." Amtrak lacks information or knowledge sufficient to form a belief as to the remaining allegations stated in paragraph 19 of the Second Amended Complaint.

20. In response to the allegations stated in paragraph 20 of the Second Amended Complaint, Amtrak admits that it received a letter from Eric LeHot, regarding Mr. Stevens, dated April 9, 2004. The letter stated that Mr. LeHot "recommend[ed] that [Mr. Stevens] remain out of work temporarily due to a hostile working environment." Amtrak denies the remaining allegations stated in paragraph 20 of the Second Amended Complaint.

21. Amtrak admits the allegations stated in paragraph 21 of the Second Amended Complaint.

22. Amtrak denies the allegations stated in paragraph 22 of the Second Amended Complaint.

23. Amtrak denies the allegations stated in paragraph 23 of the Second Amended Complaint.

24. Amtrak admits the allegations stated in paragraph 24 of the Second Amended Complaint.

25. Amtrak denies the allegations stated in paragraph 25 of the Second Amended Complaint.

26. In response to the allegations stated in paragraph 26 of the Second Amended Complaint, Amtrak states that by application dated June 14, 2004, Stevens sought reasonable accommodation for his disabilities. Amtrak lacks information or knowledge sufficient to form a belief as to the author of the information including in this application. Amtrak admits that the application asserted that Stevens was undergoing a hostile work environment.

27. In response to the allegations stated in paragraph 27 of the Second Amended Complaint, Amtrak states that it received a charge of Discrimination filed by Stevens with the Equal Employment Opportunity Commission on or about June 30, 2006.

28. In response to the allegations stated in paragraph 28 of the Second Amended Complaint, Amtrak states that it denied Mr. Stevens request for an accommodation. Amtrak further states that it notified Mr. Stevens of this decision by letter authored by Ms. Malva Reid of Amtrak Health Services and dated July 26, 2004. Amtrak denies the remaining allegations stated in paragraph 28 of the Second Amended Complaint.

22. Amtrak denies the allegations stated in paragraph 22 of the Second Amended Complaint.

23. Amtrak denies the allegations stated in paragraph 23 of the Second Amended Complaint.

24. Amtrak admits the allegations stated in paragraph 24 of the Second Amended Complaint.

25. Amtrak denies the allegations stated in paragraph 25 of the Second Amended Complaint.

26. In response to the allegations stated in paragraph 26 of the Second Amended Complaint, Amtrak states that by application dated June 14, 2004, Stevens sought reasonable accommodation for his disabilities. Amtrak lacks information or knowledge sufficient to form a belief as to the author of the information including in this application. Amtrak admits that the application asserted that Stevens was undergoing a hostile work environment.

27. In response to the allegations stated in paragraph 27 of the Second Amended Complaint, Amtrak states that it received a charge of Discrimination filed by Stevens with the Equal Employment Opportunity Commission on or about June 30, 2006.

28. In response to the allegations stated in paragraph 28 of the Second Amended Complaint, Amtrak states that it denied Mr. Stevens request for an accommodation. Amtrak further states that it notified Mr. Stevens of this decision by letter authored by Ms. Malva Reid of Amtrak Health Services and dated July 26, 2004. Amtrak denies the remaining allegations stated in paragraph 28 of the Second Amended Complaint.

29. In response to the allegations stated in paragraph 29 of the Second Amended Complaint, Amtrak admits that Mr. Campbell sent form letters to Mr. Stevens requesting medical documentation. Amtrak further admits that Mr. "Stevens was never fired for failing to provide sufficient medical documentation."

30. Amtrak admits the allegations stated in paragraph 30 of the Second Amended Complaint.

31. Amtrak admits the allegations stated in paragraph 31 of the Second Amended Complaint.

32. Amtrak admits the allegations stated in paragraph 32 of the Second Amended Complaint.

33. Amtrak denies the allegations stated in paragraph 33 of the Second Amended Complaint.

34. Amtrak admits the allegations stated in paragraph 34 of the Second Amended Complaint.

35. In response to the allegations stated in paragraph 35 of the Second Amended Complaint, Amtrak states that, in compliance with its stated policy, Amtrak terminated Mr. Stevens' employment because he left the Concentra facility on our about December 13, 2004 without completing his urine test. Amtrak denies the remaining allegations stated in paragraph 35 of the Second Amended Complaint.

### V.     Facts Supporting Whitley's Claims

36. Amtrak admits the allegations stated in paragraph 36 of the Second Amended Complaint.

37.    Amtrak admits the allegations stated in paragraph 37 of the Second Amended Complaint.

38.    In response to the allegations stated in paragraph 38 of the Second Amended Complaint, Amtrak denies that any discrimination had been "practiced" against Ms. Whitley. Amtrak admits that Ms. Whitley deposed Bernard Campbell, Frank Covers, Daryl Pesce, Michael Kapela and Althera Stiggers in her prior case. Amtrak denies the remaining allegations stated in paragraph 38 of the Second Amended Complaint.

39.    Amtrak admits the allegations stated in paragraph 39 of the Second Amended Complaint, except to state that Whitley filed her memorandum in opposition to Amtrak's motion for summary judgment on or about March 9, 2004.

40.    Amtrak admits the allegations stated in paragraph 40 of the Second Amended Complaint.

41.    In response to the allegations stated in paragraph 41 of the Second Amended Complaint, Amtrak states that Ms. Whitley field a notice of appeal in July 2004. Amtrak further states that this notice of appeal was subsequently dismissed.

