IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID B. STEVENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV01924-RCL |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOIT REPORT TO THE COURT
IN COMPLIANCE WITH LOCAL RULE 16.3**

Plaintiffs David B. Stevens and Mae Whitley and defendant National Railroad Passenger Corporation, by their undersigned counsel, submit this Report in compliance with Local Rule 16.3 of the Rules of the United States District Court for the District of Columbia and state that they have agreed as follows:

1. Defendant has already filed dispositive motions, which were denied to allow plaintiffs time to take discovery. Defendant currently intends to file summary judgment motions at the close of discovery. Plaintiffs, at this time, do not intend to file any dispositive motions and do not believe the case can be resolved by any dispositive motion filed by Defendant.

2. The parties do not contemplate joining any additional parties or filing any amendments to the pleadings. Defendant may move to sever the two plaintiffs' cases, which are factually unrelated. Plaintiffs oppose any attempt to sever these cases. Plaintiffs request permission to amend the complaint no

later than 45 days prior to the close of discovery. Defendant would oppose such a motion. Neither party believes that the legal or factual issues can be narrowed at this time.

3. The parties do not wish to assign this case to a magistrate judge for all purposes; the parties do stipulate to the assignment of this case to a magistrate judge for discovery issues.

4. At this point, it is too early to determine the prospects for settlement. Counsel for the parties are open to settlement discussions as discovery progresses.

5. At this point, the parties do not believe that alternative dispute resolution procedures would be useful. As discovery progresses, however, and the parties begin settlement discussions, assistance from the Court might help the parties.

6. Defendant requests that the Court establish a timetable allowing defendant to file for summary judgment no less than thirty (30) days after the close of discovery. Plaintiffs request thirty (30) days to respond to any motions for summary judgment filed by Defendant.

7. The parties propose that initial disclosures authorized under F.R.Civ.P. 26(a)(1) be served within 30 days of the initial Scheduling Order.

8. The parties request that discovery remain open until December 31, 2006.

9. The parties propose that a proponent's expert disclosures be served at least 60 days prior to close of discovery. The parties propose that opponent's expert disclosures be served within 30 days after service of proponent's expert disclosures.

10. Not applicable.

11. The parties agree that at this time it appears that the trial and/or discovery should not be bifurcated.

12. The parties agree that the Court should set a pretrial conference after it rules on dispositive motions.

13. The parties request that the Court set a date for the Pre-Trial Conference within 60 days after the Court's final ruling on any dispositive motions.

Respectfully submitted,

| /s/ | /s/ |
|---|---|
| Leizer Z. Goldsmith (Bar No. 419544) | Keith Fischler (Bar No. 377601) |
| Kristen L. Walsh (Bar No. 495767) | Kruchko & Fries |
| 1900 L Street, N.W., Ste 614 | 1750 Tysons Boulevard, Suite 560 |
| Washington, D.C.20036 | McLean, VA 22102 |
| (202) 775-0040 | (703) 734-0554 |
| (202) 318-0798 | (703) 734-0876 (fax) |

Counsel for Plaintiffs
David K. Stevens and
Mae Whitley

Desmond McIlwain
National Railroad Passenger Corporation
60 Massachusetts Avenue, N.E.
Washington, D.C. 20002
(202) 906-3296
(202) 906-2821 (fax)

Counsel for Defendant
National Railroad Passenger Corporation

Dated: June 20, 2006