**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DAVID B. STEVENS, et al.                         *

     Plaintiffs                                   *

v.                                               *
                          Civil Action No. 1:05 CV 01924 (RCL)

NATIONAL RAILROAD PASSENGER                      *
CORPORATION ("AMTRAK"),
                                                 *

     Defendant
*   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MOTION TO QUASH SUBPOENA**
**ISSUED TO CONCENTRA HEALTH SERVICES**

     NOW COMES Concentra Health Services, Inc. (hereinafter "Concentra"), a non-party to this action, by and through its undersigned counsel, and submits this Motion to Quash the Subpoena issued to it, pursuant to Rule 45 of the Federal Rules of Civil Procedure. In support of its motion, Concentra states as follows:

     1.     This is an employment discrimination and retaliation action in which the plaintiffs contend that Defendant Amtrak, their employer, took adverse employment action against them in violation of the District of Columbia Human Rights Act.

     2.     On February 22 and 23, 2007, Plaintiffs issued to Concentra two subpoenas seeking documents related to Plaintiff David Stevens's urine screen at a Concentra office in Lanham, Maryland in December 2004.

     3.     In addition to their failure to allow reasonable time for compliance, the subpoenas seek disclosure of confidential and protected matter that appears to have no relevance to the claims or defenses in this case. Accordingly, pursuant to Rules 26(c) and 45 of the Federal Rules of Civil Procedure, this Court should quash the subpoenas.

WHEREFORE, Concentra Health Services, Inc., a non-party to this action, respectfully requests that the Court issue an order quashing Plaintiffs' subpoenas to Concentra Health Services, Inc.

Respectfully submitted,

_____
K. Nichole Nesbitt (Bar No. 469793)
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
(410) 783-4000
(410) 783-4040 facsimile
**Counsel for Concentra Health Services, Inc.**


## CERTIFICATION OF GOOD FAITH ATTEMPT TO RESOLVE DISCOVERY DISPUTE

I hereby certify that representatives of Concentra Health Services, Inc. have in good faith conferred or attempted to confer with Plaintiffs' counsel in an effort to resolve the dispute without court action without success.

_____
K. Nichole Nesbitt (Bar No. 469793)
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
(410) 783-4000
(410) 783-4040 facsimile
**Counsel for Concentra Health Services, Inc.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DAVID B. STEVENS, et al.                    *

      Plaintiffs                    *

v.                                          *        Civil Action No. 1:05 CV 01924 (RCL)

NATIONAL RAILROAD PASSENGER      *
CORPORATION ("AMTRAK"),
                                            *

      Defendant
*    *    *    *    *    *    *    *    *    *    *    *    *    *    *

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO QUASH SUBPOENA**
**ISSUED TO CONCENTRA HEALTH SERVICES**

Concentra Health Services, Inc. (hereinafter "Concentra"), a non-party to this action, by and through its undersigned counsel, submits this Memorandum of Law in support of its Motion to Quash the Subpoena issued to it by Plaintiffs.

**I.        BACKGROUND**

This is an employment discrimination and retaliation action in which the plaintiffs contend that Defendant Amtrak, their employer, took adverse employment action against them in violation of the District of Columbia Human Rights Act. According to the Second Amended Complaint, Plaintiff David Stevens reported to one of Concentra's facilities for a "medical exam as a condition of returning to employment" following a period of medical leave from Amtrak. (2nd Amend. Compl. at ¶¶ 31-32). He was notified that the temperature of the urine sample he gave at that time was "out of range." (Id. at ¶ 32). Mr. Stevens thereafter allegedly left Concentra without completing the urine testing process, and thereafter his employment was terminated. (Id. at ¶ 33-34). He alleges that the stated reason for his termination was his "having left Concentra's facility on December 13, 2004, without having his urine re-tested," (Compl. at ¶ 35), but he contends that this was a pretext for discrimination.

