IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
David B. Stevens, et. al            )
                                    )
                                    )
         Plaintiffs,                )
                                    )
      v.                            ) Civil Action No. 1:05CV01924-RCL
                                    )
National Railroad Passenger Corporation )
("Amtrak"),                         )
                                    )
         Defendant.                 )
_____ )

### PLAINTIFFS' OPPOSITION AND RESPONSE TO CONCENTRA'S MOTION TO QUASH SUBPOENA DUCES TECUM

#### INTRODUCTION

In this employment retaliation matter, Plaintiff David Stevens was sent to an AMTRAK contractor for a drug screen and physical on December 13, 2004, barely a month after he amended his EEOC charge against AMTRAK. At the drug screen, myriad irregularities occurred, including a complete failure by the contractor—Concentra—to process Stevens through its customary methods. Indeed, Concentra—for unexplained reasons-- refused to complete Stevens' drug test and refused to provide him the opportunity to complete the physical examination that AMTRAK had supposedly required. AMTRAK was contacted, and soon thereafter fired Stevens, allegedly for "refusing" to test (he did not test positive for drugs). Stevens has issued a subpoena to Concentra for records pertinent to its involvement in this matter, and Concentra now, belatedly, seeks to quash. While Stevens withdraws the second subpoena his counsel issued, he respectfully requests that this Court deny Concentra's Motion as to the first.

## BACKGROUND

A subpoena was issued on December 28, 2006 and served on Concentra's service agent on January 3, 2007. It sought:

> Please provide all documents relating to Mr. David Stevens, but not limited to substance testing of him. Provide all documents relating to staff attendance at your Lanham facility on December 13, 2004, including but not limited to documents showing which personnel was in attendance on that day, and such personnel's arrivals and departures from the Lanham facility. Provide all documents relating to telephonic, mail or electronic mail contacts internally within your company, and between your Lanham facility and AMTRAK's human resources or personnel department between December 13 and 20, 2004, that related or might have related to Mr. David Stevens.

Affidavit of Adam Marker ("Marker Aff.") Exhibit 1. Service on Concentra was entirely proper and successful, and has not been challenged by Concentra.

Concentra failed to respond to that first subpoena for over a month and a half. Marker Aff. ¶ 6. As a result, on February 21, 2007, Marker telephoned Concentra's General Counsel's office and was transferred to Rhonda Groce. Marker Aff. ¶ 7. Marker explained to Groce that a subpoena was issued and no response had come. Marker Aff. ¶ 6-7. Marker asked how quickly documents could be available, and Groce offered to produce the documents by Friday, February 23, indicating that that would be a reasonable deadline. Marker Aff. ¶8. Marker then faxed Groce a confirming letter. Marker Aff. Exhibit 3. Gross did not deny to Marker that the subpoena had been properly served on Concentra. Marker Aff. ¶ 10.

It is undisputed that on February 22, 2007, Groce informed Marker for the first time ever, that she needed Stevens' social security number and date of birth to efficiently comply with the subpoena. Groce said that HIPAA required that she receive that information from the party issuing a subpoena. Marker Aff. ¶11. Groce offered two

options to correct the matter. She said that Stevens' counsel could issue a corrected subpoena, or Stevens could sign a release with the appropriate information on it. Marker Aff. ¶ 12 .  Stevens subsequently signed a release (Marker Aff. 12), and Marker faxed it to Groce that very day. Marker Aff. 12; Marker Aff. Exh. 4.

In the meantime, Stevens' attorneys were considering seeking additional documents. Later on the afternoon of February 22, Mr. Marker left a message for Ms. Groce, stating that additional documents would be needed, and inquiring as to whether it was logical to for Concentra to produce those in the same package with the other documents, or if a separate subpoena package would be necessary.  Marker Aff. ¶ 14. Marker indicated that he was seeking to work cooperatively with Ms. Groce. Marker Aff. ¶_14.   Contrary to the instant Concentra Motion, Plaintiffs did not issue a subpoena on both February 22, 2007 and February 23. Marker Aff. ¶ 14-16.   Groce failed to respond to Marker's voicemail inquiry. Marker Aff. ¶_15.

Not having an alternative for broadening the request, Goldsmith provided Concentra with a second subpoena on February 23, 2007. Marker Aff. ¶ 16 .   It was faxed to Groce at 972-387-5735, the fax number she provided to Plaintiffs, and sent by Federal Express to Concentra's service agent in Maryland. Marker Aff. Exhibit 5.  (Once again, Concentra skirts around the edges of the truth by stating (Brf. at 4) that it did not receive the second subpoena until the 26th. It would have received the overnight package that day, but the same material by fax on the 23rd.)   To indicate an interest in cooperating with Concentra, the correspondence specifically requests instruction as to the "feasibility of this request." Id.  Concentra self-servingly ignores this cover letter when seeking to quash based on the notion that Plaintiffs failed to provide reasonable time for compliance.

