IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| David B. Stevens, et. al | ) <br> ) <br> ) <br> ) |
| Plaintiffs, | ) <br> **)** |
| v. | ) Civil Action No. 1:05CV01924-RCL <br> **)** |
| National Railroad Passenger Corporation ("Amtrak"), | ) <br> ) <br> ) |
| Defendant. | ) <br> **)** |

**PLAINTIFFS' OPPOSED MOTION TO PERMIT ADDITIONAL DEPOSITIONS BEYOND THE TEN INITIALLY PERMITTED BY FED. R. CIV. P. 30(a)(2)(A), AFTER THE CLOSE OF DISCOVERY, AND FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT'S IMMINENT MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

In this employment retaliation and discrimination matter, Plaintiffs David Stevens and Mae Whitley are requesting an Order permitting them to take the depositions of Taylor Cannon, Lavar Freeman, Bob Frank, Michael Talley, and Lisa Shave. The precise need for these five depositions ripened on March 26, 2007, several weeks after the close of discovery. At that time, Plaintiffs were negotiating with Defendant and considering an offer to agree to one additional deposition beyond the presumptive limit of ten. However, when Plaintiff's counsel expressed a willingness to agree to no more subsequent depositions, but only upon the condition that Defendant had no intention of identifying new potential witnesses, Defendant suddenly provided an amended response to Plaintiffs' Interrogatories Nos. 2, which had required—as to each Plaintiff-- Defendant to identify all persons it believes has knowledge of the facts and circumstances surrounding the case. Defendant's Amended Responses increased

the number of identified persons (other than Plaintiffs themselves) from 3 to 15, and thereby identified five persons whom Plaintiffs had not deposed during the discovery period, but whom Plaintiffs might have (a) chosen to depose within the ten deposition limit of Fed. R.Civ. P. 30(a)(2)(A) or (b) relied upon as a basis for seeking additional depositions within the discovery period, had they known that Defendant was relying upon them as persons with knowledge whom it was considering using as witnesses. [1]

Because permitting their depositions at this stage would be equitable, would serve the interests of justice and would prejudice no one, and because Defendant does not consent to the relief herein requested after significant consultation, Plaintiffs respectfully request that this Court issue an Order permitting them to depose the additional witnesses, and to delay in opposing Defendant's Motion for Summary Judgment (due April 6, 2007, pending the Court's ruling on Defendant's Motion to Enlarge—which Plaintiffs do not oppose) until 60 days after the Court grants this Motion in whole or in part.  At a minimum, Plaintiffs request in the alternative that they be granted the decidedly inferior remedy of leave to depose any of these individuals (or any other late-identified witnesses who may emerge henceforth) at such time as Defendant attempts to rely on them by way of affidavit or inclusion in its pretrial submission.

## BACKGROUND

Under Fed. R. Civ. P. 26(a)(1)(A), Defendant was under a duty to initially disclose "the name . . . of each individual likely to have discoverable information that

---

[1] Plaintiffs' own Responses to Interrogatories identified Talley as a person with relevant knowledge.  Though he was not so named, Cannon was identified elsewhere as having received correspondence.   Plaintiffs named over thirty-five persons with knowledge, but did not name Frank, Shave or Freeman among them.

the disclosing party may use to support its claims or defenses, unless solely for impeachment." In its (Exh. 1) initial disclosures as to Plaintiff Stevens, Defendant named Plaintiff Stevens and Bernard Campbell as the *only* individuals with knowledge it might use to support its claims or defenses, even though Campbell's supervisor, Michael Kapela, signed off on the firings, and even though other personnel, such as Medical Department Human Resources Officer Margaret Tierney and Concentra personnel Demetria Hudley and Ebonie Beaty, were involved in the relevant events. Exh. 2 hereto (key documents produced by Defendants, indicating involvement of Tierney and Beaty). As to Plaintiff Whitley, Defendant (Exh. 1) identified Whitley, Campbell, Michael Kapela and Sarah Ray only, even though its witnesses would later provide other individuals' names as having participated in not promoting Whitley.

