**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| David B. Stevens | ) |
| | ) |
| and | ) |
| | ) |
| Mae Whitley | ) |
| | ) |
|        Plaintiffs | ) |
| | ) |
|        v. | )      Civil Action No. 1:05CV01924-RCL |
| | ) |
| National Railroad Passenger Corporation | ) |
| ("Amtrak") | ) |
| | ) |
| | ) |
|        Defendant. | ) |

_____ )


**PLAINTIFF'S FIRST INTERROGATORIES**
**TO DEFENDANT AMTRAK RELATING TO MAE L. WHITLEY**


**INSTRUCTIONS**

1.          These interrogatories are continuing in nature.  To the extent that answers may be enlarged, diminished or otherwise modified by information you acquire subsequent to service of the answers hereto, you are required to serve and file promptly thereafter, supplemental answers setting forth such information.

2.          You are further required to interpret each interrogatory to require submission of partial answers where you are unable to provide complete answers.  If any of these interrogatories cannot be answered in full at this time, please answer the interrogatory to the extent possible and specify the reason for your inability to answer the remainder of the interrogatory.

3.      Where you cannot furnish exact information, you must supply estimated information to the extent possible.  If you give estimated information, you must identify it as such, and explain the basis on which the estimate was made and why exact information could not be furnished.

4.      If, after a good faith effort, you are unable to obtain the requested information and respond fully to an interrogatory, you must describe in detail the efforts made to obtain the facts or information.

5.      Unless otherwise specified or required by the context of the interrogatory, references to the singular include the plural, references to the plural include the singular, references to one gender include the other gender, references to the past tense include the present, and references to the present tense include the past.

6.      In answering these interrogatories, please furnish all information that is known or available to you, regardless of whether the information is possessed directly by you or your agents, representatives, employees, investigators, or attorneys or their agents, unless such information or knowledge is privileged.

7.      If you withhold any information, document or identification responsive to an interrogatory, describe the substance of the information and indicate the grounds for withholding it, including any claim of privilege.

8.      If you withhold any information, identification or document responsive to these interrogatories under a claim of privilege, in order that the Administrative Judge and the parties may determine the validity of the claim of privilege, you must set forth in your response to these interrogatories in a schedule which specifically provides for each document or other piece of information withheld:

a.      In the case of a document, the date the document was created, the author(s), addressee(s), recipient(s), subject matter, title, number of pages, date the document was received by the recipient, and any other information necessary to sufficiently identify the document to permit evaluation of the claim of privilege;

b.      In the case of information other than a document, a statement of sufficient specificity to enable Plaintiff and the Court to determine the nature of the information, and a statement of the identity of all persons who heard or participated in or otherwise have knowledge of the information; and

c.      A specific statement of the basis upon which privilege is claimed.

9.      If you object to part of an interrogatory and refuse to answer that part, state your objection, and answer the remaining portion of that interrogatory.  If you object to an interrogatory's scope or time period, state your objection and answer the interrogatory for the scope or time period you believe is appropriate.

10.      Unless otherwise indicated, the time period covered by these interrogatories is from May 1999 to the date of your answer.

### DEFINITIONS

1.      The terms "identify" or "identification" and "describe"

(a)      When used in reference to an individual shall mean to state his full name, present or last known residence and business addresses (by street, city and state), present or last known residence and business phone numbers, and particular responsibilities and position at time referenced in the interrogatory;

(b)      When used in reference to a document shall mean to state the type of document, nature and substance of the document, the date, the author, addressee, title, recipient, its present location of each copy, and the name and address of its custodian;

(c)      When used in reference to any act, occurrence, occasion, meeting, communication, discussion, transaction or conduct shall mean to set forth the event or events constituting such act, its location, the date, the name, title and last known address and number of each individual present, participating, or involved, the substance of the conversation, communication or discussion, and whether any minutes, notes, transcript, memoranda or recordation of such act, occurrence or statement was made, and the identity of the individuals having custody of such documents.

2.      The term "document" or "documents" means, unless otherwise indicated, the original or copies of any recorded matter of any kind in your possession or known by you or your attorney to exist, including, without any intended limitation, all letters, correspondence, affidavits, depositions, factual narratives, telegrams, paper communications, tabulations, charts, graphs, memoranda, drafts, records, notes, transcripts by mechanical device, by longhand or shorthand recording, tape recorder or other means, interoffice communications, microfilm, lists, bulletins, calendars, circulars, desk pads, ledgers, minutes, journals, diaries, invoices, balance sheets, checks, statements, receipts, contracts, studies, notices, summaries, reports, analyses, teletype messages, worksheets, interoffice and intra-office communications, e-mails, notations of any sort of conversations or interviews, telephone calls, computer printouts, tele-fax, photographs, and all other graphic materials, writings and instruments, however produced or reproduced, and all electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, computer disks, and recordings). Two or more copies of a document bearing divergent handwritten or other notations shall be treated as separate documents for this purpose.

3.    The term "date" means the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

4.    The terms "and" and "or" shall be individually interpreted in every instance to mean "and/or" and shall not be interpreted conjunctively or disjunctively to exclude any information otherwise within the scope of any interrogatory.

5.    The term "each" means each and every.

6.    The terms "you" and "your" and "Agency" means the Secretary of Defense, the Department of the Air Force and all persons or entities acting on their behalf, including but not limited to any and all agents, representatives, or attorneys.

**Interrogatories**

Interrogatory No. 1:

State each and every fact that supports any and all defenses you are asserting in this case.

