IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID B. STEVENS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05CV1924 (RCL) |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATIONS' SUPPLEMENTAL RESPONSES TO PLAINTIFF MAE WHITLEY'S AND DAVID STEVENS' FIRST SET OF INTERROGATORIES

Defendant National Railroad Passenger Corporation ("Amtrak") by and through its undersigned counsel, hereby provides these supplemental responses to Plaintiffs David Stevens and Mae Whitley's Interrogatories. Amtrak expressly preserves its earlier objections stated in its initial responses and reincorporates these objections in this supplemental response.

## SUPPLEMENTAL ANSWERS

Interrogatory No. 2:

Plaintiff's counsel places primary importance on deposing the witnesses whom Respondent may be calling at trial. Thus, Plaintiff will be moving to strike any testimony proffered by the Defendant from witnesses who were not identified during discovery by Defendant as individuals who might be called as witnesses at trial. In order to expedite the litigation process and avoid requiring the Court to rule on a Motion to Compel, and to put Plaintiff on notice of Defendant's potential witnesses, please identify all individuals

having knowledge of any matter related to the questions at issue in this case as set forth in Plaintiff's Complaint. Include all such persons' current or last known home and business addresses, work and residence telephone numbers, dates of employment with Respondent, and job title. Describe in detail each person's knowledge, and specify those individuals whom the Defendant will call or may call as witnesses in this case. *You are under a duty to supplement your Response if and when, at any time before the trial in this case, you determine that you have discovered a new potential witness, or if you determine that you will be calling at the trial any witness previously identified but not as a "will call".*

RESPONSE:

The following employees can be contacted through defendant's counsel:

Sarah Ray
Ms. Ray works in Amtrak's HR department and has knowledge of the policies and procedures affecting Ms. Whitley's applications for promotion.

Taylor Cannon
Mr. Cannon works in Amtrak's HR department and has knowledge of the policies and procedures affecting Ms. Whitley's applications for promotion.

Lavar Freeman
Mr. Freeman works in Amtrak's HR department and has knowledge of the policies and procedures affecting Ms. Whitley's applications for promotion. Mr. Freeman also participated in one or both of Ms. Whitley's interviews for a Foreman II position.

Michael Kapela
Mr. Kapela is the head of the mechanical department in which both Ms. Whitley and Mr. Stevens worked. Mr. Kapela was also implicated in Ms. Whitley's previous lawsuit.

Bernard Campbell
Mr. Campbell supervised both Ms. Whitley and Mr. Stevens. He provided training opportunities for Ms. Whitley. He also has knowledge of Mr. Stevens' positive drug tests and the reasons underlying his termination.

- 3 -

Ron Truitt
Mr. Truitt supervised both Ms. Whitley and Mr. Stevens

Joe Louers
Mr. Louers supervised Ms. Whitley.

Michael Tally
Mr. Talley was a supervisor in the Mechanical Department.

Robert Frank
Mr. Frank was a supervisor in the Mechanical Department. Mr. Frank also participated in one or both of Ms. Whitley's interviews for a Foreman II position.

Joe Tana
Mr. Tana is the general chairman of the union representing foreman including Ms. Whitley. Mr. Tana also participated in one or both of Ms. Whitley's interviews for a Forman II position.

Margaret Tierney
Ms. Tierney works in Amtrak's Human Resources Drug and Alcohol programs. She has knowledge of Mr. Stevens' failure to complete a drug test in December 2005.

Additional persons

Ebonie Beaty
2926 10th Street, NE
Washington, DC 20017
Ms. Beaty is a former Concentra employee. She has knowledge of the circumstances surrounding Mr. Stevens' failure to complete a drug test in December 2005.

Demetria Hudley
3516 Sixth Street, SE
Washington, DC
Ms. Hudley is a former Concentra employee. She has knowledge of the circumstances surrounding Mr. Stevens' failure to complete a drug test in December 2005.

Lisa Shave
Concentra Medical Center
4451 Parliament Pl # G
Lanham, MD 20706
Ms. Shave is a supervisor at Concentra. She may have knowledge of the circumstances surrounding Mr. Stevens' failure to complete a drug test in December 2005.

Andrew McCallum
612 Barker Ten Mile Rd
Lumberton NC  28358

Mr. McCallum is a retired Amtrak employee. He may have knowledge of Ms. Whitley and/or Mr. Stevens' prior internal complaints and of investigations related to these employees' complaints.

Dated: March 19, 2007

Respectfully submitted,

KRUCHKO & FRIES

By: *John G. Kruchko/KF*
John G. Kruchko

*Keith Fischler*
Keith Fischler
DC Bar No. 377601

OF COUNSEL:

KRUCHKO & FRIES
1750 Tysons Blvd., Suite 560
McLean, Virginia 22102
(703) 734-0554

Counsel for Defendant National
Railroad Passenger Corporation

- 4 -

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2007 I served a copy of the foregoing by first-class mail, postage prepaid on:

> Leizer Z. Goldsmith, Esq.
> The Goldsmith Law Firm, LLC
> 5335 Wisconsin Avenue, NW
> Suite 440
> Washington, DC 20015

*Keith Fischler* (signature)
Keith Fischler