IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID B. STEVENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV01924-RCL |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1. Plaintiff Mae Whitley was hired by National Railroad Passenger Corporation in 1977 as a car cleaner. Transcript of the Deposition of Mae Whitley ("Whitley Dep.") at 15; *see* Second Amended Complaint at ¶ 36.

2. Whitley was promoted in 1985 to Foreman I. Whitley Dep. at 15.

3. The Foreman I position is responsible for supervising car cleaners. Transcript of the Deposition of Bernard Campbell ("Campbell Dep.") at 36.

4. In 2003, Whitley filed suit against Amtrak alleging sexual harassment and gender discrimination ("2003 suit"). Exhibit 1A to Whitley Dep.; *see* Second Amended Complaint at ¶ 37.

5. By order dated June 9, 2004, this Court granted summary judgment in favor of Amtrak and dismissed Whitley's claims with prejudice. Exhibits 1B and 1C to Whitley Dep.; *see* Second Amended Complaint at ¶ 40.

6. Whitley filed a notice of appeal. Second Amended Compliant at ¶ 41.

7. Her appeal was dismissed for lack of prosecution by Order dated November 19, 2004. Exhibit 1D to Whitley Dep.

8. Whitley repeatedly sought promotion to a Foreman II position. Transcript of the Deposition of Bernard Campbell ("Campbell Dep.") at 11.

9. Foreman II supervise Amtrak's skilled craft employees, specifically, the carmen, machnists, electricians, and pipefitter titles. Whitley Dep. at 69; Transcript of the Deposition of Sarah Ray ("Ray Dep.") at 19-20, 117.

10. To hold a Foreman II position, an employee must have direct experience working in the mechanical crafts. Exhibit A to Declaration of Sarah Ray (Foreman II position description); Ray Dep. at 53, 54, 117, 157, 161; Declaration of Robert Frank ("Frank Decl.") at ¶¶ 9-10.

11. Whitley had no direct experience working in the mechanical crafts. Whitley Dep. at 69-74; Ray Dep. at 118-19; Frank Decl. at ¶ 11; *see* Transcript of the Deposition of Joseph Tana ("Tana Dep.") at 26-27, 29-30, 97-98. (interviewers determined that Whitley was not mechanically qualified).

12. Amtrak also prefers to hire employees who hold appropriate certifications. Transcript of the Deposition of Ronald M. Truitt ("Truitt Dep.") at 38-40.

13. The Company will hire external candidates, with strong mechanical experience who do not have the required certifications with the expectation that they acquire the relevant certifications during their ninety day probationary period. Truitt Dep. at 38-39; Campbell Dep. at 80-81.

14. If a new hire fails to obtain these certifications before the conclusion of the probationary period, Amtrak would terminate his/her employment. Campbell Dep. at 30.

15. Amtrak had eleven vacancies for Foreman II positions starting in January 2004. Declaration of Sarah Ray ("Ray Decl.") at ¶ 14.

16. The Company responded to her interest in the Foreman II position by encouraging her to attend classes needed to obtain relevant certification Tana Dep. at 24, 25. The Company also agreed to pay her for the time spent in the training classes. Whitley Dep. at 83-84; Tana Dep. at 25.

17. Whitley took classes leading to the relevant certifications. She contends that she obtained the relevant certification on March 17, 2004. Whitley Dep. at 81, 89.

18. Whitley received two interviews in the Forman II selection process. Whitley Dep. at 96, 99. According to Ms. Whitley, the first interview was conducted by Sarah Ray from Amtrak's H.R. department, Robert Frank, Al Aronson, and Paul Higgs, a union representative. Whitley Dep. at 99. The second panel as made up Joe Tana, General Chairman of the Union representing the foreman, Lavar Freeman, Human Resources Representative, and Robert Frank, Assistant Superintendent Maintenance Department.

19. The Union representatives participated in these interviews only in an advisory role. The other panel members from the Maintenance Department and Human Resources were the key decision-makers. Tana Dep. at 29-30; Frank Decl. at ¶ 3; Freeman¶ 3.

20. Ms. Ray did not believe that Whitley was qualified for a Foreman II position because she did not have direct mechanical experience. Ray Decl. at ¶¶ 9-10.

21. Mr. Frank did not believe Whitley was qualified for a Foreman II position because of her performance in the interview and because she did not have direct mechanical experience. Frank Decl. at ¶ 19.

22. Mr. Freeman did not believe Whitley was qualified for a Foreman II Position because of her performance in the interview and because she did not have direct mechanical experience. Freeman Decl. at ¶ 10.

