IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID B. STEVENS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL RAILROAD PASSENGER )<br>CORPORATION, )<br>)<br>)<br>Defendant. )<br>) | Civil Action No. 1:05CV01924-RCL |

**DEFENDANT NATIONAL RAILROAD PASSENGER
CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT REGARDING THE CLAIMS FILED BY PLAINTIFF DAVID STEVENS**

Defendant National Railroad Passenger Corporation ("Amtrak"), by counsel, in accordance with Rule 56 of the Federal Rules of Civil Procedure and Local Rule LCvR7(h) hereby submits its Memorandum in Support of its Motion For Summary Judgment Regarding the Claims Filed by Plaintiff David Stevens and, in support thereof, states as follows:

## I.   PROCEDURAL HISTORY

Plaintiffs Mae Whitley and David Stevens initiated this lawsuit about a year and a half ago, alleging discrimination and retaliation against their former employer, Amtrak. However, plaintiffs' individual claims bear no rational factual relationship to one another and are based on entirely separate circumstances. Therefore, for clarity's sake, Amtrak has filed two separate motions for summary judgment: one addressing Ms. Whitley's claims and the second addressing David Steven's claims. The following memorandum will address Stevens' claims.

## II.    STATEMENT OF FACTS

Plaintiff David Stevens began his employment for Amtrak around February 28, 1990, as a coach cleaner at Amtrak's Ivy Center Station.  Statement of Material Facts Not in Dispute ("Statement") at ¶ 1.  In 2003, Stevens tested positive for cocaine.  Statement at ¶ 2.  .As part of the agreement that allowed him to return to work, he executed a Rule G waiver.  This waiver required Stevens to submit to drug tests at any time and provided that Stevens would be terminated if he failed a drug test or refused a drug test.  Statement at 12; Exhibit 14 to the Deposition of David Stevens.

In March 2004, Stevens filed an internal complaint with Amtrak's Dispute Resolution Office, claiming his co-workers were subjecting him to a hostile work environment based on his HIV status.  Statement at 5.  Around April 9, 2004, Stevens consulted his mental health professional and took medical leave for the next five months.  Statements at ¶ 6.  While on leave, in June 2004, Stevens filed a charge of discrimination with the Equal Employment Opportunity Commission, which later issued a finding of no probable cause.  Statement at ¶ 6.

In mid December 2004, Stevens again prepared to return to work and went to Concentra Medical Center for his return to work physical and drug screen, as required by Amtrak policy.  Statement at ¶ 8.  Stevens provided a urine sample that was outside the temperature range for normal human urine specimens.  Statement at ¶ 8.  In fact, Stevens' specimen was "cold."  Statement at ¶ 8.

Stevens was required to give a second urine specimen before leaving the premises.  Statement at ¶ 9.  Stevens left the Concentra facility without giving a second urine specimen.  Statement at ¶ 10. Once Stevens left the facility without giving a second specimen, his specimen was disqualified.  Statement at ¶ 10.

Under Amtrak's written policy, if an employee leaves a testing facility before completing his drug test, the employee is considered to have refused the drug test. . Statement at ¶ 11. Such a refusal is, by itself, sufficient grounds for termination from employment. Statement at ¶ 11. Furthermore, because Stevens had signed a Rule G waiver regarding drug use, his refusal to complete the drug test was a violation of that waiver and required that his employment be terminated under Amtrak policy. Statement at ¶ 12.

In February 2005, Amtrak conducted an investigative hearing at which Stevens and his union representative were present, concluded Stevens had left the testing facility without completing his drug test in violation of Amtrak policy and Stevens' Rule G waiver, and terminated Stevens' employment. Statement at ¶ 13.

Stevens alleges that Amtrak retaliated against him by terminating his employment after Stevens complained to his supervisors about treatment he believed to be harassment and then filed a corresponding charge of discrimination with the Equal Employment Opportunity Commission. Nothing could be further from the truth. As the ensuing brief will demonstrate, Amtrak terminated Stevens' employment solely because he violated Amtrak's drug testing policy and the Rule G waiver that he signed.

### III. ARGUMENT

#### A. Standard of Review

Summary judgment is not a "disfavored procedural shortcut" but can be an appropriate way to resolve litigation and avoid the time and expense of trial. *Williams v. Verizon Washington DC, Inc.*, 266 F. Supp.2d 107, 115 (D.D.C 2003) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file and affidavits establish that there is no genuine

3

issue as to any material fact. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Williams v. Verizon Washington DC, Inc.*, 266 F. Supp.2d at 115.

