IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID B. STEVENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV01924-RCL |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**OPPOSITION OF DEFENDANT NATIONAL
RAILROAD PASSENGER CORPORATION TO
PLAINTIFFS' MOTION TO PERMIT ADDITIONAL DEPOSITIONS**

Defendant National Railroad Passenger Corporation ("Amtrak") files this memorandum in opposition to plaintiffs David Stevens and Mae Whitley's motion for leave to take additional depositions and for enlargement of time to respond to Amtrak's summary judgment motions. Amtrak states that plaintiffs have scheduled ten depositions in this action, as permitted by Rule 30(a)(2) of the Federal Rules of Civil Procedure. Plaintiffs' motion should be denied because they have failed to show any reason to reopen discovery at this late date.

Plaintiffs' motion omits critical facts and, by doing so, does not provide the Court with the proper context to evaluate this discovery dispute. In fact, plaintiffs had full knowledge of the potential witnesses in this case and have had a full opportunity to take discovery. Moreover, plaintiffs have intentionally delayed filing this motion and additional discovery would prejudice Amtrak, which has already filed dispositive motions. For these reasons, as set forth below, the Court should deny plaintiffs' request to reopen discovery and allow additional depositions. The Court should also deny plaintiffs' motion for a sixty-day extension as excessive and unnecessary.

## STATEMENT OF FACTS

Plaintiffs David Stevens and Mae Whitley filed their second amended complaint in September 2005. Amtrak initially moved to dismiss both plaintiffs' claims. When these motions were denied, the parties commenced discovery.

Plaintiffs have served eight Notices of Deposition in this case, naming seventeen different deponents. (A copy of plaintiffs' Notice of Deposition, served November 27, 2006 and naming eight deponents is attached as Exhibit 1; a copy of plaintiffs' Notice of Deposition, served December 27, 2006 and naming twelve deponents is attached as Exhibit 2; a copy of plaintiffs' Revised Notice of Deposition, served January 5, 2007 and naming seven deponents is attached as Exhibit 3; a copy of plaintiffs' Second Revised Notice of Depositions, served January 23, 2007 and naming six deponents is attached as Exhibit 4; a copy of Plaintiffs' Third Notice of Depositions, served February 13, 2007 and naming four deponents is attached Exhibit 5; a copy of Plaintiffs' Fourth Notice of Deposition, served February 13, 2007 and naming one deponent is attached as Exhibit 6; a copy of Plaintiffs' Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) served on February 13, 2007 is attached as Exhibit 7; a copy of Plaintiffs' Sixth Notice of Depositions, served on February 22, 2007 and naming six deponents is attached as Exhibit 8.)

By letter dated January 3, 2007, Amtrak's counsel notified plaintiffs' counsel that Amtrak would not consent to more than ten depositions in this case. (A copy of the January 3, 2007 letter is attached as Exhibit 9.) The parties continued to discuss plaintiffs' desire to take more than ten depositions throughout the discovery period. Amtrak repeatedly reminded plaintiffs that if they wished to pursue additional depositions they should seek leave of court.

Pursuant to the Court's initial scheduling order, discovery was scheduled to close on December 31, 2006. By motion dated November 30, 2006, the parties jointly sought to extend

discovery until February 9, 2007. This motion was granted by Order dated December 1, 2006. The parties filed a second motion to extend discovery, which was also granted by Order, dated January 11, 2007. Pursuant to this most recent motion, discovery closed on March 2, 2007.

Shortly thereafter, Amtrak filed supplemental interrogatory responses. (A copy of Amtrak's supplemental interrogatory responses, served on March 19, 2007 is attached as Exhibit 10.) These responses conformed to the discovery taken to date, and listed only individuals whom plaintiffs had deposed or who had been identified by name in the depositions. No new names were raised in Amtrak's supplemental interrogatory responses.

In an effort to resolve the on-going dispute regarding plaintiffs' desire to take additional depositions, plaintiffs requested that defendants agree to one additional deposition (eleven total). Amtrak agreed to this request. At that point, plaintiffs changed their request and sought further depositions. *See* Exhibit 7 to Plaintiffs' Opposed Motion to Permit Additional Depositions Beyond the Ten Initially Permitted By Fed. R. Civ. P. 30(a)(2)(A) After the Close of Discovery, and For Enlargement of Time to Respond to Defendant's Imminent Motion for Summary Judgment ("Plaintiffs' Motion").

On April 5, 2007, Amtrak filed a motion for summary judgment regarding the claims filed by plaintiff Whitley. On April 6, 2007, Amtrak filed a motion for summary judgment regarding the claims filed by plaintiff Stevens.

1. Plaintiffs' Assertions of Surprise Are Inaccurate

Plaintiffs' assertions to the contrary, there is no surprise in this case. Plaintiffs have had full knowledge of all the persons with knowledge of the facts in this case since the discovery period began. Amtrak filed its supplemental interrogatory responses to reflect the information exchanged in discovery, not to identify any new names.

There are fifteen people identified in Amtrak's supplemental interrogatory responses. Plaintiffs have deposed nine of them and the parties have agreed to depose Andrew McCallum during the month of April.

Three of the five remaining individuals, Levar Freeman, Robert Frank and Taylor Cannon, were named in plaintiffs' earlier notices of deposition, but plaintiffs decided not to take these depositions. *See* Exhibit 1 (naming Mr. Freeman and Mr. Frank as deponents); Exhibit 2 (naming Mr. Cannon as a deponent); Exhibit 4 (naming Mr. Cannon as a deponent).

Plaintiffs certainly knew of these individuals. There is no surprise. Further, plaintiffs' assertion that Amtrak is somehow "hiding the ball," about these witnesses, when plaintiffs previously noticed the deposition of the very same witnesses is, at best, untenable. Instead, it appears plaintiffs are improperly using this motion, at least in part, to seek relief from their own litigation decisions.

