IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| David B. Stevens, et. al ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV01924-RCL |
| ) | |
| National Railroad Passenger Corporation ) | |
| ("Amtrak"), ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO PERMIT ADDITIONAL DEPOSITIONS BEYOND THE TEN INITIALLY PERMITTED BY FED. R. CIV. P. 30(a)(2)(A), AFTER THE CLOSE OF DISCOVERY, AND FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT'S IMMINENT MOTION FOR SUMMARY JUDGMENT, AND REQUEST FOR EXPEDITED RULING**

**REPLY ARGUMENT**

INTRODUCTION

Defendants have opposed Plaintiffs' Motion without ever attempting to directly rebut Plaintiffs' argument that Defendant failed to abide its obligations under the discovery rules. Defendant offers not even an excuse to explain its actions, preferring to attempt to change the subject. Defendant fails completely to address the central question: why didn't it just name their potential witnesses, as they were required to do under the rules? There is no answer forthcoming. Indeed, an extended "statement of facts" omits any attempt to justify this misconduct. Defendant attempts to whitewash its attempt to leverage its misbehavior into a denial of reasonable discovery to Plaintiffs, by referencing the fact that it finally amended its interrogatory responses, while omitting the context, which is repeated and documented in Plaintiffs' Motion—that Defendant

did so only after being pressured and after the close of discovery. Accordingly, Defendant has offered no excuse! Defendant's brief attempts to recast the issue—as our initial brief predicted—as focusing on plaintiffs' knowledge of the *existence* of the individuals they now seek to depose. The fact that Plaintiffs could ascertain that these people existed does not resolve the issue that Defendant failed to identify them as potential witnesses as required, thereby leading Plaintiff to select other deponents instead. Defendant's Opposition thereby serves, ultimately, to underscore the fact that Plaintiffs' Motion should be granted.

### DEFENDANT NOW RELIES DIRECTLY UPON THE LATE-NAMED, UNDEPOSED WITNESSES—FRANK AND FREEMAN--AS AFFIANTS IN SEEKING SUMMARY JUDGMENT, UNDERSCORING THE NEED FOR THEIR DEPOSITIONS

Plaintiffs' initial brief stated that witnesses Freeman and Frank are necessary deponents, and that, as current AMTRAK employees, Defendant certainly did not have to wait until after the close of discovery to identify them as possessing information necessary to their defenses. Had they been so named earlier, Plaintiffs could have elected to depose them within their allotted ten depositions or requested leave to take additional depositions sooner.

After Plaintiffs filed the instant Motion, Defendant moved for summary judgment, arguing that: "Finally, the undisputed testimony establishes that the decision not to promote Whitley was made by . . . Robert Frank, Assistant Superintendent, and Levar Freeman, H.R. Representative." Def's Summary Judgment Argument Brief (Whitley case) at 16. [1]

---

[1] The Court should note the absence of any citation to the record in support of Defendant's contention. Plaintiffs indeed do dispute it.

The adverse action centrally at issue in Whitley's case is Defendant's failure to promote her.  Defendant previously sought dismissal of this case based on an argument that Whitley could not prove her case on the merits.  In support of that Motion to Dismiss, it never so much as suggested that Frank and Freeman were the decision makers.  Its Interrogatory responses then failed to even identify either Frank or Freeman as a person with knowledge until after the close of discovery.   Defendant cannot point to any document reflecting the decisions allegedly made by these two individuals not to promote Whitley.  Yet, they now submit affidavits from Frank and Freeman and maintain that they were the decision makers.  Denial to Plaintiff Whitley of the opportunity to depose these witnesses would severely prejudice her under these circumstances.

### DEFENDANT'S RELIANCE FOR SUMMARY JUDGMENT ON THE FALSE DISCIPLINE OF WHITLEY, UNDERSCORES THE NEED FOR CANNON'S DEPOSITION

Defendant's Motion for Summary Judgment asserts that Plaintiff was barred by discipline from being promoted.  However, although Whitley had been in an ongoing correspondence with HR Representative Taylor Cannon regarding that discipline and her eligibility (about which Cannon's supervisor, Sarah Ray, has testified), Defendant declined to identify Cannon as a person with knowledge until *after* the close of discovery, and tried to condition a deposition of Mr. Cannon on agreement not to depose its stealth "decision makers"—Frank and Freeman (whose centrality was suddenly revealed in the summary judgment motion).  While Defendant's Opposition to

the instant Motion expresses intent to not call other witnesses (Talley) at trial, no such representation is made as to Cannon.  Plaintiffs should be permitted to depose Cannon.[2]

### WITNESS TALLEY SHOULD BE BARRED FROM TESTIFYING AT TRIAL, OR HIS DEPOSITION SHOULD BE PERMITTED

As noted, Defendant (Brf. At 4) contends that it does not plan to call witness Talley at trial.  Accordingly, he should be stricken as a potential witness.  Alternatively, for the reasons already expressed, his deposition should be permitted.

### DEFENDANT CONCEDES THAT PLAINTIFFS DISCOVERED SHAVE'S INVOLVEMENT IN THE KEY EVENTS BY TAKING OTHER DEPOSITIONS

Defendant's Motion concedes that Plaintiff was not aware of Shave until Shave's Concentra subordinates' depositions, which occurred just before the close of discovery.  Although Shave is not an employee of Defendant, she is a manager for Defendant's contractor, Concentra, whom Defendant decided to name as a potential witness only after the close of discovery.  Plaintiff should be permitted to depose her.

