IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **David B. Stevens** ) | |
| ) | |
| and ) | Civil Action No. 1:05CV01924-RCL |
| ) | |
| **Mae Whitley** ) | |
|       Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| **National Railroad Passenger Corporation** ) | |
| **("Amtrak")** ) | |
|       Defendant. ) | |

### MOTION TO STRKE AFFIDAVITS BY LAVAR FREEMAN AND BOB FRANK UNDER FED. R. CIV. P. 37(C)(1)

In Defendant's Motion for Summary Judgment, Docket No. 43, Defendant relies on affidavits of Robert Frank and Lavar Freeman, identifying themselves as decision-makers in the selections sought by Whitley, namely the ones at issue in this case.  As is discussed in Plaintiff's Opposed Motion To Permit Additional Depositions Beyond The Ten Initially Permitted By Fed. R. Civ. P. 30(A)(2)(A), After The Close Of Discovery, And For Enlargement Of Time To Respond To Defendant's Imminent Motion For Summary Judgment (Docket No. 40), Plaintiff Whitley was not informed of the importance of these potential witnesses until *after* the discovery period had concluded, and Plaintiff had already conducted ten depositions in this case.

In their Motion, Plaintiffs stated that Whitley's need to depose Freeman and Frank had only ripened on March 26, 2007 when Defendant served an amended answer to Interrogatory No. 2, which asked for all persons Defendant believes has knowledge of the facts and circumstances surrounding the case.  Defendant's Amended Responses

1

increased the number of identified persons (other than Plaintiffs themselves) from 3 to 15, and thereby identified five persons whom Plaintiffs had not deposed during the discovery period. Plaintiffs further stated in their Motion that had they known Defendant was planning to rely of these witnesses, Plaintiffs might have (a) chosen to depose them within the ten deposition limit of Fed. R.Civ. P. 30(a)(2)(A) or (b) relied upon that information as a basis for seeking additional depositions within the discovery period.[1]

In Defendant's Opposition to Plaintiffs' Motion, Defendant states that Plaintiffs have had "full knowledge of all the persons with knowledge of the facts in this case since the discovery period began." This is misleading. In Plaintiff's Reply, Docket No. 46, Plaintiff pointed out (1) that Defendant failed to identify its witnesses timely under the rules, but *more importantly*, (2) that although plaintiff may have known about the *existence of the individuals* so named, plaintiff had no reason to anticipate that Defendant intended to rely on their testimony either at trial or in its dispositive motions. In fact, Defendant's inclusion of these individual's affidavits underlies the very purpose of plaintiff's *Motion To Permit Additional Depositions Beyond The Ten Initially Permitted By Fed. R. Civ. P. 30(A)(2)(A), After The Close Of Discovery*.

As stated in the Motion to Permit Additional Depositions, the adverse action centrally at issue in Whitley's case is Defendant's failure to promote her. Defendant did not identify Frank and Freeman as the decision makers in its original Motion to Dismiss, where it relied primarily on a single affidavit of Sarah Ray. Its initial Interrogatory

---

[1] Plaintiffs' own Responses to Interrogatories identified Talley as a person with relevant knowledge. Though he was not so named, Cannon was identified elsewhere as having received correspondence. Plaintiffs named over thirty-five persons with knowledge, but did not name Frank, Shave or Freeman among them.

Responses also failed to identify either Frank or Freeman as a person with knowledge. No documents in Defendant's discovery production made it self-evident that they were more important witnesses than the ones Plaintiff deposed.

It should further be noted that Plaintiff is prejudiced by Defendant's actions. First, Defendants identify new witnesses after the close of discovery. Second, they strenuously oppose Plaintiffs' efforts to enlarge discovery limitations for the purpose of deposing them. Third, they oppose an enlargement of Plaintiffs' response time to when the Court has an opportunity to rule on her motion to enlarge discovery. Had Defendant simply identified the witnesses and permitted expanded discovery, Plaintiffs would not have been prejudiced. Now, Plaintiff is faced with the unfair situation of having to respond to a Summary Mudgment Motion that relies, in part, on statements by witnesses whom Plainiffs had no realistic opportunity to depose. Defendant did not comply with its obligations as to the disclosure of the documents and witnesses and the Court should invoke the automatic sanction required by Fed. R. Civ. P. 37(c)(1) of excluding the evidence. <u>Coles v. Perry, 217 F.R.D. 1, 5-6 (D.D.C. 2003)</u>(Facciola, J.).

Defendant's counsel has been contacted concerning this instant motion and opposes it.

Respectfully submitted,

THE GOLDSMITH LAW FIRM, LLC

/s/

_____
Leizer Z. Goldsmith
5335 Wisconsin Avenue NW Suite 440
Washington, D.C. 20015
Telephone: (202) 895-1506
Facsimile: (202) 318-6235
Attorney For Plaintiffs Whitley & Stevens