## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

_____

**David B. Stevens**                                )
                                                     )
**and**                                              ) **Civil Action No. 1:05CV01924-RCL**
                                                     )
**Mae Whitley**                                      )
       **Plaintiffs**                         )
                                                     )
      **v.**                                 )
                                                     )
**National Railroad Passenger Corporation**          )
**("Amtrak")**                                       )
       **Defendant.**                        )
_____)


### WHITLEY'S RESPONSE TO DEFENDANT'S "STATEMENT OF FACTS MATERIAL FACTS NOT IN DISPUTE " IN SUPPORT OF MAE WHITLEY'S OPPOSITION TO DEFENDANT'S MOTION TO FOR SUMMARY JUDGMENT

     1.     Plaintiff Mae Whitley was hired by National Railroad Passcngcr Corporation in 1977 as a car cleaner.

     **Admitted.**

     2.     Whitley was promoted in 1985 to Foreman I.

     **Admitted.**

     3.     The Foreman I position is responsible for supervising car cleaners.

     **Admitted.**

     4.     In 2003, Whitley filed suit against Amtrak alleging sexual harassment and gender discrimination.

     **Admitted.**

     5.     By order June 9, 2004, this Court granted summary judgment in favor of Amtrak and dismissed Whitley's claims with prejudice.

     **Admitted.**

     *6.*     Whitley filed a Notice of Appeal.
     **Admitted.**

7.      Her appeal was dismissed for lack of prosecution by Order dated November 19, 2004.

**Admitted**

8.      Whitley repeatedly sought promotion to a Foreman II position.

**Admitted.**

9.      Foremen II supervise Amtrak's skilled craft employees, specifically the Carmen, machinists, electricians, and pipefitter titles.

**Admitted.**

10.     To hold a Foreman II position, an employee must have direct experience working in the mechanical craft.

**Denied.**

11.     Whitley had no direct experience working in the mechanical craft.

**Denied.**

12.     Amtrak also prefers to hire employees who hold appropriate certifications.

**Denied**

13.    The Company will hire external candidates, with strong mechanical experience who do not have the required certifications with the expectation they acquire the relevant certifications during their ninety day probationary period.

**Denied**

14.     If a new hire fails to obtain these certification before the conclusion of the probationary period, Amtrak would terminate his/her employment.

**Denied.**

15.     Amtrak had eleven vacancies for Foreman II positions starting in January 2004.

**Denied.**

16.     The Company responded to her interest in the Foreman II position by encouraging her to attend classes needed to obtain certification.  The Company also

agreed to pay her for the time spent in the training classes.

**Admitted that Campbell encouraged her to take training classes and Amtrak paid for those classes.**

17.    Whitley took classes leading to the relevant certifications.

**Admitted**

18.    Whitley received two interviews in the Foreman II selection process.

**Admitted**

19.    The Union representatives participated in these interviews only in an advisory role.  The other panel members from the maintenance department and Human Resources were the key decision makers.

**Denied.**

20.    Ms. Ray did not believe that Whitley was qualified for a Foreman II position because she did not have mechanical experience.

**Denied.**

21.    Mr. Frank did not believe Whitley was qualified for a Foreman II position because of her performance in the interview and because she did not have direct mechanical experience.

**Denied**

22.    Mr. Freeman did not believe Whitley was qualified for a Foreman II position because of her performance in the interview and because she did not have direct mechanical experience.

**Denied**

23.    Whitley's interviews were fair and consistent with the interviews given to all other applicants.

**Denied**

24.    Whitley performed poorly in the interview.

**Denied.**

25.    The successful candidates for the Foreman II positions all had substantial

mechanical experience.

**Denied.**

26.    Whitley's credentials do not compare with any of these candidates.

**Denied.**

27.    In April 2004, Whitley received discipline for failing to maintain equipment needed to perform her job.

**Denied.**

28.    All Foreman I received the same discipline for the same reason.

**Denied.**

29.    Whitley did not challenge this discipline through the grievance process.

**Admitted.**

30.    Under Amtrak policy, employees who receive discipline are not eligible to apply for promotion for a period of one year. No successful candidate received discipline within a year of his or her promotion.

**Denied.**

31.    Whitley stopped working for Amtrak on June 2, 2005, after she became disabled. Whitley was injured when she fell off the sidewalk.

**Denied. Admitted** only that Whitley stopped working for Amtrak on June 2, 2005, after she was injured when she fell off the sidewalk.

32.    She has not returned to work since the injury.

**Admitted.**

33.    Since November 2005, she has been on long term disability and taken off Amtrak's payroll.

**Admitted.**

34.    At approximately the same time that Whitley went out on disability, the Company learned that she had improperly tape recorded office conversations.

**Denied.**

35.    This conduct violated Amtrak policy. Whitley was aware her conduct violated Amtrak policy.

**Denied.**

36.    Amtrak would have terminated Whitley for the misconduct.

**Denied.**

37.    Whitley avoided termination because she took disability leave.

**Denied.**

Respectfully submitted,

THE GOLDSMITH LAW FIRM

_____

Leizer Z. Goldsmith
D.C. Bar No. 419544
1900 L Street, N.W., Suite 614
Washington, D.C. 20036
Telephone: (202) 775-0040
Facsimile: (202) 318-0798
Attorney For Plaintiff