

## GEORGETOWN UNIVERSITY LAW CENTER

### INSTITUTE FOR PUBLIC REPRESENTATION

Hope M. Babcock
Angela J. Campbell
David C. Vladeck
Directors

Eric D. Albert+*
James A. Bachtell
Lisa Goldman
Karen Henein+**
Richard McKewen
Staff Attorneys

600 New Jersey Avenue, NW, Suite 31?
Washington, DC 20001-207$
Telephone: 202-662-953$
TDD: 202-662-953$
Fax: 202-662-963⁴
Writer's Direct Dial: 202-662-954$
Writer's E-mail: rm322@law.georgetown.edu

July 27, 2004

**VIA FEDERAL EXPRESS STANDARD OVERNIGHT**

Melissa Rogers, Esq.
National Railroad Passenger Corporation
Law Department
60 Massachusetts Ave.
Washington, DC 20002

EXHIBIT
58
2/9/07  ekv

RE:  David Stevens

Dear Ms. Rogers:

Early in July, my client David Stevens received a letter dated July 1, 2004, from Assistant Superintendent Bernard Campbell demanding that Mr. Stevens submit a "Treating Physician Medical Status Report" to Amtrak's Medical Department in Philadelphia. This Status Report, according to the letter, was required to substantiate Mr. Stevens' current medical leave of absence. In response to that letter, Mr. Stevens' treatment provider forwarded the requested documentation to Amtrak Medical. I have enclosed a copy of the July 1 letter from Mr. Campbell and the Status Report that was submitted to the medical department.

Yesterday Mr. Stevens received a similar letter dated July 23, 2004, from Mr. Campbell, which states that, according to Dr. Pinsky of Amtrak Medical, the documentation Mr. Stevens submitted "is not sufficient to support [Mr. Stevens'] absence." According to Dr. Pinsky (as quoted in the letter) "'Pending Litigation, hostile work environment' are not legitimate medical reasons for this absence." The letter purports to "issue [Mr. Stevens] a direct order" to provide "documentation to substantiate [his] absence on are [sic] before August 6, 2004." According to the letter, if Mr. Stevens fails to do so, he will be considered as having resigned. A copy of this letter is also enclosed.

I am troubled by Mr. Campbell's letters. First, Dr. Pinsky's characterization of the medical reasons for Mr. Stevens' absence completely ignores Mr. Stevens' clinical diagnosis of "Bipolar Disorder II (296.89) exacerbated by full blown AIDS," as indicated in the Status Report. The Report makes clear that Mr. Stevens' disability would be *exacerbated* by returning to a hostile work environment. The hostile work environment itself is not the source of Mr. Stevens' disability.

+ Practice Supervised by Members of the D.C. Bar
* Admitted to the New York Bar only   ** Admitted to the Maryland Bar only

Stevens 0121

Melissa Rogers, Esq.                                                                                    page 2
July 27, 2004

    Second, it was only after Mr. Stevens retained counsel to pursue claims of discrimination against Amtrak that Mr. Campbell began to question Mr. Stevens' need for medical leave. As explained in my letters to you dated May 21 and June 21, 2004, Mr. Stevens' claims arise, in substantial part, from the actions of Mr. Campbell. These latest threats of termination from Mr. Campbell can therefore only be taken as evidence of retaliation.

    Ever since Mr. Stevens' initial exposure to a hostile work environment, he has made a good faith effort to resolve this matter amicably, and he has dutifully complied with Amtrak's repeated administrative demands. He first spoke with his supervisors about the discrimination he suffered in the workplace; he then filed a complaint with the Dispute Resolution Office; he has, through counsel, attempted to begin a dialogue whereby his claims may be informally resolved; on June 21, 2004, he requested a reasonable accommodation of his disability, i.e., a transfer out of the hostile work environment into another department; and he has submitted regular Status Reports to Amtrak Medical concerning his medical leave of absence. All of Mr. Stevens' efforts to date, however, have been to no avail. He continues to receive threatening communications from Mr. Campbell, and Amtrak has failed to respond to his request for a transfer to another department.

    I believe that it would be in Amtrak's best interest for you to insure that the threats from Mr. Campbell and Dr. Pinsky cease, and that the company act quickly on Mr. Stevens' request for a transfer.

    Thank you for your attention to this matter. I look forward to your quick response

                                      Very truly yours,

                                      Richard McKewen

Enclosures (as stated)

Stevens 0122