IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| David B. Stevens )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>National Railroad Passenger Corporation )<br>("Amtrak") )<br>)<br>Defendant. )<br>) | Case No. 1:05CV01924-RCL |

## DEFENDANTS NATIONAL RAILROAD PASSENGER CORPORATION'S RESPONSE TO PLAINTIFF DAVID STEVENS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant National Railroad Passenger Corporation ("Amtrak") by and through its undersigned counsel, hereby responds or otherwise states its objections to Plaintiff David Stevens' Request for Production of Documents.

To the extent each request is reasonably calculated to lead to discoverable evidence and is otherwise unobjectionable, Amtrak will provide the documents sought in these document requests. Amtrak will also produce documents that contain confidential business information and confidential personal information about its current and former employees pursuant to an appropriate Protective Order. In addition, Amtrak reserves the right to supplement these answers as subsequent information is discovered.

## GENERAL OBJECTIONS

Amtrak objects generally to any Document Request that seeks information protected by the attorney-client privilege or the work product privilege afforded to Amtrak's counsel in this litigation.

1

Amtrak also objects generally to those documents requests that seek information without stating the period of time for which responsive information is sought.

Amtrak objects to Plaintiffs' "Instructions" and "Definitions" to the extent that Plaintiffs seek to impose on Amtrak obligations in addition to or different from those set forth in the Federal Rules of Civil Procedure.

Amtrak object to these Requests for Production of Documents to the extent they impose undue burden and expense on Amtrak.

Amtrak objects to these Requests for Production of Documents to the extent they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence or otherwise exceeds the scope of permissible discovery.

Amtrak object to these Requests for Production of Documents to the extent they seek information that constitutes trade secrets, confidential and proprietary information, or information that invades the privacy of any person who is not a party to this litigation. Subject to other objections, Amtrak will only produce such information subject to an appropriate Protective Order.

Amtrak objects to these Requests for Production of Documents to the extent they require a legal conclusion on behalf of Amtrak.

Amtrak objects to these Requests for Production of Documents to the extent they are so vague, ambiguous, overbroad, or unduly burdensome as not to be susceptible to a good faith response.

Amtrak objects to these Requests for Production of Documents to the extent they seek information that is (1) not in Amtrak's possession, custody or control, (2) already within the control of the Plaintiff; or (3) equally available to the Plaintiff.

Amtrak reserves the right to raise additional objections as may be appropriate upon further discovery and review of the requested information.

## REQUESTS

**REQUEST NO. 1:**
Produce all documents that relate to Defendant's responses to Plaintiff's First Set of Interrogatories—including, but not limited to, documents used and relied on in responding to Plaintiff's First Set of Interrogatories.

RESPONSE: Amtrak will produce all responsive, non-privileged documents.

**REQUEST NO. 2:**
Produce all regulations, policy statements, employee handbooks, manuals or other documents in effect between 2000-2005, that set forth the personnel policies and procedures of the Defendant that relate to the issues of harassment and employee misconduct.

RESPONSE: Amtrak objects to this Request on the grounds that it is overly broad and unduly burdensome. Amtrak further objects to this Request on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and is unlikely to lead to the discovery of admissible evidence. Without waiving its objections Amtrak states that it will produce a copy of the relevant policies. Bates Nos. 245-350, 569-785, 1047-1069, 107-1092, 1104, 1174.

**REQUEST NO. 3:**
Produce a copy of any documents relating to the drug testing by Amtrak, including any documents relating to "Rule G" and/or the application of "Rule G."

RESPONSE: Amtrak objects to this Request on the grounds that it is overly broad and unduly burdensome. Amtrak further objects to this Request on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and is unlikely to lead to the discovery of admissible evidence. Without waiving its objections Amtrak states that it will produce a copy of the relevant collective bargaining agreement and its drug and alcohol testing policies. Bates Nos. 569-785, 1104-1174.

**REQUEST NO. 4:**
Produce any and all organization charts concerning personnel at Amtrak's Union Station and Service and Inspection (Ivy City) locations. In your response, include any and all organizational charts that include positions ever encumbered David Stevens, his coworkers, and his supervisors.

RESPONSE: Amtrak will produce all available, non-privileged responsive documents. Bates Nos. 1193-1103.