42.    In response to the allegations stated in paragraph 42 of the Second Amended Complaint, Amtrak admits that, during her employment with Amtrak, Ms. Whitley has applied for the position of Foreman II. No time period is provided in paragraph 42 of the Second Amended Complaint. Amtrak further admits that this position would constitute a promotion from Ms. Whitley's current Foreman I position.

43.    In response to the allegations stated in paragraph 43 of the Second Amended Complaint, Amtrak states that it filled eleven vacancies for foreman II positions during 2004 and January 2005. Amtrak denies that Ms. Whitley was the best qualified

candidate for any of these positions and denies the remaining allegations stated in paragraph 43 of the Second Amended Complaint.

44. In response to the allegations stated in paragraph 44 of the Second Amended Complaint, Amtrak states that it filled eleven vacancies for foreman II positions during 2004 and January 2005. Amtrak denies that Ms. Whitley was the best qualified candidate for any of these positions and denies the remaining allegations stated in paragraph 44 of the Second Amended Complaint.

45. Amtrak denies the allegations stated in paragraph 45 of the Second Amended Complaint.

46. In response to the allegations stated in paragraph 46 of the Second Amended Complaint, Amtrak states that men and women were hired to fill the vacancies for Foreman II filled in 2004 or January 2005. Amtrak states that two of the available positions went to qualified women.

47. On information and belief, Amtrak denies the allegations stated in paragraph 47 of the Second Amended Complaint.

48. Amtrak denies the allegations stated in paragraph 48 of the Second Amended Complaint.

49. On information and belief, Amtrak denies the allegations stated in paragraph 49 of the Second Amended Complaint.

VI.   Statement of Claim

Response to Count One

50. Amtrak hereby incorporates its responses to paragraphs 1-49 of the Second Amended Complaint as if fully set forth herein.

51. Amtrak states that the allegations stated in paragraph 51 of the Second Amended Complaint are legal conclusions to which no responsive pleading is required.

52. Amtrak denies the allegations stated in paragraph 52 of the Second Amended Complaint.

53. Amtrak denies the allegations stated in paragraph 53 of the Second Amended Complaint.

### Response to Count Two

54. Amtrak hereby incorporates its responses to paragraphs 1-53 of the Second Amended Complaint as if fully set forth herein.

55. In response to the allegations stated in paragraph 55 of the Second Amended Complaint, Amtrak states that Ms. Whitley filed suit against Amtrak in March 2003. Her suit was dismissed with prejudice in June 2004.

56. In response to the allegations stated in paragraph 55 of the Second Amended Complaint, Amtrak states that Ms. Whitley field a notice of appeal in July 2004. This notice of appeal was subsequently dismissed.

57. Amtrak denies the allegations stated in paragraph 57 of the Second Amended Complaint.

58. Amtrak denies the allegations stated in paragraph 58 of the Second Amended Complaint.

### Response to Count Three

59. Amtrak hereby incorporates its responses to paragraphs 1-58 of the Second Amended Complaint as if fully set forth herein.

60      Amtrak denies the allegations stated in paragraph 60 of the Second Amended Complaint.

61.     Amtrak denies the allegations stated in paragraph 61 of the Second Amended Complaint.

Plaintiffs' jury demand does not require a response. Amtrak demands a trial by jury on all issues so triable.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Amtrak did not violate Plaintiffs' rights under the District of Columbia Human Rights Act and did not discriminate or retaliate against either Plaintiff in any way.

### THIRD AFFIRMATIVE DEFENSE

On information and belief, Plaintiffs failed to exhaust their administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

The employment decisions in question were based on legitimate, business-related factors, and were not based on in any way on gender, condition of disability or any other prohibited criteria.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims were not timely filed and are barred by the applicable Statute of Limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages.

## EIGHTH AFFIRMATIVE DEFENSE

Amtrak cannot be found liable because it established an internal procedure to respond effectively to claims of harassment, which Plaintiffs failed to utilize.

## NINTH AFFIRMATIVE DEFENSE

Amtrak cannot be found liable for punitive damages in this case because it has engaged in good faith efforts to comply with the District of Columbia Human Rights Act.

## TENTH AFFIRMATIVE DEFENSE

Amtrak may not be held liable for the actions of any employee for conduct outside the scope of his/her employment.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part by the Railway Labor Act.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part by the Federal Employer Liability Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

Amtrak denies all allegations of the Complaint not specifically admitted herein.

Amtrak further reserves the right to assert any additional defense that may become relevant or apparent during the course of discovery or otherwise during the course of this litigation.

WHEREFORE, Defendant National Railroad Passenger Corporation respectfully requests that the Court dismiss the Complaint with prejudice and award Defendant its costs and attorney's fees incurred in defending this action and any further relief that the Court deems appropriate.

Dated: June 16, 2004

Respectfully submitted,

KRUCHKO & FRIES

By: *Keith Fischler* (signature)
Keith Fischler
DC Bar No. 377601

Counsel for Defendant
National Railroad Passenger
Corporation

OF COUNSEL:

KRUCHKO & FRIES
1750 Tysons Blvd., Suite 560
McLean, Virginia 22102
(703) 734-0554

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June, 2006, I caused a copy of the foregoing Defendant National Railroad Passenger Corporation's Answer to be served electronically and by first-class mail, postage prepaid on

    Leizer Z. Goldsmith, Esq.
    1900 L Street, N.W., Suite 614
    Washington, D.C. 20036

*/s/ Keith Fischler*
Keith Fischler