On December 28, 2006, Plaintiffs prepared a subpoena to Concentra seeking documents related to Mr. Stevens's examination. The attachment to the subpoena requested as follows:

> Please provide all documents relating to Mr. David Stevens, including but not limited to substance testing of him. Provide all documents relating to staff attendance at your Lanham facility on December 13, 2004, including but not limited to documents showing which personnel was in attendance on that day, and such personnel's arrivals and departures from the Lanham facility. Provide all documents relating to telephonic, mail, or electronic mail contacts internally within your company, and between your Lanham facility and AMTRAK's human resources or personnel department between December 13 and 20, 2004, that related or might have related to Mr. David Stevens.

(Ex. 1, Subpoena dated Dec. 28, 2006). Neither the subpoena nor any of the accompanying documents, however, contained information (such as a date of birth or social security number) sufficient for Concentra to locate records pertaining to Mr. Stevens, and representatives of Concentra made counsel for Plaintiffs aware of this defect. Accordingly, on February 22, 2007, counsel for Plaintiffs sent to Concentra an authorization for the release of records, containing the identifying information. (Ex. 2, Authorization dated Feb. 22, 2007).

Despite the unreasonableness of Plaintiffs' counsel's request that Concentra produce documents the same day the subpoena was faxed (see ex. 3), Concentra took efforts to gather all of the medical records it could find related to Mr. Stevens and sent them to Plaintiff's counsel by the next day.

On February 23, 2007, Plaintiffs prepared a second subpoena to Concentra (received by Concentra on February 26, 2007) seeking the production of additional documents. The attachment to the subpoena read:

> Please provide any and all personnel files of Demetria Hudley and Ebonie Beaty. In addition, please provide any logs or other documents that reflect the arrivals and departures, if any, from your Lanham facility, of David Stevens, Bernard Campbell, Daryl Hollis, Craig Watson, Demetria Hudley and Ebonie Beaty on December 13, 2004. At your discretion, you may redact any other names from such documents. Your responses should include any documents that reflect

whether or not the identified individuals arrived or departed from the Concentra
facility in Lanham on that day, and if so, at what times those individuals arrived
or departed.

(Ex. 4, subpoena dated Feb. 23, 2007).

Concentra objects to this request, as well as the request for any documents other than Mr.

Stevens's medical records (which have already been produced) on the grounds that (1) the

subpoenas seek confidential and protected information that is irrelevant to the case; (2) the

subpoenas do not provide sufficient time for Concentra to respond; and (3) the requests are

unduly burdensome. Accordingly, Concentra asks that the subpoenas be quashed.

## II.    ARGUMENT

### A.  This Court Should Quash the Subpoenas Because the Plaintiff is Not Entitled to the Information Sought.

Under the Federal Rules of Civil Procedure, discovery is allowed only of matters that are

relevant to the claims or defenses in the case, and all requests must be reasonably calculated to

lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Discovery may be

limited by the Court where "justice requires to protect a party or person from annoyance,

embarrassment, oppression or undue burden or expense." FED. R. CIV. P. 26(c). In such a

situation, the court may order that "the discovery not be had" or that "certain matters not be

inquired into." Id. With respect to subpoenas in particular, Rule 45 provides that, "[o]n timely

motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i)

fails to allow reasonable time for compliance; . . . (iii) requires disclosure of privileged or other

protected matter . . . or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A).

Here, this Court should quash the subpoenas issued to Concentra because they seek information

that is irrelevant and would cause annoyance, embarrassment, oppression and undue burden or

expense.

3

### i.    The subpoenas do not allow a reasonable time for compliance.

As a preliminary matter, the subpoenas clearly do not allow reasonable time for compliance. The first subpoena, which was dated December 28, 2006, sought documents by January 5, 2007 and contained no identifying information for Mr. Stevens other than his name. When the identifying information finally was provided, Plaintiffs' counsel asked that documents be faxed the same day. Similarly, the second subpoena was dated February 23, 2007 and sought the production of documents on February 28, 2007. Concentra did not even receive the subpoena until February 26, 2007, two days before the documents were due to be produced. These time frames are unquestionably unreasonable, and the subpoenas should be quashed for that reason alone.