3

On February 26, 2007, Turner contacted Marker, identifying herself as general counsel for Concentra. Marker Aff. ¶ 17.   She spoke with both Marker and Goldsmith for a substantial period of time.  As is reflected by the misdated confirmation letter sent by Marker on February 27, 2006 (Marker Aff. Exhibit 6), Turner indicated an interest in complying with the first subpoena, but said she could not locate documents indicating that Stevens was at Concentra on December 13, 2004. Marker Aff. ¶_19.   Turner asked whether it was possible that Plaintiffs were confused as to the relevant dates.  At her request, Marker then provided documentary evidence of the December 13, 2004 visit to Concentra by fax. Marker Aff. Exhibit 6 at 3.

During her conversation with Marker and Goldsmith, Turner stated that she might provide a statement that no responsive documents existed if Concentra remained unable to find any.  Marker Aff. ¶ 21.  Goldsmith informed Turner of the relevance of the requested facts to the case at hand, and Turner said she would inform Stevens' attorneys of her client's position once she was prepared to do so.  Marker Aff. ¶ 22,24. Plaintiffs' counsel made no oral demand upon Concentra at that time as to when it would move for enforcement, as Concentra and Plaintiffs appeared to be working cooperatively.

On Tuesday, February 27, Groce called Marker and informed him that documents were available at the Lanham facility, and would be made available.  Marker Aff. ¶ 25.   Thirteen (13) pages of documents were subsequently provided by Concentra that appear to be responsive to the first subpoena.  The package contained 12 pages from Stevens' visit to Concentra's Lanham facility on January 27, 2004.  Those 12 pages were affixed together by a paperclip. The last page, not affixed to the others, was a "Non-Injury Status Report," dated December 13, 2004.

Former Concentra employee Ebonie Beaty was deposed by Plaintiffs on February 28, 2007. Former Concentra employee Demetria Hudley was deposed on March 2. Both were examined extensively about Stevens' actions and their own handling of the December 13, 2004 visit.

Neither A. Nichole Nesbitt, nor anyone from Goodell, DeVries, Leech & Dann, LLP, ever called, wrote or attempted to communicate with Plaintiffs' counsel in any way prior to their filing of this Motion. Marker Aff. ¶26.

## ARGUMENT:

### A.  THE JANUARY 3, 2007 SUBPOENA SHOULD BE ENFORCED

#### 1.  Concentra's Objections Are Untimely

As shown in the facts, Concentra admits to receiving the December 28, 2006 subpoena on January 3, 2007. It did not assert written objections. Indeed, the only written "objections" ever filed are those contained within the instant Motion, filed on March 8, 2007. Under Fed. R. Civ. P. 45(c)(2)(B), such objections were required not later than January 17, nearly two months before the instant Motion was in fact filed. Accordingly, the December 28, 2006 subpoena should not be quashed, as the objections thereto are obviously untimely.

Concentra (Brf. at 4) maintains that the subpoena should be quashed because Plaintiffs' counsel asked for production by January 5, 2007 in a subpoena issued on December 28, 2006. However, as noted, such objection should have been made as to that subpoena long ago. Moreover, Concentra admits that, rather than insist on production by January 5 as the subpoena formally indicated, Plaintiffs allowed Concentra until late February before pushing for compliance with the subpoena. Accordingly, any argument that Concentra had insufficient time to respond is without merit.

Concentra (Brf. at 4; Motion at 1) also contends that the subpoena should be quashed because on February 22, 2007, Plaintiff's counsel issued a new subpoena and asked that responsive documents be produced on the very day of the subpoena. First of all, Concentra's assertion that a new subpoena was issued at the time of a request for same-day production is false and misleading. Concentra apparently attempts to leave that impression because it can point to no authority in support of the proposition that it may ignore a lawfully issued subpoena for nearly two months, then have it quashed because the requesting party politely requests—without even attempting to specifically enforce the request—that production be made available in a manner that would be prompt, at least in relation to the day that reiterated request is made. In any event, the facts are that Plaintiffs were attempting to enforce the *December* subpoena, not a new one, on February 22. It is undisputed that Concentra failed to make the documents available that day in any case, and Plaintiffs sought no sanction against Concentra for that failure.