In (Exh. 3) Interrogatories No. 2 to AMTRAK on behalf of both Stevens and Whitley, Plaintiffs stated in the most explicit possible terms, the importance they were placing on receiving identification of persons with knowledge upon whom Defendant might rely. They requested as follows:

> Plaintiff's counsel places primary importance on deposing the witnesses whom Defendant may be calling at trial. Thus, Plaintiff will be moving to strike any testimony proffered by the Defendant from witnesses who were not identified during discovery by Defendant as individuals who might be called as witnesses at trial. In order to expedite the litigation process and avoid requiring the Court to rule on a Motion to Compel, and to put Plaintiff on notice of Defendant's potential witnesses, please identify all individuals having knowledge of any matter related to the questions at issue in this case as set forth in Plaintiff's Complaint. Include all such persons' current or last known home and business addresses, work and residence telephone numbers, dates of employment with Respondent, and job title. Describe in detail each person's knowledge, and specify those individuals whom the Defendant will call or may call as witnesses in this case. ***You are under a duty to supplement your Response if and when, at any time before the trial in this case, you determine that you have discovered a new potential witness, or if you determine that you will be calling at the trial any witness not previously so identified .***

Emphasis in original. Defendant (Exh. 3) responded in Stevens' case by again identifying solely Campbell and Stevens, and stated further that "personnel at Concentra have specific knowledge relevant to this case. AMTRAK has not yet identified the appropriate Concentra personnel by name, but will supplement this response." AMTRAK did not supplement, however, until (Exh. 4) the Amended Interrogatory Response received on March 26, after the close of discovery. In Whitley's case, Defendant (Exhibit 3) initially identified only Ray, Campbell and Kapela, without asserting any specific objections. Again, no supplements were propounded until (Exh. 4) the Amended Interrogatory Responses received on March 26,

Disclosure of potential witness' areas of knowledge is such a ubiquitous, universally accepted aspect of the civil discovery process that it is now enshrined in Rule 26(a)(1)(A) as the very first category of disclosure that is mandatory in a civil case (except where the Court does not require mandatory initial disclosures). That rule states:

> Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:
>
> (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information. . .

Plaintiff's Interrogatory No. 2 – as shown-- repeated and emphasized in the strongest possible terms, the need for Defendant to provide information of this sort that is universally sought and permitted in civil cases, specifically informing Defendant that Plaintiff needed the information to determine whom to depose.

Both Stevens' and Whitley's claims against Defendant are premised on decisions Defendant made, in which Plaintiffs were in no way consulted, and for which information is contained primarily within the memories and files of Defendant. In order to prove their claims, Plaintiffs are required to show that those decisions were intentionally retaliatory or discriminatory.

While repeatedly listing only a bare minimum of persons as having any knowledge, Defendant produced documents which implicitly suggested the existence of additional persons, but Defendant declined to amend its written Responses and assert that any particular individuals might possess the key knowledge— that which it would "use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). Plaintiff's counsel reviewed the documents and the facts known to Plaintiffs, and carefully selected, over time, ten[2] persons to depose.[3]

As discovery was winding down, Plaintiff's counsel ascertained that an eleventh deposition, of Mr. Taylor Cannon, was critical to proving Ms. Whitley's claims. Counsel asked Defendant's counsel to consent to the deposition. That attorney, Mr. Fischler, offered to permit the deposition, but only if Plaintiffs would agree that they would not seek any additional depositions. Plaintiffs' counsel responded that he would agree to that, so long as the agreement excluded any witnesses whom Defendant might decide to add—after the close of discovery—to its lists of persons with relevant knowledge and in response to Interrogatory No. 2, and any de bene esse depositions that might prove necessary.

---

[2]    Bernard Campbell, Joseph Kapela, Sarah Ray, Ron Truitt, Gary Louers, Margaret Tierney, Ebonie Beaty, Demetria Hudley, Joseph Tana, Andrew McCallum (April 16)
[3]    Nine depositions have been completed, and by mutual agreement, the tenth is scheduled for April 16, 2007.