Interrogatory No. 2:

Plaintiff's counsel places primary importance on deposing the witnesses whom Respondent may be calling at trial. Thus, Plaintiff will be moving to strike any testimony proffered by the Defendant from witnesses who were not identified during discovery by Defendant as individuals who might be called as witnesses at trial.  In order to expedite the litigation process and avoid requiring the Court to rule on a Motion to Compel, and to put Plaintiff on notice of Defendant's potential witnesses, please identify all individuals having knowledge of any matter related to the questions at issue in this case as set forth in Plaintiff's Complaint.  Include all such persons' current or last known home and business addresses, work and residence telephone numbers, dates of employment with Respondent, and job title.  Describe in detail each person's

knowledge, and specify those individuals whom the Defendant will call or may call as witnesses in this case. ***You are under a duty to supplement your Response if and when, at any time before the trial in this case, you determine that you have discovered a new potential witness, or if you determine that you will be calling at the trial any witness previously identified but not as a "will call"***.

Interrogatory No. 3:

Identify every policy and procedure relating to promotions at Amtrak, including, but not limited to, policies and procedures relating to requirements to a advertising for, interviewing for, and selection of candidates for Foreman II positions from 2003 to 2005. Your answer should include, but not be limited to, how those policies and procedures were applied to Ms. Whitley.

Interrogatory No. 4:

Please state, with specificity, each and every fact which supports or negates any affirmative defense or denial raised in Defendant's answer to the Complaint, and for each such fact identified, state every person with knowledge of such facts.

Interrogatory No. 5:

Identify each position or promotion you understand Whitley to have sought, between 2003 and 2005, whether formally or informally, the extent to which Whitley was considered, and if not, why not, whether there was an interview process, who was on the interview panel, who the selecting official was, and who made the ultimate decision(s) concerning selection. Also identify all persons who were selected for positions which Whitley sought, including their names, a summary of their qualifications, their sex, and a statement as to whether any such individual had

previously protested discrimination by AMTRAK.  Also state all facts supporting AMTRAK's decisions, on each such occasion, for not promoting Ms. Whitley.

Interrogatory No. 6:

State comprehensively any and all facts supporting your contention that Ms. Whitley has not been discriminated against due to her race, sex, and/or protected activity, when she was not promoted to a Foreman II position.

Interrogatory No. 7

Identify all person(s) who participated in answering Plaintiff's discovery requests, and describe in detail what each individual contributed and the basis of each person[s]' knowledge with respect to each interrogatory and document request.

Interrogatory No. 8

If you allege that Whitley's applications or requests for promotions are insufficient for consideration, not in conformity with Amtrak's policies, procedures or practices, or otherwise unsatisfactory, and/or she was unqualified for the position(s) at issue, please identify each way in which those applications or requests fail to meet any alleged requirements and/or qualifications for applications/positions.

Interrogatory No. 9:

Identify, with specificity, the process used between 2003 and 2005, to select individuals for Foreman II positions, including, but not limited, an explanation or description of (1) the recruitment or announcement efforts; (2) the efforts to identify a selection panel; (3) the identity of that selection panel; (4) the steps taken by that selection panel; and (5) all results and conclusions made by that selection panel.

Interrogatory No. 10:

Identify by date, each and every correspondence, memorandum, warning, disciplinary action, performance appraisal, or other document that impacted your view of Whitley's applications. Please respond with specificity so that if a particular correspondence, memorandum, warning, disciplinary action, performance appraisal, or other document impacted your views as to some applications and not all, your answer reflects that specificity.

Interrogatory No. 11:

Identify each person whom the Defendant may call as an expert witness at trial, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

Interrogatory No. 12:

Articulate each and every employee who knew, should have known, or should have suspected, that Whitley suspected an unlawful animus in any of her non-selections. In answering, identify when and how the employee knew, should have known, or should have suspected that Whitley suspected an unlawful animus in any of her non-selections.

Interrogatory No. 13:

To the extent any document responsive to Plaintiff's Requests for Production of Documents has been destroyed or is otherwise no longer available, identify the document by including the name and author of the document, the persons responsible for the destruction or unavailability of the document, the persons who actually destroyed the document or caused it to be unavailable, the reasons for the destruction or

unavailability or the document and all persons knowing said reasons, and all documents referring or relating to the document in question.

Interrogatory No. 14:

State Amtrak's document retention policy for all documents pertaining to the applicant selection process, including but not limited to: employee applications, "Best Qualified" lists (or the Amtrak equivalent), and "Merit Promotion Files" (or the Amtrak equivalent).

Interrogatory No. 15:

Identify each and every claim of sex discrimination and EEO retaliation brought against Amtrak in the Washington, DC area within the past five (5) years. State the names, last known addresses, and last known telephone numbers of the Complainants/Plaintiffs, as well as the forums of the complaints or charges, the case numbers, the substance of the contentions set forth in the complaints, and the final dispositions of the charges (if any) by the court or administrative agency concerned.

Interrogatory No. 16:

Has Amtrak, since 1995, ever conducted an internal investigation or inquiry regarding alleged discrimination and/or reprisal at its workplace. If your answer is in the affirmative, state the date(s) of the investigation, and the name and last known address of the person(s) who conducted the investigation. Also describe the nature and any conclusions of the investigation.

Interrogatory No. 17:

Articulate each and every employee who knew, should have known, or should have suspected, that Ms. Mae Whitley suspected discrimination and/or retaliation in any of the treatment she received while working at Amtrak, including, but not limited to

her employment at Union Station and at the Service of Inspection center.  In answering, identify when and how the employee knew, should have known, or should have suspected that Mae Whitley suspected an unlawful animus in any of treatment Stevens received.

Interrogatory No. 18:

Identify by date, each and every correspondence, memorandum, warning, disciplinary action, performance appraisal, or other document that impacted your view of Whitley's performance and/or wrongdoing by Whitley.

Interrogatory No. 19:

Identify all Foreman II training courses that were proposed, scheduled, and/or occurred between November 2003 and September 15, 2005.  State whether or not Ms. Whitley participated in any of those courses, and if so, which?