23. Whitley's interviews were fair and consistent with the interviews given to all other applicants. Tana Dep. at 141-42; Frank Decl. at ¶ 14.

24. Whitley performed poorly in her interview. Frank Decl. at ¶ 12-13; Freeman Decl. at ¶¶ 5-7, Tana Dep. at 97-98.

25. The successful candidates for the Foreman II position all had substantial mechanical experience.

| DATE VACANCY WAS FILLED | SUCCESSFUL CANDIDATE | MECHANICAL EXPERIENCE |
|---|---|---|
| January 12, 2004 | Andrew Horne | Electrician with Guyana Electric. Corp; Mechanic with General Auto repair; Electrician (4 years) with Amtrak; B.S. Electrical Engineering (Guyana) |
| January 2, 2004 | Glenn Shiffel | Electrician with Amtrak since 1998; service technician with Washington Gas Company |
| January 12, 2004 | Dean Swain | Machinist with Amtrak since 1994, worked repairing diesel engines |
| January 12, 2004 | Derrick Lindsey | Chief Operating Officer for Chart Technologies, Maintenance Supervisor for Ina Bearing Company; aircraft work for Dyncorp Aerospace Operations, Inc. |
| March 19, 2004 | Jane Ladson | Carman for Amtrak inspecting and repairing wheels and air brakes; substitute Foreman II |
| May 4, 2004 | Harold Burrows | Carman mechanic for Amtrak since 1991 inspecting airbrake systems and wheels |
| May 25, 2004 | Leslie White | Carman mechanic for Norfolk Southern Railroad for 9 years; carman for Amtrak for 3 ½ years |
| Mary 25, 2004 | Thomas Carter | Engine mechanic for U.S. Navy for 11 years; carman for Amtrak for 3 ½ years |
| September 8, 2004 | Michael Aikens | Group leader for Amtrak contractor; mechanical technician for Northrop Grumman; Quality Inspector for D.C. metro rail cars |
| October 13, 2004 | Rodney Wilson | Assistant Chief Engineer for PM Realty Group; Director of Maintenance with Hanson House; mechanical engineer with the U.S. Navy for 11 |

| | | |
|---|---|---|
| January 19, 2005 | Robert Grimes | years, working with generators, pumps and compressed air with the U.S. Navy<br>Lead GSE mechanic for 16 years for US Airways; assistant supervisor, line maintenance for Continental Airways for 2 ½ years. |

Ray Decl. at Exhibit B.

26. Whitley's credentials do not compare with any of these candidates. Whitley Dep. at 69-74; Ray Dep. at 118-119.

27. In April 2004, Whitley received discipline for failing to maintain equipment needed to perform her job. Exhibit 7 to Whitley Dep.; Campbell Dep. at 44.

28. All Foreman I received the same discipline for the same reason. Campbell Dep. at 44, 50-51.

29. Whitley did not to challenge this discipline through the grievance process. Instead, she executed a waiver and accepted a written reprimand, dated April 6, 2004. Exhibit 8 to Whitley Dep.; Tana Dep. at 63 (all foreman I executed a waiver).

30. Under Amtrak policy, employees who receive discipline are not eligible to apply for promotion for a period of one year. No successful candidate received discipline within a year of his/her promotion. Ray Dep. at 144-45.

31. Whitley stopped working for Amtrak on June 2, 2005, after she became disabled. Whitley was injured when she fell off the sidewalk. Whitley Dep. at 141.

32. She has not returned to work since this injury. Whitley Dep. at 140-41.

33. Since November 2005, she has been on long-term disability and has been taken off Amtrak's payroll. Whitley Dep. at 145.

34. At approximately the same time that Whitley went out on disability, the Company learned that she had improperly tape recorded office conversations. Whitley Dep. at 185-87.

35. This conduct violated Amtrak policy. Whitley Dep. 187-88. Whitley was aware that her conduct violated Amtrak policy. *Id.*

36. Amtrak would have terminated Whitley for this misconduct. Whitley Dep. at 191-92.

37. Whitley avoided termination because she took disability leave. Whitley Dep. at 193.

Dated: April 5, 2007

Respectfully submitted,

KRUCHKO & FRIES

By: _____/s/_____
    John G. Kruchko

_____/s/_____
Keith Fischler
D.C. Bar No. 377601

Counsel for Defendant
National Railroad Passenger Corporation

OF COUNSEL:

KRUCHKO & FRIES
1750 Tysons Blvd., Suite 560
McLean, Virginia 22102
(703) 734-0554