In considering a motion for summary judgment, the court must credit the evidence submitted by the nonmoving party and draw all justifiable inferences in its favor." *Reeves v. Sanderson Plumbing Prods,* 530 U.S. 133, 150 (2000); *Washington Post Co. v. U.S. Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989). Nonetheless, a moving party is entitled to judgment if "a party fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial." *Dickerson v. Sectek, Inc.*, 238 F. Supp.2d 66, 72 (D.D.C. 2002) (*citing Waterhouse v. District of Columbia*, 298 F.3d 989, 992 (D.C. Cir. 2002 (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The nonmoving party's opposition must consist of more than mere unsupported allegations or denials, and must be supported by affidavits or other competent evidence. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324; see *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986) ("mere existence of a scintilla of evidence in support of the plaintiff's potion will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff"); *Dickerson v. Sectek, Inc.*, 238 F. Supp. 2d at 72-73 (nonmoving party must submit competent evidence "setting forth specific facts showing that there is a genuine issue for trial").

> "Although a court should draw all inferences from the supporting records submitted by the nonmoving party, the mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. To be material, the factual assertion must be capable of affecting the substantive outcome of the litigation; to be genuine, the issue must be supported by sufficient admissible evidence that a reasonable trier-of-fact could find for the non moving party"

*Washington v. Thurgood Marshall Academy,* 2006 U.S. Dist. LEXIS 40318, * 18 (D.D.C. 2006) (citations omitted). Under Rule 56(c), if the nonmoving party has failed to make a sufficient

showing on an essential element of his case on which he bears the burden of proof, summary judgment is warranted. *Fox v. Ciaccia,* 424 F. Supp.2d 1, 5 (D.D.C. 2006) (*quoting Celotex,* 477 U.S. at 323).

### B. Stevens Cannot State a *Prima Facie* Case of Retaliation

In his Second Amended Complaint, Stevens alleges that Amtrak unlawfully terminated his employment as retaliation for complaining to his supervisors and the Amtrak Diversity Office about alleged mistreatment based on his HIV status and filing a charge of discrimination with the EEOC, all in violation of the D.C. Human Rights Act, D.C. Code § 2-1402.61.[1] To state a *prima facie* case of retaliation under the D.C. Human Rights Act, Stevens must prove that (1) he engaged in statutorily protected activity, (2) Amtrak took adverse action against him, and (3) there was a causal connection between his protected activity and Amtrak's actions. *Morganstein v. Morgan Stanley DW Inc.,* 2007 U.S. Dist. LEXIS 6781, *16 (D.D.C. 2007). In 2006, the U.S. Supreme Court clarified the scope of the second prong of the prima facie case. *See Burlington Northern & Santa Fe Ry. v. White,* 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006). The Court concluded that Title VII's anti-retaliation provision is "not limited to discriminatory actions that affect the terms and conditions of employment." *Pegues v. Mineta,* 2006 U.S. Dist. LEXIS 59118, *16 (D.D.C. 2006) (quoting *Burlington Northern*). Stated otherwise, Stevens need not necessarily demonstrate he was subject to a traditional "adverse employment action." *Id.*[2] He must show Amtrak's actions were "harmful to the point that they could well dissuade a

---

[1] To the extent Stevens seeks to state claims based on events that transpired prior to his last leave of absence, such claims are time-barred. D.C. Stat. § 2-1403.16.

[2] A retaliation claim under the D.C. Human Rights Act is analyzed the same and is subject to the same standards as a Title VII retaliation claim. *Hunter v. Ark Rest. Corp.,* 3 F. Supp. 2d 9, 20 (D.D.C. 1998); *Washington v. Thurgood Marshall Academy,* 2006 U.S. Dist. LEXIS 40318, *41 (D.D.C. 2006)

5

reasonable worker from making or supporting a charge of discrimination." *Burlington Northern*, 126 S.Ct. at 2409, 165 L.Ed.2d at 353.

However, the Supreme Court's modification of the test's second prong matters little in this case. There is no dispute that Stevens complained to his supervisors about his co-workers behavior or that Stevens filed an internal complaint with Amtrak's Dispute Resolution Office, or that Stevens filed a charge of discrimination with the EEOC. Likewise, it is undisputed that Amtrak terminated Stevens' employment as he was trying to return from a medical leave of absence. The problem for Stevens is that there exists no causal connection between his protected activity and his termination. Stevens has produced absolutely no evidence that his termination was motivated by any of his protected activity. To date, he has only provided self-serving allegations and assertions of wrongdoing, which are insufficient to defeat a proper motion for summary judgment. *Thurgood Marshall Academy*, 2006 U.S. Dist. LEXIS 40318 at *18-19.