The only two people not deposed or noticed for deposition are Lisa Shave and Michael Talley. Ms. Shave is an employee of Concentra Medical Group. Neither party knew about her involvement in this case until she was named in the depositions of two former Concentra employees. Further, she is not and has never been an Amtrak employee. Either party is free to contact her at any time.

Mr. Talley is an Amtrak employee. He was identified as the presiding officer in the hearing related to Mr. Stevens' termination in documents disclosed in Amtrak's initial disclosures. The relevant documents were produced in September 2006. Other than this limited role, Amtrak does not believe Mr. Tally has any knowledge relevant to this lawsuit. Amtrak has no current intention of calling Mr. Talley at trial.

Amtrak's supplemental interrogatory responses did not identify any new potential witnesses. Instead, it merely summarized what both parties learned in discovery. Plaintiffs were not surprised and knew about all of these individuals months earlier, at the beginning of discovery. This document, filed promptly after the close of discovery, provides no reason to allow plaintiffs additional discovery.

2.   Plaintiffs' Have No Right to Equitable Relief

This motion should be denied for a second reason. Plaintiffs' intentionally delayed raising this issue in a timely manner. Plaintiffs have been on notice since January 3, 2007, or for more than three months, that Amtrak would not consent to more than ten depositions and that plaintiffs would have to seek leave of the Court if they wished to pursue additional depositions. This issue came up repeatedly during discovery, but plaintiffs decided not to take action.

It is too late now, after the close of discovery and after Amtrak has filed its summary judgment motions to seek to reopen discovery. Plaintiffs intentionally delayed raising this issue and should not be allowed relief at this late date.

Further, this dispute arises solely because of plaintiffs' strategic decision to file these unrelated claims as one consolidated case.[1] As a result of this choice, they are bound by the ten deposition limit stated in Rule 30(a)(2) of the Federal Rules of Civil Procedure. If they had filed these cases separately, the limitation would not have been an issue. However, at this late date in the litigation, the Court should not allow plaintiffs' relief from their strategic decisions. Plaintiffs decided to file a consolidated case and they should be bound by the direct consequences of this choice.

---

[1]   Mr. Stevens was a coach cleaner who was terminated for walking out of a drug test before he provided a valid sample. Second Amended Complaint at ¶ 35. Ms Whitley was a Foreman I who complains that she was not promoted to a Foreman II job. Second Amended Complaint at ¶¶ 42, 48. These cases have no common facts.

3. <u>Plaintiffs Requests are Unreasonable</u>

Finally, this Motion should be denied because plaintiffs refused evenhanded efforts to resolve this discovery issue and have instead maintained unreasonable positions. Plaintiffs' changing demands made resolution impossible and they should not benefit from this unreasonable position.

Plaintiffs initially offered to resolve this discovery dispute if Amtrak would agree to the deposition of Taylor Cannon as the eleventh deposition. In an effort to avoid unnecessary litigation, Amtrak agreed to this request. *See* Exhibit 7 to Plaintiffs' Motion, Email from Keith Fischler to Leizer Z. Goldsmith, dated March 27, 2007.

Rather than proceed according to their initial offer, however, plaintiffs changed their demands. They requested additional depositions, beyond Mr. Cannon. Recognizing that plaintiffs' demands were a moving target that Amtrak could not satisfy, Amtrak refused further concessions and stated that the Court should resolve this issue.

In their Motion, plaintiffs accuse Amtrak of playing games with discovery. The record, however, establishes that Amtrak has cooperated with plaintiffs' burdensome, inconsistent discovery and has tried to work with plaintiffs to complete all depositions. If any party has behaved inappropriately, it is plaintiffs, who have increased the costs and inconvenience of discovery substantially and refused to engage in reasonable discussions to resolve this dispute regarding depositions.[2]

---

[2] Plaintiffs have been unreasonable throughout discovery. They have issued numerous Notices of Deposition, each naming different deponents. *See* Exhibits 1-8. In response to each Notice, Amtrak was required to contact the named deponents, confirm their availability for the day and time on which the deposition was noticed, schedule preparation time and prepare the witness for deposition. Amtrak spent considerable time preparing witnesses, many of whom were subsequently dropped from plaintiffs' plans and never deposed.

For this reason as well, the Court should deny plaintiffs' motion. Plaintiffs have been unwilling to work out a reasonable deposition schedule with Amtrak or to engage in good-faith negotiations to resolve this discovery dispute. The Court should not grant plaintiffs' unreasonable demands.

## CONCLUSION

Plaintiffs have taken unreasonable positions in discovery and failed to move for additional depositions in a timely manner. They now seek to reopen discovery, after two extensions of the discovery cut-off and after Amtrak has filed its summary judgment motions. Moreover, they had full, timely knowledge of all persons with knowledge of the facts of this case. Plaintiff's claim of "surprise" is directly contracted by the Notices of Deposition they served in November and December 2006, which list the very persons plaintiffs allege they first learned about through Amtrak's supplemental interrogatory responses.

Plaintiffs' motion should be denied. It is simply too late to reopen discovery and there is no reason, at this late date, to allow plaintiffs additional depositions.

Dated: April 9, 2007

Respectfully submitted,

KRUCHKO & FRIES

By: _____/s/_____
John G. Kruchko

_____/s/_____
Keith Fischler
D.C. Bar No. 377601

Counsel for Defendant
National Railroad Passenger
Corporation

OF COUNSEL

KRUCHKO & FRIES
1750 Tysons Blvd., Suite 560
McLean, Virginia 22102
(703) 734-0554