### JOINDER OF STEVENS' AND WHITLEY'S CASE CANNOT JUSTIFY DENYING PLAINTIFFS THE OPPORTUNITY TO TAKE DEPOSITIONS UNDER THESE FACTS

Defendant contends that the depositions should be disallowed because Plaintiffs joined Whitley's and Stevens' cases together in a single action and are subject to the presumptive ten-deposition limit.  That fact is irrelevant here.  Plaintiffs have not argued that they are not initially subject to that limit.  To the extent that Defendant may have viewed these cases as improperly joined, a timely motion to sever could have been in

---

[2]   Defendant (Brf. at 4) says it has "no current intention of calling Mr. Talley at trial."  This implies that it *does* intend to call the other witnesses.  Defendant's use of those witnesses under these facts would be prejudicial to Plaintiff, and this Court should avoid a complicated legal dispute by simply allowing the depositions.

4

order.  Having decided not to file such a motion, Defendant can hardly maintain that Plaintiffs' choices as to joinder are inappropriate to the point of justifying Defendant's serious violation of its discovery obligations.[3]

> PLAINTIFFS' CHANGING THEIR MINDS AS TO WHOM TO DEPOSE DURING THE DISCOVERY PERIOD, CANNOT JUSTIFY DENYING PLAINTIFFS THE OPPORTUNITY TO TAKE DEPOSITIONS UNDER THESE FACTS

Defendant (Brf. At 4) argues or implies that the depositions should be disallowed because Plaintiffs changed their minds as to whom depose during the discovery period. This argument is ironic in the extreme.  It was Defendant's failure to identify its potential witnesses and insistence on adherence to the ten deposition limit, as well as Plaintiffs' earnest attempts to stay within that limit, and critically, the inconsistent explanations that Defendant's various witnesses gave for the key facts, that caused the need for constant re-evaluation of which persons to depose.  It is a good thing, indeed, that Plaintiffs' counsel carefully re-evaluated whom to depose throughout the discovery period, considering how Defendant has repeatedly changed its story.  Furthermore, Defendant's protestations in this regard are utterly unpersuasive, especially considering that Defendant never sought any relief from the Court for any alleged improprieties and is merely mouthing them now to escape responsibility for its misconduct.

> CONTRARY TO DEFENDANT, THE ISSUE OF ADDITIONAL DEPOSITIONS BASED UPON DEFENDANT'S REVISED DISCOVERY RESPONSE, AROSE BEFORE DEFENDANT FILED FOR SUMMARY JUDGMENT

---

[3]  In the event that Defendant should later file an untimely Motion to Sever, this Court should deny it, remembering Defendant's fancy maneuver reflected in the instant Motion controversy, of first attempting to defeat Plaintiffs' reasonable requests as to depositions by reliance upon a ten deposition limit that applies only to a single action, then, after exhausting the bounty of benefits of that approach, pivoting to an argument that there should in fact be two separate trials.

Defendant (Brf. at 5) disingenuously states that Plaintiffs *intentionally* brought this issue up only after Defendant filed its summary judgment motions. That is simply inaccurate. In our initial brief we showed how the issue developed long before the April 6 summary judgment motions.

### DEFENDANT'S CONTENTION THAT "PLAINTIFFS CHANGING DEMANDS MADE RESOLUTION IMPOSSIBLE" IS UTTERLY FALSE

Defendant (Brf. at 6) argues that: "Plaintiffs changing demands made resolution impossible." As we showed in our initial brief, Plaintiff's willingness to agree not to depose the additional witnesses other than Cannon was at all times consistently premised on the understanding that Defendant would not pull the trick of attempting to late-name witnesses many months after its disclosures, and after Plaintiff had agreed not to seek any more depositions. As it turned out, Plaintiff's counsel was correct to ask for assurances that such would not happen, since Defendant now openly declares its intention of committing the anticipated misconduct. Plaintiffs' demands did not change. Plaintiffs' counsel asked for assurances that Defendant was indeed playing by the rules. Defendant then admitted that it was not. That hardly makes Defendant the innocent party in this dispute.

### **CONCLUSION**

For the reasons set forth in our initial brief and herein, Plaintiffs should be permitted to take the additional depositions of Taylor Cannon, Lavar Freeman, Bob Frank, Michael Talley, and Lisa Shave. Alternatively, the Court should grant leave to take the depositions of the other four witnesses, while barring Defendant from calling Talley from testifying at trial on account of its representation that it does not intend to

6

do so.  Plaintiffs further request that they be given sixty days from the date of any Order granting this Motion in whole or in part, to complete the depositions and respond to Defendant's Motions for Summary Judgment.

      PLAINTIFFS RESPECTFULLY REQUESTS AN EXPEDITED RULING ON THIS MOTION, AS A FAVORABLE RULING MAY RELIEVE THEM OF PRESENTLY COMPLETING OPPOSITIONS TO DEFENDANT'S PENDING MOTIONS FOR SUMMARY JUDGMENT, WHICH MAY THEN REQUIRE SUBSTANTIAL REVISION AFTER ADDITIONAL DEPOSITIONS OCCUR.

      Respectfully submitted,

      THE GOLDSMITH LAW FIRM, LLC

*[signature: Leizer Z. Goldsmith]*

_____
Leizer Z. Goldsmith
5335 Wisconsin Avenue NW Suite 440
Washington, D.C. 20015
Telephone: (202) 895-1506
Facsimile: (202) 318-6235
Attorney For Plaintiffs Whitley & Stevens