REQUEST NO. 5:
Produce the complete official personnel folders, and any and all other files, records, or electronic records maintained by any supervisors or management officials of Defendant, whether or not contained within the official personnel file, regarding David Stevens, Bernard L. Campbell, and Michael Capella, including but not limited to documents relating to the performance and/or conduct of these individuals, and any complaints of discrimination, harassment or other alleged misconduct made by and/or against any of these individuals.

RESPONSE: Amtrak objects to this Request on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and is unlikely to lead to the discovery of admissible evidence. Amtrak further objects tot his request to the extent it seeks confidential information about persons who are not parties to the lawsuit. Without waiving its objections, Amtrak states it will produce the personnel file of David Stevens. Bates Nos. 384-506, 507-568.

REQUEST NO. 6:
Produce all disciplinary rules, guidelines, or written practices, which applied to Stevens at any time during his employment.

RESPONSE: Amtrak objects to this request on the grounds that is overly broad and unduly burdensome. Stevens was employed by Amtrak for approximately fourteen years. Amtrak further objects to this request on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence. Without waiving its objections, Amtrak states it will produce a copy of the relevant collective bargaining agreement and the Standards of Excellence in effect for the period of time covered by the Second Amended Complaint. Bates Nos. 569-785, 1175-1184.

REQUEST NO. 7
Produce any other memoranda, e-mail, logs, or records, not produced above, which relate or refer to Mr. Stevens, including but not limited to, his job performance and his conduct at work.

RESPONSE: Amtrak objects to this request on the grounds that it is vague and ambiguous. Amtrak further objects to this request on the grounds that it is overly broad and unduly burdensome. Amtrak further objects to this request on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence. Without waiving its objections, Amtrak states that it will produce all non-privileged, responsive documents in its possession relating to the subject matter of this lawsuit.

REQUEST No. 8:
Produce any and all notes, memoranda or other writings generated by Defendants or its employees, which relate to the allegations of hostile environment or discrimination, as set forth in the Complaint.

4

RESPONSE: Amtrak objects to this request on the grounds that it is vague and ambiguous. Amtrak further objects to this request on the grounds that it is overly broad and unduly burdensome. Amtrak further objects to this request on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence. Without waiving its objections, Amtrak states that it will produce all non-privileged, responsive documents in its possession relating to the subject matter of this lawsuit. Bates Nos. 515-541; 786-1043; 1185-1375.

REQUEST No. 9:
Produce all disciplinary rules, guidelines, or written practices, which applied to David Stevens at any time during his employment.

RESPONSE: See response to Request No. 6.

REQUEST No. 10:
Produce any and all notes, memoranda or other writings generated by Defendants or its employees, which relate, in any way, to allegations brought by David Stevens.

RESPONSE: Amtrak objects to this Request to the extent it seeks documents covered by the attorney client privilege or the work product privilege. Without waiving its objections, Amtrak refers plaintiff to its response to Request No. 8.

REQUEST No. 11:
Produce any and all non-privileged correspondence in your possession relating in any way to David Stevens.

RESPONSE: Amtrak objects to this request on the grounds that it is overly broad and unduly burdensome. Amtrak further objects to this request on the grounds that seeks information that is irrelevant to the subject matter of this lawsuit and is unlikely to lead to the discovery of admissible evidence. Amtrak states that it will produce all non-privileged correspondence in its possession relating to the subject matter of this lawsuit.

REQUEST NO. 12:
Provide copies of all employee handbooks, human resources policies, policy and procedure manuals, rules or regulations and other statements of Amtrak and personnel policies and practices that applied to Stevens during the period of her [sic] employment by Defendant.

RESPONSE: Amtrak objects to this Request on the grounds that it is overly broad and unduly burdensome. Amtrak further objects to this Request on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and is unlikely to lead to the discovery of admissible evidence. Without waiving its objections, Amtrak refers plaintiff to its response to Request No. 2.

REQUEST NO. 13:
Produce all personnel files and/or any notes, memoranda, reports or other documents pertaining to any current and/or former employees to which Rule G (or any similar Rule) was applied. Be advised that upon request, Plaintiffs are prepared to enter into an agreement or stipulation limiting their use of such information to the instant litigation. Accordingly, no Privacy Act objection to this Request would be proper.

RESPONSE: Amtrak objects to this request on the grounds that it is overly broad and unduly burdensome. Amtrak further objects to this request on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence. Amtrak further objects to this request to the extent it seeks confidential information abut persons who are not parties to this lawsuit. Without waiving its objections, Amtrak states it will produce the personnel file of David Stevens. Bates Nos. 384-506.