### ii.    The subpoenas seek irrelevant, confidential and protected information.

More importantly, aside from what Concentra has already produced, the material requested is irrelevant and confidential and should be protected from disclosure. For instance, the first subpoena seeks communications between Concentra and its client, Amtrak, that "might have related to Mr. David Stevens." This request, as vague as it is, clearly goes beyond the scope of relevance, and Concentra is entitled to keep its business dealings confidential. See Falicia v. Advanced Tenant Services, 235 F.R.D. 5, 7 (D.D.C. 2006) (courts should grant motion to quash where subpoena seeks "commercial information that should not be disclosed to the public").

The second subpoena seeks the personnel files of two Concentra employees who are not named in the lawsuit and whose employment status and history have no bearing on the claims or defenses in the case. Plaintiffs have articulated no reason for requiring access to these

4

individuals' personnel files.  It is well accepted that the personnel files of nonparties are
generally considered to be private and should be protected from disclosure due to the potential
embarrassment associated with publication of the information.  See generally Knoll v. American
Tel. & Tel. Co., 176 F.3d 359, 365 (6th Cir. 1999) ("[P]ersonnel files might contain highly
personal information such as an individual's unlisted address and telephone number, marital
status, wage information, medical background, credit history . . . and other work-related
problems unrelated to plaintiff's claims."); Hinton v. Conner, 225 F.R.D. 513, 517 (M.D.N.C.
2005) ("[I]n all instances where employment records of non-parties are sought, particularly
disciplinary records, there is a privacy interest involved for which some protection may be
considered even *sua sponte.*).

   At a minimum, before permitting discovery of personnel files, a court must be satisfied
that the information in those files is indeed relevant.   "The mere fact that a person may be a
witness in a case does not automatically warrant access to their personnel file."  Raddatz v.
Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997) (quoting Haselhorst v. Wal-Mart
Stores, Inc., 163 F.R.D. 10, 11 (D. Kan. 1995).  It is the requesting party's burden to show the
relevance.  Id.  The requesting party also has the burden to establish that a lack of access to the
materials "would substantially harm his ability to collect the evidence necessary for prosecution
of his case."  Knoll, 176 F.3d at 365 (citing 8 WRIGHT & MARCUS, § 2043, at 559).  Moreover,
production of the files in their entirety should not be ordered where the relevant information may
be obtained by resort to less intrusive means of discovery.  Raddatz, 177 F.R.D. at 448.

   Here, there is no apparent relevance to the personnel files of Concentra's employees.
Accordingly, the subpoenas should be quashed to the extent they seek production of those
records.

The second subpoena also seeks information concerning three other individuals (Bernard Campbell, Daryl Hollis, and Craig Watson) who are not employed by Concentra, but rather appear to be Amtrak employees. To the extent these individuals were patients being seen at Concentra, any information in Concentra's possession is confidential pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. at § 164.512(e)(1) (health information may not be compelled unless the parties seeking discovery have made efforts to secure a qualified protective order). Since Plaintiffs have made no effort to seek a protective order for this information, their subpoena requesting this information should be quashed.

### iii.    The subpoenas subject Concentra to an undue burden.

Finally, production of the information requested is unduly burdensome. The relevant time frame was over two years ago, and for Concentra to locate documents responsive to the requests – particularly telephonic and electronic mail contacts and records of various individuals' comings and goings – would take significant time and expense, which does not appear warranted in light of the lack of any relevance to the materials.

## III.    CONCLUSION

WHEREFORE, for the above-stated reasons, Concentra respectfully requests that this Honorable Court grant its Motion to Quash the Subpoenas issued to it, and enter an Order stating as such.

Respectfully submitted,

*K. Nichole Nesbitt*

K. Nichole Nesbitt (Bar No. 469793)
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
(410) 783-4000
(410) 783-4040 facsimile
**Counsel for Concentra Health Services, Inc.**

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___6th___ day of March, 2007, a copy of Concentra Health Services, Inc.'s Motion to Quash Subpoena and proposed Order was sent electronically to:

Liezer Z. Goldsmith
The Goldsmith Law Firm
1900 L Street, N.W., Suite 614
Washington, D.C.  20036
**Counsel for Plaintiffs**

Keith Fischler
Kruchko & Fries
1750 Tysons Boulevard, Suite 560
McLean, VA  22102
**Counsel for Defendant**

_K. Nichole Nesbitt_

K. Nichole Nesbitt

836893

7