Concentra (Brf. at 4) also argues for quashing on the grounds that the subpoena failed to provide it with sufficient information to identify Mr. Stevens. The argument is unavailing because, even assuming that the information was insufficient, which it was not, Concentra indisputably failed even to inform Plaintiffs' counsel that it was having this difficulty until Plaintiffs' counsel followed up on why Concentra, which had raised no objections, had failed to comply with the subpoena. Stevens then promptly supplied Concentra with his social security number and a release that very day. Concentra (Brf. at 4) attempts to mislead the Court in this regard by recounting the fact that Stevens supplied his information on February 22, but failing to explicitly admit the indisputable

6

fact that Stevens provided that information to Concentra on the very day of Concentra's first and only indication to Plaintiffs that such information was needed.

### 2. Concentra's Argument Regarding The First Subpoena's Date Of Return Is Moot, Because The Dates Were Long-Since Passed Many Weeks Before Concentra Sought Relief

Concentra's arguments regarding the date of return also are moot, since the date set for return is long since passed and Plaintiffs did not attempt to enforce the date, thereby leaving Concentra more than ample time to respond.

### 3. Concentra's Partial Compliance With The Subpoena Indicates A Further Waiver Of Objections

As noted above, Concentra failed to timely object to the subpoena. Furthermore, Concentra complied in part with the subpoena, but now prefers not to comply in full. In denying the instant Motion, this Court should leave no doubt that Concentra should comply in full with the subpoena, and not just provide some sort of partial compliance, as it apparently has to date.

### 4. The Documents Sought In The December Subpoena Are Highly Relevant

Concentra (Brf. at 4) belatedly contends that the documents sought in the December subpoena lack relevance. Concentra offers no serious explanation as to why Stevens should not be supplied with documents that relate to his own treatment by Concentra, when his presence at its facility was at the direction of AMTRAK. Simply referring to documents relating to Stevens' visits to their facility as "commercial information" hardly makes them somehow privileged. In fact, as Stevens showed in his Affidavit in support of his Opposition to Defendant's Motion to Dismiss (Docket Entry No. 15 Exh. 13), pp. 7-8, Concentra called AMTRAK's Margaret Tierney on December 14, while Stevens was waiting in vain for Concentra to process him through its systems.

Concentra then precluded Stevens from taking the drug test and coming back to work. Accordingly, documents pertaining to AMTRAK's communications with Concentra pertaining to Stevens are obviously highly relevant, and should not be quashed as irrelevant.

    **5.**    **Concentra's Undue Burden Argument Is Unavailing**

Concentra (Brf. at 6) would also have this Court protect it from reasonable production on grounds of "undue burden." Thus, Concentra focuses on records relating to arrival and departure of employees on December 13, 2004. As indicated, however, the Motion is untimely as to the first subpoena in this regard. Moreover, the attendance records from December 13 are highly relevant to such questions as: (a) whether Concentra had staff available who could have seen Stevens while he was waiting in vain at their facility; (b) whether Concentra had a male employee who could have supervised Stevens' provision of a second urine sample on December 13, 2004; and (c) which Concentra individuals did or may have spoken with AMTRAK regarding the relevant events on that day. The answers to all these questions are highly relevant to the inquiry as to whether AMTRAK terminated Stevens for retaliatory reasons. Concentra offers no evidence to support its claim that the requests would present an undue burden, and in fact, they are very narrowly tailored to a one-week period in December 2004, and are limited only to documents that either pertain directly to Mr. Stevens or to Concentra's Lanham attendance that day. These requests should not be quashed.

    **B.**    **PLAINTIFFS WITHDRAW THE FEBRUARY 23, 2007 SUBPOENA**

As shown in the facts, former Concentra employee Ebonie Beaty was deposed on February 28, 2007. Former Concentra employee Demetria Hudley was deposed on March 2. At those depositions, the witnesses answered questions sufficiently to allow

Plaintiffs to agree to withdraw the second, February 23, 2007 subpoena, and thereby avoid the need for a judicial resolution as to whether or not to quash. Plaintiffs' counsel notes that he could have told Concentra that, had they not cut off communication, and thereby saving them the trouble of attempting to quash the second subpoena. However, as shown, Concentra elected to cut off communication after the conversations of February 27. In this regard, Concentra's "Certification of Good Faith" on its Motion is misleading, since neither the signatory attorney, Ms. Nesbitt, nor anyone from her law firm, ever so much as identified themselves to Plaintiffs' counsel to inform them that Concentra intended to file a Motion to Quash before filing the Motion, much less attemptto negotiate a resolution without need for litigation of the instant Motion.

## CONCLUSION

For the reasons set forth above, the Motion to Quash should be denied.

Respectfully submitted,

THE GOLDSMITH LAW FIRM, LLC

/s/

_____
Leizer Z. Goldsmith
5335 Wisconsin Avenue NW Suite 440
Washington, D.C. 20015
Telephone: (202) 895-1506
Facsimile: (202) 318-6235
Attorney For Plaintiffs Whitley & Stevens