5

An extended correspondence ensued between counsel and is repeated from the e-mails collected as Exhibit 5 hereto. In the course of those e-mails, Defendant (Exh. 4) decided to amend its lists, adding five witnesses whom Plaintiffs have not had a chance to depose (including Mr. Cannon), and everyone Plaintiffs have already elected through their own analysis to depose. Plaintiff's counsel offered to resolve the now-expanded dispute by agreeing to depose solely Mr. Cannon and one other witness, Mr. Talley. However, that offer was not acceptable to Defendant. Exh. 5.

Despite having now for the first time—after the close of discovery-- identified five additional witnesses as having knowledge upon which they would rely, and despite the fact that Plaintiffs could not have based their original decisions as to whom to depose on a fair and accurate picture of which witnesses Defendant might find relevant to its defenses because Defendant did not say, Defendant does not consent to the reasonable request that Plaintiffs have the opportunity to depose them, apparently relying on Fed. R. Civ. P. 30(a)(2)(A).

## ARGUMENT

Fed. R. Civ. P. 30(a)(2)(A) states:

(2) A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties.

(A) a proposed deposition would result in more than ten depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by third-party defendants;

Fed. R. Civ. P. Rule 26(b) states in part as follows:

(b) Discovery Scope and Limits.

Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

6

(1) In General

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

(2) Limitations

(A) By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

Local Rule 26.2(a) states in part that: "A party that without substantial justification fails to disclose information required by this Rule or Rule 26(a) or 26(e) (1), F.R.Civ. P., or to amend a prior response to discovery as required by Rule 26(e)(2), F.R. Civ. P., is not, unless such failure is harmless, permitted to use as evidence. . . information not so disclosed. . ." This provision also allows for sanctions.  Local Civil Rule 26.2(b) specifically permits the Court to alter the number of depositions.

As noted above, Fed. R. Civ. P. 26(a)(1)(A states:

Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:  is

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information. . .

Federal Rule of Civil Procedure 26(e)(2) states in part:

(2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise

been made known to the other parties during the discovery process or in writing.

The Advisory Committee Notes to Rule 26 are instructive here as well. They state in part:

> Subparagraph (A) requires identification of all persons who, based on the investigation conducted thus far, are likely to have discoverable information relevant to the factual disputes between the parties. All persons with such information should be disclosed, whether or not their testimony will be supportive of the position of the disclosing party. As officers of the court, counsel are expected to disclose the identity of those persons who may be used by them as witnesses or who, *if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the other parties.* Indicating briefly the general topics on which such persons have information should not be burdensome, and will assist other parties in deciding which depositions will actually be needed. . .
>
> The disclosure requirements should, in short, be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. *The litigants should not indulge in gamesmanship with respect to the disclosure obligations*.
>
> Before making its disclosures, a party has the obligation under subdivision (g)(1) to make a reasonable inquiry into the facts of the case. The rule does not demand an exhaustive investigation at this stage of the case, but one that is reasonable under the circumstances, focusing on the facts that are alleged with particularity in the pleadings. The type of investigation that can be expected at this point will vary based upon such factors as the number and complexity of the issues; the location, nature, number, and availability of potentially relevant witnesses and documents; the extent of past working relationships between the attorney and the client, particularly in handling related or similar litigation; and of course how long the party has to conduct an investigation, either before or after filing of the case. As provided in the last sentence of subdivision (a)(1), a party is not excused from the duty of disclosure merely because its investigation is incomplete. The party should make its initial disclosures based on the pleadings and the information then reasonably available to it. *As its investigation continues and as the issues in the pleadings are clarified, it should supplement its disclosures* as required by subdivision (e)(1). A party is not relieved from its obligation of disclosure merely because another party has not made its disclosures or has made an inadequate disclosure.

Emphasis added.