Interrogatory No.20:

Please identify all employees presenting holding a Foreman II position and explain either (a) what mechanical experience they have and how that impacted selection for the position, or (b) foreman 2 training they received, including when and where the training occurred and under what circumstances those trainings were offered.

Interrogatory No. 21:

Please state how you maintain that Ms. Whitley's claims may be barred by the Federal Employer Liability Act.

Interrogatory No. 22:

If you contend that AMTRAK's non-selections of Ms. Whitley were all based on non-discriminatory and non-retaliatory factors, please state each and every fact that you

maintain supports your decisions not to select Ms. Whitley for a Foreman II position,

and explain how such facts justify your actions.

Respectfully submitted,

**THE GOLDSMITH LAW FIRM**

_____

Leizer Z. Goldsmith    D.C. Bar No. 419544
Kristen L. Walsh        D.C. Bar No. 495767
1900 L Street, N.W. Suite 614
Washington, D.C. 20036
Telephone: (202) 775-0040
Facsimile: (202) 775-0005

ATTORNEY FOR PLAINTIFF
Leizer Z. Goldsmith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID B. STEVENS,        ) | |
|        ) | |
|     Plaintiffs,       ) | |
|        ) | |
|     v.        ) | Civil Action No. 05CV1924 (RCL) |
|        ) | |
| NATIONAL RAILROAD PASSENGER   ) | |
| CORPORATION,        ) | |
|        ) | |
|     Defendant.       ) | |

### DEFENDANT NATIONAL RAILROAD
### PASSENGER CORPORATIONS' RESPONSES TO
### PLAINTIFF DAVID STEVENS' FIRST SET OF INTERROGATORIES

Defendant National Railroad Passenger Corporation ("Amtrak") by and through

its undersigned counsel, hereby responds or otherwise states its objections to Plaintiff

David Stevens' Interrogatories.

### GENERAL OBJECTIONS

Amtrak objects generally to any Interrogatory that seeks information protected by

the attorney-client privilege or the work product privilege afforded to Amtrak's counsel

in this litigation.

Amtrak also objects to those Interrogatories that seek information without stating

the period of time for which responsive information is sought.

Amtrak objects to Plaintiff's "Definitions" to the extent that Plaintiff seeks to

impose on Amtrak obligations in addition to or different from those set forth in the

Federal Rules of Civil Procedure.

1

Amtrak objects to these Interrogatories to the extent they impose an undue burden and expense on Amtrak.

Amtrak objects to these Interrogatories to the extent they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence or they otherwise exceed the scope of permissible discovery.

Amtrak objects to these Interrogatories to the extent they seek information that constitutes trade secrets, confidential and proprietary information, or information that invades the privacy of person not parties to this litigation. Subject to other objections, Amtrak will only produce such information subject to an appropriate Protective Order.

Amtrak objects to these Interrogatories to the extent they require a legal conclusion from Amtrak.

Amtrak objects to these Interrogatories to the extent they seek information that is (1) not in Amtrak's possession, custody or control; (2) already within the control of the Plaintiff; or (3) equally available to Plaintiff.

Amtrak reserves the right to raise additional objections as may be appropriate upon further discovery and review of the requested information. Amtrak further reserves the right to supplement its response to any of these interrogatories if it obtains additional non-privileged, responsive information.

## ANSWERS AND SPECFIC OBJECTIONS

Interrogatory No. 1:

State each fact that supports any and all defenses you are asserting in this case, and explain how each such fact supports the related defense.

RESPONSE:

Amtrak objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Without waiving its objections, Amtrak states that discovery is ongoing and Amtrak has not yet uncovered all facts related to this case. Further, Amtrak has not yet received discovery responses from plaintiff and, as a result, has not yet learned about plaintiff's claims.

Amtrak states that, at this point, it relies on the following facts

- On or about September 2004, plaintiff David Stevens sought to return to active duty from a medical leave of absence.
- Stevens was instructed to take a medical exam as a condition of employment.
- Steven had a prior history of cocaine use.
- As part of the medical examination, he produced a urine sample. The temperature of this urine sample was below the acceptable range.
- Stevens then left the medical facility and refused to complete the drug screen.
- Under Amtrak's drug and alcohol policy, Stevens' failure to remain at the facility and finish his drug test was considered a refusal to cooperate in a required drug testing event.
- Under Amtrak's drug and alcohol policy, an employee who refuses to cooperate in a required drug testing event shall be terminated.
- Amtrak terminated Stevens' employment in compliance with the terms of the drug and alcohol policy.
- Amtrak's policy is enforced consistently for similarly situated employees.
- Amtrak uniformly terminates similarly situated employees.

These facts establish that Amtrak terminated the plaintiff for legitimate, non-discriminatory reasons. Amtrak will supplement its response if it discovers additional facts.

Interrogatory No. 2:

Plaintiff's counsel places primary importance on deposing the witnesses whom Defendants may be calling at trial. Thus, Plaintiff will be moving to strike any testimony

3

proffered by the Defendant from witnesses who were not identified during discovery by Defendants as individuals who might be called as witnesses at trial. In order to expedite the litigation process and avoid requiring the Court to rule on a Motion to Compel, and to put Plaintiff on notice of Defendant's potential witnesses, please identify all individuals having knowledge of any matter related to the questions at issue in this case as set forth in Plaintiff's Complaint. Include all such persons' current or last known home and business address, work and residence telephone numbers, dates of employment with Respondent, and job title. Describe in detail each person's knowledge and specify those individuals whom the Defendant will call or may call as witnesses in this case. *You are under a duty to supplement your Response if and when, at any time before the trial in this case, you determine that you have discovered anew potential witness, or if you determine that you will be calling at the trial any witness not previously so identified.*

RESPONSE:

Amtrak objects to this interrogatory to the extent it requires Amtrak to make disclosures in advance of the deadlines established in the Federal Rules of Civil Procedure and the pretrial orders issued by this Court. Amtrak further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome.