With no direct evidence to support a causal connection, Stevens is left to demonstrate a "very close" temporal proximity sufficient to raise an inference of a causal link. *Maden v. Chow*, 2005 U.S. Dist. LEXIS 3952, *23 (D.D.C. 2005). Amtrak terminated Stevens' employment in February 2005, following its investigative hearing into Stevens' abrupt departure from the Concentra Medical Center and his failure to complete his return-to-work drug screen. Stevens allegedly complained internally to Amtrak about his co-workers' treatment between May and July 2004. Stevens filed an internal complaint with Amtrak's Dispute Resolution Office in May 2004, took a medical leave of absence in April 2004, and filed a charge of discrimination in June 2004. Stevens' termination occurred, at a minimum, seven months (July 2004 to February 2005) after the most recent factual allegation that might be construed as "protected activity"

6

To establish a causal connection, Stevens must show that Amtrak had knowledge of his protected activity and took adverse action shortly after that activity. *Pegues*, 2006 U.S. Dist. LEXIS 59118 at *21-22. A period of seven months is flatly insufficient to establish a causal link. Even a three or four month span has been held too remote to establish a causal link for retaliation purposes. *See Maden*, 2005 U.S. Dist. LEXIS 3952 at 23 (citing *Clark County Sch. Dist. V. Breeden*, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001)). Moreover, Bernard Campbell, who was ultimately responsible for terminating plaintiff, testified in his deposition that he did not know that Stevens' had filed an EEOC charge until the day of his (Campbell's) deposition. (Deposition of Bernard Campbell ("Campbell Dep.") at 201-202, lines 16-22 and 1-9, respectively.)[3] Simply put, Stevens cannot establish a sufficient causal nexus between his termination and any of the acts he claim constitute protected activity under the D.C. Human Rights Act. Stevens' *prima facie* case therefore fails from the outset.

### B.   Stevens Cannot Show that Amtrak's Legitimate Nondiscriminatory Reason for his Termination was Pretextual

Even if Stevens could somehow make out a *prima facie* case of retaliation, his claim still ultimately fails. Once a plaintiff makes out a *prima facie* case, the employer then has an opportunity to produce evidence articulating a legitimate nondiscriminatory reason for its action. *Thurgood Marshall Academy*, 2006 U.S. Dist. LEXIS 40318 at *42. If the employer does so, the plaintiff must then respond with "substantial probative evidence" that the reason given was merely a pretext to hide the employer's true discriminatory motive. *Id*.

Here, Amtrak terminated Stevens' employment for no other reason than the fact that he failed to complete his return-to-work drug test at the Concentra Medical Center. Had Stevens

---

[3]   In addition, there is no evidence that Campbell's supervisors or anyone higher up the chain of command had knowledge of Stevens' complaints.

7

successfully completed the test (and the results found to be negative) he would have returned to work and perhaps been working at Amtrak today. Instead, Stevens voluntarily left the testing facility before giving a second specimen (since his first one was out of range). In doing so, Stevens violated longstanding Amtrak policy and his own Rule G waiver regarding drug use. (*See* Campbell Dep. at 222-223) Company policy requires termination of all employees who refuse to complete their drug screens. (Campbell Decl., ¶ 7 and attached policy ¶¶ 4.2.1.7, 4.2.2) As a result, Amtrak terminated Stevens' employment. The termination had absolutely nothing whatsoever to do with Stevens' medical leave, internal complaints of mistreatment, or his EEOC charge. As noted above, Bernard Campbell was not even aware Stevens had filed an EEOC charge when he was terminated.

Stevens has offered absolutely no evidence that demonstrates Amtrak's explanation was pretextual. Instead, Stevens relies solely on his own self-serving allegations and speculation, which is wholly insufficient to raise an inference of retaliation or defeat a proper motion for summary judgment. *Thurgood Marshall Academy*, 2006 U.S. Dist. LEXIS 40318 at *44-45

## IV.   CONCLUSION

For the foregoing reasons, defendant National Railroad Passenger Corporation respectfully requests the Court enter summary judgment in favor of defendant on all of David Stevens claims against it, dismiss his claims with prejudice, and for all other relief the Court may deem just and proper.

8

Dated: April 6, 2007

Respectfully submitted,

KRUCHKO & FRIES

By: _____/s/_____
   John G. Kruchko

_____/s/_____
Keith Fischler
D.C. Bar No. 377601

Counsel for Defendant
National Railroad Passenger
Corporation

OF COUNSEL:

KRUCHKO & FRIES
1750 Tysons Blvd., Suite 560
McLean, Virginia 22102
(703) 734-0554