REQUEST NO. 14:
Produce any and all documents that indicate that Mr. Stevens notified and/or failed to notify management and/or any employee assistance unit about any harassing conduct directed toward Mr. Stevens.

RESPONSE: Amtrak objects to this request on the grounds that it is overly broad and unduly burdensome. Amtrak further objects to this request on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence. Without waiving its objections, Amtrak refers plaintiff to its response to Request No. 8. Bates Nos. 515-541; 786-1043; 1185-1375.

REQUEST NO. 15:
Produce any notes, memoranda, reports or other documents in the possession of the Defendant that relate to any meetings or discussions conducted by or participated in by Defendant's employees that relate to the decision to terminate Mr. Stevens' employment.

RESPONSE: See Bates Nos. 1185-1375.

REQUEST NO. 16:
All documents reflecting, referring to or concerning discussions concerning the allegations of this lawsuit, in which any managers, officers, or supervisors of Defendant participated. Include all documents pertaining to the complaints of discrimination, harassment, and unfair treatment by Mr. Stevens.

RESPONSE: Amtrak objects to this request on the grounds that it is vague and ambiguous. Amtrak further objects to this request on the grounds that it is overly broad and unduly burdensome. Amtrak further objects to this request on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence. Amtrak further objects to this request to the

extent it seeks documents that are covered by the attorney-client privilege or the work product doctrine. Without waiving its objections, Amtrak states that it will produce all non-privileged, responsive documents in its possession relating to the subject matter of this lawsuit. Bates Nos. 515-541, 786-1043, 1185-1375.

REQUEST NO. 17:
Any tapes, transcripts, telephone messages, phone logs, voice recordings or other records you have of Mr. Stevens or which mention or relate to Mr. Stevens.

RESPONSE: Amtrak objects to this check labor files

REQUEST NO. 18:
All documents which support or negate any defenses described in your Answer.

RESPONSE: Amtrak will produce all responsive, non-privileged documents in its possession.

REQUEST NO. 19:
All documents you may offer as exhibits at the trial of this case.

RESPONSE  Amtrak objects to this Request to the extent it seeks to impose on Amtrak obligations in addition to or different from those set forth in the Federal Rules of Civil Procedure and the Scheduling and Procedures Order entered in this case. Amtrak states that it has not yet determined the exhibits it will use at the trial of this matter. Amtrak will identify its trial exhibits in compliance with the Court's Orders.

REQUEST NO. 20:
Produce all documents reflecting the business arrangement between AMTRAK and Concentra, which led to Mr. Stevens being ordered to take a urine test at Concentra's facilities.

RESPONSE: Amtrak objects to this request on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence.

REQUEST NO. 21:
Produce any and all correspondence between Concentra and AMTRAK relating to David Stevens.

RESPONSE: Amtrak will produce all responsive, non-privileged documents in its possession. Bates Nos. 1-92.

REQUEST 22:
Produce any and all documents relating to any internal investigations or inquiries, or any interactions conducted by AMTRAK or Concentra, relating to Mr. Stevens' alleged failure to complete his required drug test.

7

RESPONSE: Amtrak will produce all responsive, non-privileged documents in its possession. Bates Nos. 1-92, 245-350.

REQUEST NO. 23
Produce any and all documents reflecting any results from urine testing undertaken by David Stevens at Concentra.

RESPONSE: Amtrak will produce all responsive, non-privileged documents in its possession. Bates Nos. 1-92, 245-350.

REQUEST NO. 24:
Produce any and all documents that support or negate in any way, your defense that Mr. Stevens was terminated for failing to complete a urine test at Concentra's facilities.

RESPONSE: Amtrak will produce all responsive, non-privileged documents in its possession. Bates Nos. 1-92, 245-350, 1185-1375.