As shown above, in this case, Defendant provided initial disclosures and responses to interrogatories seeking identification of defendant's persons with knowledge and potential witnesses, by declining to identify most of the persons who took relevant action in relation to the Plaintiffs—as they now acknowledge through their revised responses. Exh. 4. Defendant failed to revise those disclosures and Responses during the discovery, notwithstanding the Interrogatories' explicit references to possible future motions to strike or to compel. They ultimately did so only when prodded by Plaintiffs, after the close of discovery, at a time when they could attempt—as they now do—to block Plaintiffs from deposing the witnesses. Defendant cannot possibly justify that course of conduct, as it most certainly did not learn all those facts after discovery was closed and after Plaintiffs' counsel asked for consent to an additional deposition.

Plaintiffs did their best to interpret the relevant documents and the information they did possess during the discovery period, to ascertain the witnesses upon whom Defendant was likely to rely, and, indicating all due diligence, took or noticed ten depositions, well more than the total number of persons with knowledge Defendant identified. Now, however, after discovery has closed and the ten depositions have been exhausted, Defendant has retroactively identified all of the witnesses whom Plaintiffs elected to depose, plus five others, and asserts that they possess knowledge relevant to Defendant's defenses in this case, such that Defendant finds it appropriate to formally amend its Responses. Such action has been found sanctionable in numerous reported cases. See <u>Santiago v. Furniture Chauffeurs, Piano Movers, Packers, & Handlers Local 705</u>, 2001 U.S. Dist. LEXIS 44, 22-24 (D. Ill. 2001)(disclosure at the close of discovery was deemed insufficient); <u>Fleming v. Verizon N.Y. Inc</u>., 2006 U.S. Dist. LEXIS 68632, 24-25 (D.N.Y. 2006)("Rule 26(a)(1)(A) requires parties to disclose the names of any individuals

9

who "may" have relevant information, and Rule 26(e) requires parties to supplement their disclosures when they become aware of additional witnesses. In light of the facial stringency of these requirements, Fleming's excuse that the witnesses' participation in the litigation was uncertain does not rise to the level of a "substantial justification" for her failure to list them in her Rule 26(a) disclosures"); Johnson v. Saks Fifth Ave. Tex., LP, 2007 U.S. Dist. LEXIS 17265, 44-45 (D. Tex. 2007)(striking affidavit by witness who was not included in disclosures before discovery ended).

Indeed, other courts have permitted needed depositions to go forward, while shifting the costs of the depositions to the party whose improper conduct is at issue. Transpro, Inc. v. Leggett & Platt, Inc., 2006 U.S. Dist. LEXIS 79485, 8-10 (D. Ohio 2006)(affidavit was filed after the close of the discovery, and more than a year after Leggett served its discovery responses and Rule 26(a) disclosures; hence, the "court concludes that the appropriate remedy for this situation is for Leggett to make Patterson available for deposition at whatever place and time is convenient for TransPro, with the costs of making Patterson available to be absorbed by Leggett").

In the instant case, as noted, Plaintiffs long ago indicated to Defendant-- which has never questioned the relevance of Cannon's proposed testimony-- that his deposition is necessary because of the letters he wrote indicating participation in the process of rejecting Whitley's bid for promotion. Freeman and Frank are necessary because prior witness Joseph Tana placed them at the center of the decision not to promote Whitley, by testifying that Freeman and Frank were the decision makers in the process resulting in the non-selection of Whitley. As current AMTRAK employees, Defendant certainly did not have to wait until after the close of discovery to identify them as possessing information necessary to their defenses. Had they been so named

10

earlier, Plaintiffs could have elected to depose them within their allotted ten depositions or requested leave to take additional depositions sooner. As noted, even before they were named, Plaintiff suspected that additional depositions might be necessary, but was willing to compromise in part because the need for the additional depositions was much more difficult to justify. Now that the additional witnesses have been identified as possessing knowledge upon which Defendant may rely for its defenses, deposing solely Cannon and not the others is simply insufficient.

Talley, who was not named previously, prosecuted Stevens on Campbell's behalf through AMTRAK's internal disciplinary process. He appeared to be acting as Campbell's agent in his dealings with Stevens. Talley did not appear to be as essential as the other deposed witnesses, but now Defendant asserts reliance upon him, and may be intending to use him in moving for summary judgment or at trial.