Without waiving its objections, Amtrak identifies the following persons as people with knowledge related to the questions at issue in this case as set forth in Plaintiff's Complaint:

David Stevens
Mr. Stevens can be contacted through plaintiffs' counsel. Stevens was employed by Amtrak from 1990 through 2004.

Bernard Campbell

4

Mr. Campbell can be contacted through defendant's counsel. Campbell has been employed by Amtrak since June 1984.

Amtrak also states that personnel at Concentra have specific knowledge relevant to this case. Amtrak has not yet identified the appropriate Concentra personnel by name, but will supplement this response.

Interrogatory No. 3:

Identify every policy and procedure related to drug testing at Amtrak, including, but not limited to, the policies and procedures applied to David Stevens.

RESPONSE:

See Amtrak's response to Plaintiff's Request for Production of Documents No. 3.

Interrogatory No. 4:

Identify every communication and action taken by Bernard Campbell relating to the application of "Rule G" to Mr. Stevens, including, but not limited to, all personal knowledge available to him upon which he based his Declaration, previously filed with the Court in this case.

RESPONSE:

Amtrak objects to this interrogatory on the grounds that it is vague and ambiguous. Amtrak further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome.

Without waiving its objections, Amtrak refers plaintiff to Mr. Campbell's declaration, dated October 20, 2005 and to Bates Nos. 1-92, 245-350. Amtrak reserves the right to supplement this response.

Interrogatory No. 5:

Identify any and all employees impacted by "Rule G." Include in your answer an explanation of all actions taken against them, if any, along with why those actions were taken and who was involved in deciding what actions to take.

RESPONSE:

Amtrak objects to this interrogatory as overly broad and unduly burdensome. This interrogatory provides no limitations as to time, geography or work group. Amtrak further objects to this interrogatory on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence.

Interrogatory No. 6

Identify all person(s) who participated in answering Plaintiff's discovery requests, and describe in detail what each individual contributed and the basis of each person(s)' knowledge with respect to each interrogatory and document request.

RESPONSE:

Amtrak objects to this interrogatory to the extent it seeks information that is covered by the attorney-client privilege or the work product doctrine. Without waiving these objections, Amtrak states that these interrogatories were answered under the direction of counsel, with assistance from Linda Damiano, Legal Assistant, and Bernard Campbell, Assistant Terminal Manager.

Interrogatory No. 7

Identify all policies and procedures applicable to employees out of work due to illness, and explain how and why those rules were or were not applied to David Stevens.

6

RESPONSE:

Amtrak objects to this interrogatory on the grounds it is vague and ambiguous. Amtrak further objects to this interrogatory on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence.

Without waiving its objections, Amtrak refers plaintiff to its response to Request for Production of Documents No. 2. Amtrak further states that Stevens was treated consistently with all similarly situated employees.

Interrogatory No. 8:

If you maintain that the Amtrak's treatment of Stevens with regard to his drug test and with regard to complaints of a hostile work environment, was sufficient to shield Amtrak from liability as a matter of law, please set forth each and every action taken by Amtrak that you maintain was part of its legally sufficient course of conduct.

RESPONSE:

Amtrak objects to this interrogatory to the extent it calls for a legal conclusion. See General Objections. Without waiving its objections, Amtrak states that Stevens was terminated for failing to complete his drug test, as required under Amtrak policy. See response to Interrogatory No. 1.

Interrogatory No. 9:

Identify each and every claim of hostile work environment and EEO retaliation brought against Amtrak in the Washington, DC area within the past five (5) years. State the names, last known addresses, and last known telephone numbers of the

7

Complainants/Plaintiffs, as well as the forums of the complaints or charges, the case numbers, the substance of the contentions set forth in the complaints, and the final dispositions of the charges (if any) by the court or administrative agency concerned.

RESPONSE:

Amtrak objects to this interrogatory as overly broad and unduly burdensome. This interrogatory provides no limitations as to time, geography or work group. Amtrak further objects to this interrogatory on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence.

Interrogatory No. 10:

Has Amtrak, since 1995, ever conducted an internal investigation or inquiry regarding alleged discrimination and/or reprisal at its workplace within the Washington, D.C. area? If your answer is in the affirmative, state the date(s) of the investigation, and the name and last known address of the person(s) who conducted the investigation. Also describe the nature and any conclusions of the investigation.

RESPONSE:

Amtrak objects to this interrogatory to the extent it seeks information that is privileged by the attorney-client privilege or the attorney work product privilege. Amtrak further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Amtrak further objects to this interrogatory on the grounds that it seek information that is not relevant to the subject matter of this lawsuit and is unlikely to lead to the discovery of admissible evidence.

Interrogatory No. 11:

Identify each person whom the Defendant may call as an expert witness at trial, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

RESPONSE:

Amtrak objects to this Interrogatory to the extent it seeks to impose on Amtrak obligations in addition to or different from those set forth in the Federal Rules of Civil Procedure and the Scheduling and Procedures Order entered in this case. Amtrak states that it has not yet determined the witnesses it will call at the trial of this matter. Amtrak will identify its expert witnesses in compliance with the Court's pretrial orders.

Interrogatory No. 12:

Identify by date, each and every correspondence, memorandum, warning, disciplinary action, performance appraisal, or other document relating to Mr. Stevens' performance and/or any alleged wrongdoing by Mr. Stevens.

RESPONSE:

See response to Request for Production of Documents Nos. 5, 7.

Interrogatory No. 13:

Identify any facts which form the basis of your denial of paragraphs 9 and 10 of the complaint, namely that "Between 1990 and 2004, Stevens routinely received positive feedback concerning his work performance" and "Prior to the events described in this Complaint, Stevens has never been accused of wrongdoing." Please specify each act of wrongdoing or poor work performance that forms the basis of your response.