Dated: September 25, 2006

Respectfully submitted,

KRUCHKO & FRIES

By: *John G. Kruchko /KF*
John G. Kruchko

*Keith Fischler*
Keith Fischler
DC Bar No. 377601

OF COUNSEL:

KRUCHKO & FRIES
1750 Tysons Blvd., Suite 560
McLean, Virginia 22102
(703) 734-0554

Counsel for Defendant
National Railroad Passenger
Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2006 I served a copy of the foregoing Defendant National Railroad Passenger Corporation's Responses to Plaintiff David Stevens' First Request for Production of Documents by first-class mail, postage prepaid on:

>   Leizer Z. Goldsmith, Esq.
>   Adam W. Marker, Esq.
>   The Goldsmith Law Firm, LLC
>   5335 Wisconsin Avenue, NW
>   Suite 440
>   Washington, DC 20015

_____
Keith Fischler

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| David B. Stevens )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>National Railroad Passenger Corporation )<br>("Amtrak") )<br>)<br>    Defendant. )<br>_____) | Case No. 1:05CV01924-RCL |

### DEFENDANTS NATIONAL RAILROAD PASSENGER CORPORATION'S RESPONSE TO PLAINTIFF MAE WHITLEY'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant National Railroad Passenger Corporation ("Amtrak") by and through its undersigned counsel, hereby responds or otherwise states its objections to Plaintiff Mae Whitley's Request for Production of Documents.

To the extent each request is reasonably calculated to lead to discoverable evidence and is otherwise unobjectionable, Amtrak will provide the documents sought in these document requests. Amtrak will also produce documents that contain confidential business information and confidential personal information about its current and former employees pursuant to an appropriate Protective Order. In addition, Amtrak reserves the right to supplement these answers as subsequent information is discovered.

### GENERAL OBJECTIONS

Amtrak objects generally to any Document Request that seeks information protected by the attorney-client privilege or the work product privilege afforded to Amtrak's counsel in this litigation.

1

Amtrak also objects generally to those documents requests that seek information without stating the period of time for which responsive information is sought.

Amtrak objects to Plaintiffs' "Instructions" and "Definitions" to the extent that Plaintiffs seek to impose on Amtrak obligations in addition to or different from those set forth in the Federal Rules of Civil Procedure.

Amtrak object to these Requests for Production of Documents to the extent they impose undue burden and expense on Amtrak.

Amtrak objects to these Requests for Production of Documents to the extent they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence or otherwise exceeds the scope of permissible discovery.

Amtrak object to these Requests for Production of Documents to the extent they seek information that constitutes trade secrets, confidential and proprietary information, or information that invades the privacy of any person who is not a party to this litigation. Subject to other objections, Amtrak will only produce such information subject to an appropriate Protective Order.

Amtrak objects to these Requests for Production of Documents to the extent they require a legal conclusion on behalf of Amtrak.

Amtrak objects to these Requests for Production of Documents to the extent they are so vague, ambiguous, overbroad, or unduly burdensome as not to be susceptible to a good faith response.

Amtrak objects to these Requests for Production of Documents to the extent they seeks information about claims that were or could have been included in plaintiff's complaint in Case No. 1:03cv636. All claims covered by this action were resolved when

Case No. 1:03cv636 was dismissed. Plaintiff is precluded by the doctrine of res judicata from re-litigating these issues.

Amtrak objects to these Requests for Production of Documents to the extent they seek information that is (1) not in Amtrak's possession, custody or control, (2) already within the control of the Plaintiff; or (3) equally available to the Plaintiff.

Amtrak reserves the right to raise additional objections as may be appropriate upon further discovery and review of the requested information.

## REQUESTS

REQUEST NO. 1:
Produce all documents that relate to Defendant's responses to Plaintiff's First Set of Interrogatories—including, but not limited to, documents used and relied on in responding to Plaintiff's First Set of Interrogatories.

RESPONSE: Amtrak will produce all responsive, non-privileged documents.

REQUEST NO. 2:
Produce all regulations, policy statements, employee handbooks, manuals, collective bargaining agreements, or other documents, in effect between 2003 and 2005, that set forth the personnel policies and procedures of the Defendants that relate to the issues of harassment and employee misconduct.

RESPONSE: Amtrak objects to this Request on the grounds that it is overbroad and unduly burdensome. Amtrak further objects to this Request on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and is unlikely to lead to the discovery of admissible evidence. Amtrak further objects to this request to the extent it seeks information about events that were covered by plaintiff's complaint in Case No. 1:03cv636. All claims covered by this action were resolved when Case No. 1:03cv636 was dismissed. Plaintiff is precluded by the doctrine of res judicata from re-litigating these issues. Without waiving its objections, Amtrak states that it will produce a copy of the relevant policies. Bates Nos. 1612-1725; *see* Stevens Bates Nos. 1047-1092, and standards of excellence.