Shave was not mentioned in any documents in this case. Through their depositions, Plaintiffs learned that she was the supervisor of Beaty and Hudley, who worked at Concentra and participated in the events in which Stevens was denied the opportunity to provide the requisite second sample and was then falsely treated as having "refused" to be re-tested. Now, after discovery has ended, Defendant apparently concludes that she has knowledge relevant to its defenses. Plaintiff should be permitted to depose this witness and not be relegated to reacting to whatever Defendant may intend to do by way of affidavit or trial testimony.

Plaintiffs cannot re-create the litigation history of this case and know for certain how they would have approached the depositions in this case had Defendant not waited until after the close of discovery to amend its responses. Perhaps Plaintiffs would have sought additional depositions from the outset, or perhaps they might have deposed

different witnesses. It matters not.  The interests of justice cannot be served by countenancing parties engaging in the sort of "gamesmanship" denounced by the Advisory Committee Notes, of not identifying persons as having knowledge upon which they rely for their claims or defenses, then doing so after the close of discovery but in time to rely upon those witnesses in filing dispositive motions and trying the case.

Defendant's argument here appears to be that Plaintiffs became aware of the witnesses' existence by taking their other depositions that have already been conducted, and that therefore its own conduct is beyond question.  Defendant even has the temerity to threaten Plaintiffs with sanctions for requesting this entirely reasonable remedy.  See Exh. 5 hereto.  This Honorable Court should not accept Defendant's excuses or reward it for hiding the ball during discovery.  The Rules clearly envision a system by which parties identify persons with knowledge, who are in fact potential witnesses, so that they can be deposed during the discovery period.  Indeed, as noted, the Advisory Committee Notes explicitly demonstrate that this is a purpose of the Rules, which Defendant has utterly failed to satisfy. ("As officers of the court, counsel are expected to disclose the identity of those persons who may be used by them as witnesses or who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the other parties.")  In this regard the fact that Plaintiffs themselves identified Talley as a person with knowledge and acknowledged the existence of Cannon is irrelevant to the question before the Court.  Awareness of the mere existence of a potential witness is in no way tantamount to awareness that one's opponent has concluded that such potential witness may possess knowledge *upon which it would rely* for its defenses.  Parties are entitled to be apprised of their

opponents' choices in this regard, so that they can make informed choices as to whom to depose.

Plaintiffs request that they not be prejudiced by being required to respond to Defendant's impending summary judgment motions without the benefit of the depositions at issue. Accordingly, they request that they be granted the opportunity to take the depositions. Alternatively, if the Court is not inclined to simply grant Plaintiffs leave to take the depositions, they respectfully request the inferior remedy of leave to take them conditionally upon Defendant's assertion of specific reliance upon any of them, either by use of affidavits in Defendant's imminent summary judgment motions, or by identifying them on their witness list in Defendant's pretrial statement submissions. Finally, Plaintiffs request that their deadline for responding to Defendant's motions (due by April 6, 2007, if the Court grants Defendant's unopposed Motion for Leave), be stayed until 60 days after this Motion is granted in whole or in part, so that the depositions can be completed and transcriptions obtained, before the summary judgment oppositions would be due.

## CONCLUSION

For the reasons set forth above, this Court should grant Plaintiffs David Stevens and Mae Whitley's request for an Order permitting them to take the depositions of Taylor Cannon, Lavar Freeman, Bob Frank, Michael Talley, and Lisa Shave. Alternatively, the Court should grant leave to take the depositions provisionally, upon Defendant's specific assertion of reliance upon any of these witnesses through use of an affidavit or inclusion in their pretrial submission. Plaintiffs further request that they be given sixty days from the date of any Order granting this Motion in whole or in part, to complete the depositions and respond to Defendant's Motions for Summary Judgment.

Respectfully submitted,

THE GOLDSMITH LAW FIRM, LLC


/s/
_____
Leizer Z. Goldsmith
5335 Wisconsin Avenue NW Suite 440
Washington, D.C. 20015
Telephone: (202) 895-1506
Facsimile: (202) 318-6235
Attorney For Plaintiffs Whitley & Stevens