RESPONSE:

See response to Request for Production of Documents No. 5.

Interrogatory No.14:

Please identify all employees of Amtrak who saw the letter by Eric LeHot dated April 9, 2004, the circumstances under which these individuals viewed this letter and any action taken in response to this letter. Your response should include, but not be limited to, an explanation of all steps taken by Michael Copella following his receipt of the April 9, 2004 letter.

RESPONSE:

Amtrak objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Amtrak further objects to this interrogatory on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and is unlikely to lead to the discovery of admissible evidence. Without waiving its objections, Amtrak refers plaintiff to documents Bates Nos. 0113-0117.

Interrogatory No. 15:

Please state and/or identify each and every administrative remedy you believe plaintiff could or should have pursued. In answering, if relevant, state the basis upon which you state that Mr. Stevens failed to exhaust his administrative remedies.

RESPONSE:

Amtrak objects to this interrogatory to the extent it calls for a legal conclusion. Without waiving its objections, Amtrak refers plaintiff to Amtrak's internal procedures and to the procedures established by plaintiff's union through its collective bargaining agreement with Amtrak.

Interrogatory No. 16:

State each and every statute of limitations by which you say Mr. Stevens failed to abide.

RESPONSE:

Amtrak objects to this interrogatory to the extent it calls for a legal conclusion.

Interrogatory No. 17:

Please state how the Federal Employer Liability Act allegedly bars Mr. Stevens' claims.

RESPONSE:

Amtrak objects to this interrogatory to the extent it calls for a legal conclusion.

Interrogatory No. 18:

State the name(s), address(es), and job titles(s) of the custodian(s) of records relating to this case.

RESPONSE:

Linda Damiano, Legal Assistant, National Railroad Passenger Corporation, 60 Massachusetts Avenue, N.E., Washington, D.C. 20002.

Interrogatory No. 19:

State all facts that support your decision to terminate Mr. Stevens' employment.

RESPONSE:

See response to Interrogatory No. 1.

Interrogatory No. 20

Describe all interactions between Concentra and AMTRAK regarding Mr. Stevens. Identify all persons who corresponded or discussed Mr. Stevens from both

11

Concentra and Amtrak, and the substance of each such person's communications

regarding Mr. Stevens' drug test.

RESPONSE:

See response to Request for Production of Documents No. 22-24.

Interrogatory No. 21

Describe in detail any and all internal investigations or inquiries conducted by

AMTRAK into any and all facts related to Mr. Stevens' contentions in this case.  Include

in your answer the identities of all participants and the contents of each individual's

participation in any such investigation or inquiry.

RESPONSE:

Amtrak objects to this interrogatory to the extent it seeks information covered by

the attorney-client privilege or the work product doctrine.  Without waiving its

objections, Amtrak refers plaintiff to its response to Request for Production of

Documents No. 8, 10, 11, 22-24.

Dated: September 25, 2006

Respectfully submitted,

KRUCHKO & FRIES

By:     _John G. Kruchko/KF_
        John G. Kruchko

        _Keith Fischler_
        Keith Fischler
        DC Bar No. 377601

OF COUNSEL:

KRUCHKO & FRIES
1750 Tysons Blvd., Suite 560
McLean, Virginia 22102
(703) 734-0554

Counsel for Defendant
National Railroad Passenger
Corporation

FROM AMTRAK                          (MON) 9. 25'06  8:58/ST.  8:58/NO. 4860951961 P  2

## VERIFICATION

I, Linda Damiano, being duly sworn, do depose and state:

I am a Legal Assistant for the National Railroad Passenger Corporation and I am authorized to make this verification.  I have read the foregoing Objections and Answers to Plaintiff's Interrogatories.  These responses are true of my own knowledge or I am informed and believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 25, 2006 at Washington, D.C.

Linda Damiano
_____
Linda Damiano

13

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2006 I served a copy of the foregoing

Defendant National Railroad Passenger Corporation's Responses to Plaintiff David

Stevens' First Set of Interrogatories by first-class mail, postage prepaid on:

Leizer Z. Goldsmith, Esq.
Adam W. Marker, Esq.
The Goldsmith Law Firm, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015

Keith Fischler

14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DAVID B. STEVENS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05CV1924 (RCL) |
| | ) | |
| NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT NATIONAL RAILROAD
PASSENGER CORPORATIONS' RESPONSES TO
PLAINTIFF MAE WHITLEY'S FIRST SET OF INTERROGATORIES

Defendant National Railroad Passenger Corporation ("Amtrak") by and through

its undersigned counsel, hereby responds or otherwise states its objections to Plaintiff

Mae Whitley's Interrogatories.

## **GENERAL OBJECTIONS**

Amtrak objects generally to any Interrogatory that seeks information protected by

the attorney-client privilege or the work product privilege afforded to Amtrak's counsel

in this litigation.

Amtrak also objects to those Interrogatories that seek information without stating

the period of time for which responsive information is sought.

Amtrak objects to Plaintiff's "Definitions" to the extent that Plaintiff seeks to

impose on Amtrak obligations in addition to or different from those set forth in the

Federal Rules of Civil Procedure.

Amtrak objects to these Interrogatories to the extent they impose an undue burden and expense on Amtrak.

Amtrak objects to these Interrogatories to the extent they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence or they otherwise exceed the scope of permissible discovery.

Amtrak objects to these Interrogatories to the extent they seek information that constitutes trade secrets, confidential and proprietary information, or information that invades the privacy of person not parties to this litigation.  Subject to other objections, Amtrak will only produce such information subject to an appropriate Protective Order.

Amtrak objects to these Interrogatories to the extent they require a legal conclusion from Amtrak.