REQUEST NO. 3
Produce a copy of any and all documents, including but not limited to personnel documents, policy manuals, schedules, and guidelines, relating to Foreman II training. Please include all documents identifying and reflecting the occasions when Amtrak provided Foreman II training between 2002 and 2005, criteria used to determine who

3

qualified for and would be provided such training, and the promotion potential and/or job placement potential inuring to such employees after such training was completed.

RESPONSE: Amtrak objects to this Request on the grounds that it is overbroad and unduly burdensome. Amtrak further objects to this request to the extent it seeks information about Foreman II training courses that were covered by plaintiff's complaint in Case No. 1:03cv636. All claims covered by this action were resolved when Case No. 1:03cv636 was dismissed. Plaintiff is precluded by the doctrine of res judicata from re-litigating these issues. Thus, any questions about such training classes are irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence. Without waiving its objections, Amtrak states that it has not offered any additional foreman II training courses.

REQUEST NO. 4
Produce a copy of any and all documents that relate to the advertising for, interviewing for, and selection of candidates for Foreman II positions from 2003 to 2005. Include all application materials for the successful, and unsuccessful applicants.

RESPONSE: Amtrak objects to this Request on the grounds that it is overbroad and unduly burdensome. Amtrak further objects to this request to the extent it seeks information about Foreman II training courses that were covered by plaintiff's complaint in Case No. 1:03cv636. All claims covered by this action were resolved when Case No. 1:03cv636 was dismissed. Plaintiff is precluded by the doctrine of res judicata from re-litigating these issues. Thus, any questions about such training classes are irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence. Without waiving its objections, Amtrak refers plaintiff to the job files for the Foreman II vacancies in Washington, DC during the relevant time period. Bates Nos. 828-1590.

REQUEST NO. 4
Produce any and all organization charts and other documents reflecting personnel involved in any way in the facts relevant to Mae Whitley's claims, including, but not limited to, personnel at Amtrak's Ivy City location.

RESPONSE: Amtrak objects to this request o the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence. Without waiving it objections, Amtrak states it will produce an organization chart for the personnel at Amtrak's Ivy City facility.

REQUEST NO. 5
Produce the complete official personnel folders, and any and all other files, records, or electronic records maintained by any supervisors or management officials of Defendant, whether or not contained within the official personnel file, regarding Mae Whitley, Bernard L. Campbell, and Michael Capella, including but not limited to documents relating to the performance and/or conduct or alleged misconduct of these individuals, and any complaints made by and/or against any of these individuals.

4

RESPONSE: Amtrak objects to this request on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence. Amtrak further objects to this request to the extent it seeks confidential information abut persons who are not parties to this lawsuit. Without waiving its objections, Amtrak states it will produce the personnel file of Mae Whitley. Bates Nos. 1-158; 203-394, 406-554.

REQUEST NO. 6
Produce all disciplinary rules, guidelines, or written practices, which applied to Mae Whitley at any time during her employment.

RESPONSE: Amtrak objects to this request on the grounds that is overly broad and unduly burdensome. Whitley has been employed by Amtrak for more than twenty-nine years. Amtrak further objects to this request on the grounds that it seeks information that is irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence. Amtrak further objects to this request to the extent it seeks information about periods of time that were covered by her complaint filed in Case No. 1:03cv636. All claims covered by this action were resolved when Case No. 1:03cv636 was dismissed. Plaintiff is precluded by the doctrine of res judicata from re-litigating these issues. Without waiving its objections, Amtrak states it will produce a copy of the relevant policies in effect for the period of time covered by the Second Amended Complaint.

REQUEST NO. 7
Produce all documents relating, in any way, to the promotion of individuals holding Foreman I positions to Foreman II positions between 2003 and 2005, including, but not limited to, job announcements, applications, rating panel documentation (if any) and selection memoranda (if any).

RESPONSE: Amtrak further objects to this request to the extent it seeks information about foreman II positions, which was covered by her complaint filed in Case No. 1:03cv636. All claims covered by this action were resolved when Case No. 1:03cv636. 1:03cv636 was dismissed. Plaintiff is precluded by the doctrine of res judicata from re-litigating these issues. Thus, any questions about such position or promotions are irrelevant to the subject matter of this lawsuit and unlikely to lead to the discovery of admissible evidence. Without waiving its objections, Amtrak states that after conducting a reasonable search, it has been unable to find any documents responsive to this request.