Amtrak objects to these Interrogatories to the extent they seek information that is (1) not in Amtrak's possession, custody or control; (2) already within the control of the Plaintiff; or (3) equally available to Plaintiff.

Amtrak reserves the right to raise additional objections as may be appropriate upon further discovery and review of the requested information.  Amtrak further reserves the right to supplement its response to any of these interrogatories if it obtains additional non-privileged, responsive information.

<u>**ANSWERS AND SPECFIC OBJECTIONS**</u>

<u>Interrogatory No. 1</u>:

State each and every fact that supports any and all defenses you are asserting in this case.

RESPONSE:

Amtrak objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Without waiving its objections, Amtrak states that it is discovery is ongoing and Amtrak has not yet uncovered all facts related to this case. Further, Amtrak has not yet received discovery responses from plaintiff and, as a result, has not yet learned about plaintiff's claims.

Amtrak states that, at this point, it relies on the following facts:

- Plaintiff Mae Whitley was initially hired by National Railroad Passenger Corporation ("Amtrak") as a coach cleaner.
- In 1987 Amtrak promoted Ms. Whitley to a Foreman I position.
- As a Foreman I, Ms. Whitley supervises coach cleaners and utility workers.
- Ms. Whitley served a temporary detail as Foreman I trainer, providing information on FDA, EPA and FRA requirements.
- Ms. Whitley has held a Foreman I title from the date of her promotion in 1987 until the present.
- Ms. Whitley has applied unsuccessfully for promotion to several Foreman II positions.
- The Foreman II job title supervises Amtrak's skilled craft employees. The skilled crafts include carmen, machinists, electricians and pipefitters.
- To successfully perform their jobs all persons holding Foremen II positions must have direct mechanical experience working in a skilled craft position.
- Amtrak allowed employees to satisfy this requirement by completing a Foreman II training course, which gave participants skilled craft experience. Amtrak discontinued this program in 2001.
- Throughout her career with Amtrak, Ms. Whitley has had no experience working in a skilled craft position.
- Amtrak filled eleven Foreman II positions in 2004 and January 2005. Seven of the successful candidates were internal candidates; the remaining four positions were filled with external candidates.
- Two of the successful candidates were female.
- All of the successful candidates had significant experience working in skilled craft positions.
- On March 7, 2003, Ms. Whitley filed a complaint against Amtrak with this Court alleging sexual harassment, gender discrimination, and retaliation
- In her complaint, Ms. Whitley alleged that Amtrak had retaliated against her by denying her application to participate in the Foreman II training program.

- By Order dated, June 9, 2004, this Court granted summary judgment dismissing all of Ms. Whitley's claims, including her claims regarding participation in the Foreman II training program.  Whitley's subsequent appeal was dismissed.
- Amtrak imposed discipline on Ms. Whitley on or about April 2004.
- Under Amtrak policy, Ms. Whitley was not eligible for a promotion for a period of one year from the date of her discipline.

These facts establish that Amtrak denied Whitley's requests for promotions for legitimate, non-discriminatory reasons.  Amtrak will supplement its response if it discovers additional facts.

Interrogatory No. 2:

Plaintiff's counsel places primary importance on deposing the witnesses whom Respondent may be calling at trial. Thus, Plaintiff will be moving to strike any testimony proffered by the Defendant from witnesses who were not identified during discovery by Defendant as individuals who might be called as witnesses at trial.  In order to expedite the litigation process and avoid requiring the Court to rule on a Motion to Compel, and to put Plaintiff on notice of Defendant's potential witnesses, please identify all individuals having knowledge of any matter related to the questions at issue in this case as set forth in Plaintiff's Complaint.  Include all such persons' current or last known home and business addresses, work and residence telephone numbers, dates of employment with Respondent, and job title.  Describe in detail each person's knowledge, and specify those individuals whom the Defendant will call or may call as witnesses in this case. *You are under a duty to supplement your Response if and when, at any time before the trial in this case, you determine that you have discovered a new potential witness, or if you determine that you will be calling at the trial any witness previously identified but not as a "will call".*

RESPONSE:

The following employees can be contacted through defendant's counsel:

Sarah Ray
Ms. Ray has been employed by Amtrak since January 1999.

Michael Kapela
Mr. Kapela has been employed by Amtrak since February 1976.

Bernard Campbell
Mr. Campbell has been employed by Amtrak since June 1984.

Interrogatory No. 3:

Identify every policy and procedure relating to promotions at Amtrak, including, but not limited to, policies and procedures relating to requirements to advertising for, interviewing for, and selection of candidates for Foreman II positions from 2003 to 2005. Your answer should include, but not be limited to, how those policies and procedures were applied to Ms. Whitley.

RESPONSE:

Amtrak objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Amtrak further objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this lawsuit and is unlikely to lead to the discovery of admissible evidence. Without waiving its objections, Amtrak refers plaintiff to its response to Request for Production of Documents No. 3. Amtrak further states that these policies were applied to Whitley in the same way they were applied to all other similarly situated Amtrak employees.

Interrogatory No. 4:

Please state, with specificity, each and every fact which supports or negates any affirmative defense or denial raised in Defendant's answer to the Complaint, and for each such fact identified, state every person with knowledge of such facts.

RESPONSE:

See response to Interrogatory No. 1. Amtrak further refers to the following facts:

- Whitley failed to report any claims of harassment or discrimination in a timely manner.
- Amtrak responded appropriately and conducted a complete investigation into any claims of harassment or discrimination raised by Whitely.
- Amtrak selected the best qualified candidate to fill any vacancy for a Foreman II position.
- Whitley was not selected to fill any vacancy for a Foreman II position because she was not the best qualified candidate.
- Whitley does not have direct mechanical experience working in a skilled craft position.