REQUEST NO. 8:
Produce any and all notes, memoranda or other writings generated by Defendants or its employees, which relate, in any way, to allegations brought by Mae Whitley.

RESPONSE: Amtrak objects to this request on the grounds it is vague and ambiguous. Without waiving its objections, Amtrak states that it will produce all non-

privileged responsive documents in its possession relating to the subject matter of this lawsuit.

REQUEST NO. 9:
Produce any and all non-privileged correspondence in your possession relating to Mae Whitley.

RESPONSE: Amtrak objects to this request on the grounds that it is overly broad and unduly burdensome. Amtrak further objects to this request on the grounds that seeks information that is irrelevant to the subject matter of this lawsuit and is unlikely to lead to the discovery of admissible evidence. Without waiving its objections, Amtrak states that it will produce all non-privileged correspondence in its possession relating to the subject matter of this lawsuit.

REQUEST NO. 10:
Produce copies of all applications for Foreman II positions between 2003-2005.

RESPONSE: Amtrak objects to this request on the grounds that it is overly broad and unduly burdensome. Amtrak further objects to this request on the grounds that seeks information that is irrelevant to the subject matter of this lawsuit and is unlikely to lead to the discovery of admissible evidence. Without waiving its objections, Amtrak states that it will produce the copies of the applications for Foreman II positions during the relevant time period for its Ivy City facility. See response to Request Nos. 7 and 15.

REQUEST NO. 11:
Produce all documents relied upon in evaluating the merits of any of the applicants for the any of the positions referenced in the Interrogatories, Document Requests, and respective responses. Representative documents include, but are not limited to: the crediting plan, job announcements, and selection certificates.

RESPONSE: Amtrak objects to this request on the ground s that it is vague and ambiguous. Amtrak further objects to this request on the grounds that it is overly broad and unduly burdensome. Amtrak further objects to this request on the grounds that seeks information that is irrelevant to the subject matter of this lawsuit and is unlikely to lead to the discovery of admissible evidence. Without waiving its objections, Amtrak refers plaintiff to its response to Request No. 10.

REQUEST NO. 12:
Provide all files in which Mae Whitley is identified, which are or have been maintained by the Defendant.

RESPONSE: Amtrak objects to this request on the grounds that it is overly broad and unduly burdensome. To respond to this request, Amtrak would be compelled to review every file in its possession to determine the files in which Whitley is identified. Amtrak further objects to this request on the grounds that it is vague and ambiguous. Amtrak further objects to this request on the grounds that it seeks information that is

irrelevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 13:
Please provide copies of all employee handbooks, human resources policies, policy and procedure manuals, rules or regulations and other statements of personnel policies and practices that applied to Whitley during the period of her employment by Defendant.

RESPONSE:  See response to Request No. 2.

REQUEST NO. 14:
All documents or publications that identify the personnel of Amtrak from 2003 to present. In your response, include any and all organizational charts that involve Mae Whitley, her coworkers, and/or her superiors.

RESPONSE:  Amtrak objects to this request on the grounds that it is vague, ambiguous and unintelligible. Amtrak further objects to this request on the grounds it is overly broad and unduly burdensome. Amtrak further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this lawsuit and is unlikely to lead to the discovery of admissible evidence. Without waiving its objections, Amtrak refers plaintiff to its response to Request No. 4.

REQUEST NO. 15:
Any and all documents relating to the selection of individuals other than Mae Whitley for the positions and/or promotions for which she applied.

RESPONSE:  Amtrak will produce all responsive, non-privileged documents in its possession. Bates Nos. 808-1590, 1726-2302.

REQUEST NO. 16:
Any and all documents outlining any policies and/or procedures for document retention. If no such document exists, say no such document exists. '

RESPONSE:  Amtrak will provide copies of the document retention policies applicable to plaintiff Whitley. Bates Nos. 1591-1593.

REQUEST NO. 17:
Any notes, memoranda, reports or other documents in the possession of the Defendant that relate to any meetings or discussions conducted by or participated in by Defendant's employees that relate to the decision to deny Ms. Whitley's applications for employment in the Foreman II position.