Interrogatory No. 5:

Identify each position or promotion you understand Whitley to have sought, between 2003 and 2005, whether formally or informally, the extent to which Whitley was considered, and if not, why not, whether there was an interview process, who was on the interview panel, who the selecting official was, and who made the ultimate decision(s) concerning selection. Also identify all persons who were selected for positions which Whitley sought, including their names, a summary of their qualifications, their sex, and a statement as to whether any such individual had previously protested discrimination by AMTRAK. Also state all facts supporting AMTRAK's decisions, on each such occasion, for not promoting Ms. Whitley.

RESPONSE:

Amtrak objects to this interrogatory to the extent it seeks information about any position or promotion Whitley sought, which was covered by her complaint filed in Case No. 1:03cv636. All claims covered by this action were resolved when Case No. 1:03cv636 was dismissed. Plaintiff is precluded by the doctrine of res judicata from re-litigating these issues. Thus, any questions about such position or promotions are irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence. Without waiving its objections, Amtrak refers plaintiff to its response to Request for Production of Documents Nos. 4 and 10.

Interrogatory No. 6:

State comprehensively any and all facts supporting your contention that Ms. Whitley has not been discriminated against due to her race, sex, and/or protected activity, when she was not promoted to a Foreman II position.

RESPONSE:

Amtrak objects to this interrogatory to the extent it calls for a legal conclusion. Amtrak further objects to this interrogatory on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence. Plaintiff's second amended complaint alleges that Whitley suffered unlawful retaliation and unlawful sex discrimination. There is no claim alleging race discrimination in the second amended complaint.

Without waiving its objections, Amtrak states that it denied Whitley's application for Foreman II positions because she was not the best qualified applicant for any position. Specifically, Whitley did not have direct mechanical experience working in a skilled craft

position. Amtrak further states that Whitley was not eligible for promotion to a foreman II position during the relevant time period because she had received discipline in or about April 2004. See response to interrogatories Nos. 1, 4, and 5.

Interrogatory No. 7

Identify all person(s) who participated in answering Plaintiff's discovery requests, and describe in detail what each individual contributed and the basis of each person[s]' knowledge with respect to each interrogatory and document request.

RESPONSE:

Amtrak objects to this interrogatory to the extent it seeks information that is covered by the attorney-client privilege or the work product doctrine. Without waiving these objections, Amtrak states that these interrogatories were answered under the direction of counsel, with assistance from Linda Damiano, Legal Assistant.

Interrogatory No. 8

If you allege that Whitley's applications or requests for promotions are insufficient for consideration, not in conformity with Amtrak's policies, procedures or practices, or otherwise unsatisfactory, and/or she was unqualified for the position(s) at issue, please identify each way in which those applications or requests fail to meet any alleged requirements and/or qualifications for applications/positions.

RESPONSE:

Amtrak objects to this interrogatory on the grounds that it is vague and ambiguous. Without waiving its objections, Amtrak states that Whitley was not qualified for promotion to a Foreman II position because she lacked direct mechanical experience working in a skilled craft position. Amtrak further states that Whitley was not eligible for

promotion to a foreman II position during the relevant time period because she had received discipline in or about April 2004.   See response to Interrogatory No. 1, 4, 5, 6.

Interrogatory No. 9:

Identify, with specificity, the process used between 2003 and 2005, to select individuals for Foreman II positions, including, but not limited, an explanation or description of (1) the recruitment or announcement efforts; (2) the efforts to identify a selection panel; (3) the identity of that selection panel; (4) the steps taken by that selection panel; and (5) all results and conclusions made by that selection panel.

RESPONSE:

Amtrak objects to this interrogatory to the extent it seeks information about any position or promotion Whitley sought, which was covered by her complaint filed in Case No. 1:03cv636.  All claims covered by this action were resolved when Case No. 1:03cv636 was dismissed.  Plaintiff is precluded by the doctrine of res judicata from re-litigating these issues.  Thus, any questions about such position or promotions are irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence.  Without waiving its objections, Amtrak refers plaintiff to its response to Request for Production of Documents No. 4.  Job announcements were also posted on the Amtrak intranet.

Interrogatory No. 10:

Identify by date, each and every correspondence, memorandum, warning, disciplinary action, performance appraisal, or other document that impacted your view of Whitley's applications. Please respond with specificity so that if a particular correspondence, memorandum, warning, disciplinary action, performance appraisal, or

other document impacted your views as to some applications and not all, your answer reflects that specificity.

RESPONSE:

Amtrak objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Without waiving its objections, Amtrak refers plaintiff to its response to Request for Production No. 5.

Interrogatory No. 11:

Identify each person whom the Defendant may call as an expert witness at trial, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

RESPONSE:

Amtrak objects to this Interrogatory to the extent it seeks to impose on Amtrak obligations in addition to or different from those set forth in the Federal Rules of Civil Procedure and the Scheduling and Procedures Order entered in this case. Amtrak states that it has not yet determined the witnesses it will call at the trial of this matter. Amtrak will identify its expert witnesses in compliance with the Court's pretrial orders.

Interrogatory No. 12:

Articulate each and every employee who knew, should have known, or should have suspected, that Whitley suspected an unlawful animus in any of her non-selections. In answering, identify when and how the employee knew, should have known, or should have suspected that Whitley suspected an unlawful animus in any of her non-selections.

RESPONSE:

Amtrak objects to this interrogatory on the grounds that it is vague and ambiguous. Amtrak further objects to this interrogatory on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence. Amtrak cannot possible know who knew or might have known whether or not Whitley had certain suspicions, which she may or may not have communicated.

Interrogatory No. 13:

To the extent any document responsive to Plaintiff's Requests for Production of Documents has been destroyed or is otherwise no longer available, identify the document by including the name and author of the document, the persons responsible for the destruction or unavailability of the document, the persons who actually destroyed the document or caused it to be unavailable, the reasons for the destruction or unavailability or the document and all persons knowing said reasons, and all documents referring or relating to the document in question.