RESPONSE:  Amtrak will produce all responsive, non-privileged documents in its possession. Bates Nos. 1-158, 555-756, 828-1590.

7

REQUEST NO. 18:
All documents reflecting, referring to or concerning discussions concerning the allegations of this lawsuit, in which any managers, officers, or supervisors of Defendant participated. Include all documents pertaining to the complaints of discrimination, harassment, and unfair treatment by Ms. Whitley.

RESPONSE: Amtrak objects to this Request to the extent it seeks information that is subject to the attorney-client privilege or the work product doctrine. Without waiving its objections, Amtrak states that it will produce all responsive, non-privileged documents in its possession. Bates Nos. 555-756.

REQUEST NO. 19:
Any tapes, transcripts, telephone messages, phone logs, voice recordings or other records you have of Mr. Stevens or which mention or relate to Ms. Whitley.

RESPONSE: Amtrak objects to this Request on the grounds that it is vague and ambiguous. Amtrak further objects to this Request on the grounds that it is overly broad and unduly burdensome. Amtrak further objects to this request on the grounds that seeks information that is irrelevant to the subject matter of this lawsuit and is unlikely to lead to the discovery of admissible evidence. Without waiving its objections, Amtrak refers plaintiff to its response to Stevens' Request for Production No. 17. Amtrak further states that it is will produce a copy of the transcript of a tape recording made by Ms. Whitley. Bates Nos. 159-202.

REQUEST NO. 20:
All documents which support or negate any defenses described in your Answer.

RESPONSE: Amtrak will produce all responsive, non-privileged documents in its possession.

REQUEST NO. 21:
All documents related to the fact that Ms. Whitley was not promoted to Foreman II during 2003-2005. Include any documents that illustrate why Ms. Whitley was not promoted.

RESPONSE: Amtrak will produce all responsive, non-privileged documents in its possession.

REQUEST NO. 22:
All documents you may offer as exhibits at the trial of this case.

RESPONSE  Amtrak objects to this Request to the extent it seeks to impose on Amtrak obligations in addition to or different from those set forth in the Federal Rules of Civil Procedure and the Scheduling and Procedures Order entered in this case. Amtrak states that it has not yet determined the exhibits it will use at the trial of this matter. Amtrak will identify its trial exhibits in compliance with the Court's Orders.

REQUEST NO. 23:
Produce transcripts of the depositions of Bernard Campbell, Frank Covers, Daryl Pesce, Micael Kapela, and Althera Stiggers, from Ms. Whitley's prior case.

RESPONSE: Amtrak states that Whitley was a party to Case No. 1:03cv636 and had the opportunity to purchase copies of these transcripts. To the extent plaintiff does not have copies of these transcripts, they can be obtained from M.A.R. Reporting Group, LLC in Arlington, VA. M.A.R. Reporting Group can be reached at (703) 534-1225 or www.mar-reporting.com.

REQUEST NO. 24:
Produce all documents relating to your response to Complaint ¶47, implying that one or more selectees for Foreman II had previously lodged discrimination complaints or otherwise opposed alleged discrimination by AMTRAK.

RESPONSE: Amtrak has no responsive documents.

REQUEST NO. 25:
Produce all documents relating to Ms. Whitley's protected activities undertaken in opposition to alleged discrimination by AMTRAK, including, but not limited to, documents reflecting her prior lawsuit against AMTRAK.

RESPONSE: Amtrak states that the documents reflecting Whitley's prior lawsuit against Amtrak are public documents, and are available to plaintiff. Amtrak states that it has no other documents responsive to this Request.

Dated: September 25, 2006

Respectfully submitted,

KRUCHKO & FRIES

By: _____
John G. Kruchko

_____
Keith Fischler
DC Bar No. 377601

OF COUNSEL:

KRUCHKO & FRIES
1750 Tysons Blvd., Suite 560
McLean, Virginia 22102
(703) 734-0554

Counsel for Defendant
National Railroad Passenger
Corporation

9

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2006 I served a copy of the foregoing Defendant National Railroad Passenger Corporation's Responses to Plaintiff Mae Whitley's First Request for Production of Documents by first-class mail, postage prepaid on:

    Leizer Z. Goldsmith, Esq.
    Adam W. Marker, Esq.
    The Goldsmith Law Firm, LLC
    5335 Wisconsin Avenue, NW
    Suite 440
    Washington, DC 20015

_____
Keith Fischler