RESPONSE:

Amtrak objects to this interrogatory on the grounds that it is vague and ambiguous. Amtrak further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Without waiving its objections, Amtrak states that it believes that no responsive, non-privileged documents were destroyed.

Interrogatory No. 14:

State Amtrak's document retention policy for all documents pertaining to the applicant selection process, including but not limited to: employee applications, "Best

- 11 -

Qualified" lists (or the Amtrak equivalent), and "Merit Promotion Files" (or the Amtrak equivalent).

RESPONSE: See response to Request for Production of Documents No. 16.

Interrogatory No. 15:

Identify each and every claim of sex discrimination and EEO retaliation brought against Amtrak in the Washington, DC area within the past five (5) years. State the names, last known addresses, and last known telephone numbers of the Complainants/Plaintiffs, as well as the forums of the complaints or charges, the case numbers, the substance of the contentions set forth in the complaints, and the final dispositions of the charges (if any) by the court or administrative agency concerned.

RESPONSE:

Amtrak objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Amtrak further objects to this interrogatory on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence.

Interrogatory No. 16:

Has Amtrak, since 1995, ever conducted an internal investigation or inquiry regarding alleged discrimination and/or reprisal at its workplace. If your answer is in the affirmative, state the date(s) of the investigation, and the name and last known address of the person(s) who conducted the investigation. Also describe the nature and any conclusions of the investigation.

RESPONSE:

Amtrak objects to this interrogatory to the extent it seeks information that is privileged by the attorney-client privilege or the attorney work product privilege. Amtrak further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Amtrak further objects to this interrogatory on the grounds that it seek information that is not relevant to the subject matter of this lawsuit and is unlikely to lead to the discovery of admissible evidence.

Interrogatory No. 17:

Articulate each and every employee who knew, should have known, or should have suspected, that Ms. Mae Whitley suspected discrimination and/or retaliation in any of the treatment she received while working at Amtrak, including, but not limited to her employment at Union Station and at the Service of Inspection center. In answering, identify when and how the employee knew, should have known, or should have suspected that Mae Whitley suspected an unlawful animus in any of treatment Stevens received.

RESPONSE:

Amtrak objects to this interrogatory on the grounds that it is vague and ambiguous. Amtrak further objects to this interrogatory on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence. Amtrak cannot possible know who knew or might have known whether or not Whitley had certain suspicions, which she may or may not have communicated.

Interrogatory No. 18:

Identify by date, each and every correspondence, memorandum, warning, disciplinary action, performance appraisal, or other document that impacted your view of Whitley's performance and/or wrongdoing by Whitley.

RESPONSE:

See response to Request for Production of Documents Nos. 5, 9.

Interrogatory No. 19:

Identify all Foreman II training courses that were proposed, scheduled, and/or occurred between November 2003 and September 15, 2005. State whether or not Ms. Whitley participated in any of those courses, and if so, which?

RESPONSE:

Amtrak objects to this interrogatory to the extent it seeks information about foreman II training courses, which was covered by her complaint filed in No. 1:03cv636. All claims covered by this action were resolved when Case No. 1:03cv636 was dismissed Plaintiff is precluded by the doctrine of res judicata from re-litigating these issues. Thus, any questions about such position or promotions are irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence. Without waiving its objections, Amtrak states that it has not offered any additional foreman II training courses during the relevant time period.

Interrogatory No.20:

Please identify all employees presenting holding a Foreman II position and explain either (a) what mechanical experience they have and how that impacted selection

- 14 -

for the position, or (b) foreman 2 training they received, including when and where the training occurred and under what circumstances those trainings were offered.

RESPONSE:

Interrogatory No. 21:

Please state how you maintain that Ms. Whitley's claims may be barred by the Federal Employer Liability Act.

RESPONSE:

Amtrak objects to this interrogatory on the grounds that it seeks a legal conclusion.

Interrogatory No. 22:

If you contend that AMTRAK's non-selections of Ms. Whitley were all based on non-discriminatory and non-retaliatory factors, please state each and every fact that you maintain supports your decisions not to select Ms. Whitley for a Foreman II position, and explain how such facts justify your actions.

RESPONSE:

Whitley was not the best qualified candidate for any Foreman II position for which she applied. Whitley did not have direct mechanical experience working in a skilled craft position. In addition, Whitley was not eligible for a Foreman II position during the relevant time period because she received discipline on or about April 2004. See response to Interrogatory Nos. 1, 4, 5, 6, 8.

- 15 -

As to objections:

Dated: September 25, 2006

Respectfully submitted,

KRUCHKO & FRIES

By: _John G. Kruchko/KF_
    John G. Kruchko

OF COUNSEL:

KRUCHKO & FRIES
1750 Tysons Blvd., Suite 560
McLean, Virginia 22102
(703) 734-0554

_Keith Fischler_
Keith Fischler
DC Bar No. 377601

Counsel for Defendant National
Railroad Passenger Corporation

## VERIFICATION

I, Linda Damiano, being duly sworn, do depose and state:

I am a Legal Assistant for the National Railroad Passenger Corporation and I am authorized to make this verification. I have read the foregoing Objections and Answers to Plaintiff's Interrogatories. These responses are true of my own knowledge or I am informed and believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 25, 2006 at Washington, D.C.

_____
Linda Damiano

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2006 I served a copy of the foregoing

Defendant National Railroad Passenger Corporation's Responses to Plaintiff Mae

Whitley's First Set of Interrogatories by first-class mail, postage prepaid on:

Leizer Z. Goldsmith, Esq.
Adam W. Marker, Esq.
The Goldsmith Law Firm, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015

Keith Fischler

- 18 -