Exibit F

B.L.-

Information enclosed was faxed for the office of M. Tierney, HR Officer, on December 14, 2004

-Andrea

Amtrak/Stevens
00849

**CONFIDENTIAL**
NATIONAL RAILROAD PASSENGER CORPORATION
HUMAN RESOURCES – HEALTH SERVICES DEPARTMENT
Interoffice Memorandum
December 15, 2004

TO: **Bernard Campbell**
FROM: Margaret Ann Tierney / M A Tierney
HR Officer
SUBJECT: Drug Test Result for **STEVENS, David, Personnel #: 00054828**

This is to inform you that **David Stevens** previously tested positive during a **Company return to duty** testing event **March 15, 1999**. Mr. Stevens did not sign a Conditional Waiver before being released to return to duty. On **March 25, 2003, David Stevens** tested positive during a **Company** required **return to duty** test event. Attached is a copy of the employee's Alcohol and Drug Waiver Agreement signed on March 10, 2003.

Subsequently, on **December 13, 2004** as part of a **company return to duty** physical examination, **Mr. Stevens** was tested for drugs. This is to advise you that according to the statement provided by the testing technician; Mr. Stevens provided a specimen that was cold. The testing technician explained to the employee that he would have to provide another specimen under direct observation, which would be supervised by someone of the same gender, after he completed his physical examination. Mr. Stevens left the premises without providing a second urine specimen.

According to the testing technician's statement the employees actions of not providing a subsequent sample constitutes a refusal to test. **Any employee who refuses or intentionally interferes with the testing process will be subject to the same consequences as testing positive.** Furthermore, the testing technician's statement that the employee provided a cold specimen violates the Standards of Excellence.

In accordance with PERS-19, an employee who violates the Standards of Excellence is subject to dismissal. Your department is responsible for taking disciplinary action. If the employee is an agreement-covered employee, a union official or an excepted employee who still holds seniority in a craft, the disciplinary action must comply with the requirements of the applicable collective bargaining agreement. If you have any questions concerning the discipline process, please contact Labor Relations.

The results/events of an employee's test should be kept confidential. However, evidence of the results/event may be introduced into any discipline investigation that results from the test(s).

Further, please fax a copy of the hearing charges and signed Drug and Alcohol Waiver (if applicable) to my attention at ATS 777-2786 or Bell (202) 906-2786.

I am notifying you of the above facts in accordance with Amtrak policy so that you may initiate appropriate disciplinary actions.

**Attachments**
cc: EAP Counselor
Health Services – MAD

**Amtrak®**

# ALCOHOL AND DRUG WAIVER AGREEMENT

***IMPORTANT:*** This Alcohol and Drug Waiver will not be valid unless the charged employee is eligible to enroll in the Employee Assistance Program. Therefore the responsible management supervisor must advise the employee about the following enrollment conditions.

1. The employee cannot have been charged with violating Amtrak's Alcohol and Drug Policy and enrolled in the EAP since March 1, 1986 (February 6, 1986, for Hours of Service employees).
2. The employee cannot have been enrolled in the EAP as an Alcohol and or Drug Policy violator within the previous 10-year period. (Not applicable until 1996).
3. The employee cannot have had a positive drug screen during a company physical examination.

To verify eligibility, the responsible management supervisor must also contact Amtrak EAP Headquarters at (202) 906-4160 (ATS 777-4160) leaving his/hername and the employee's name and social security number. If there is no response within 48 hours, he/she should contact the local EAP Counselor to determine eligibility.

I desire to waive my right to an investigation/trial under the applicable collective bargaining agreement in connection with the following charge:

On February 25, 2003, David B. Stevens was tested for drugs during a Company, return to duty testing event. This is to advise you that based on an analysis by certified laboratory and a review by the Medical Review Officer (MRO), the result was reported by the MRO as positive for cocaine metabolites. Accordingly, the employee is medically disqualified from performing service.

I admit that I violated Amtrak's Alcohol and Drug Policy as charged. I understand I am being withheld from service without pay except for medical coverage, vacation entitlement, compensatory time and other benefits to which I am entitled, pending my successful completion of treatment as recommended by the Employee Assistance Program Counselor or his/her designated representative. I agree to contact the EAP Counselor within 10 days from the date I sign this waiver and follow his/her recommendations. Should I fail to do so, I will accept discipline of dismissal for the above violation.

I understand that after successfully completing the initial treatment plan recommended by the EAP Counselor, I will be dismissed from service unless I comply with the following requirements:

1. After completing the initial treatment plan, I must undergo and pass any medical examination required by company policy. I understand medical examinations may include testing a sample of my urine for the presence of drugs and/or testing my breath for the presence of alcohol.
2. I must maintain periodic contact with the EAP Counselor for a two-year period after successfully completing the initial treatment program, if directed to do so by said EAP Counselor.
3. I must adhere to any continuing care plan prescribed by the EAP Counselor.
4. I must submit to and pass an unannounced drug and/or alcohol test by urine and/or breath sample at least four times a year for the first two years of active service following my return to duty (six times in the first year for employees covered by Department or Transportation regulations). I further understand that if I test positive in <u>any</u> future drug/alcohol test, including tests taken as part of any physical examination, I will be dismissed from all Amtrak service.

DAVID B STEVENS — 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
Employee Name (printed) — Employee Social Security Number

[signature] — 03/10/03
Employee Signature — Date

[signature] — 03/10/03
Management Supervisor Signature — Date

[signature] — 3/11/03
EAP Counselor Signature (to be signed upon initial contact with employee) — Date

White - Employee; Canary - EAP Counselor; Pink - Supervisor; Goldenrod - Division Occupational Health Nurse

NRPC 2585 (3/97)

Amtrak/Stevens
00851

# Unusual Collection Form

Donor Name: David Stevens SS#: 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

I, the undersigned donor, certify that I understand the following procedures that have been explained to me:

☐ **Inadequate Specimen Volume**

I understand that the first specimen I attempted to provide was not of adequate volume(<45mls). I have been advised that:

- I have been instructed to drink up to 40 ounces of fluid distributed evenly over a three (3) hour period. (Do not drink more than 2 (20 oz.) sodas or to drink more than 5 (8 oz. Cups).
- If any point during that three (3) hour period I feel that I am able to provide an adequate specimen, I will notify a staff member.
- If I cannot provide an adequate specimen with the time allotted, the collection process will be discontinued and my employer/prospective employer will be notified.
- I have been instructed not to leave the testing site during this period. I understand that failure to remain at the testing site until the testing process is completed will be considered a refusal.

☒ **Specimen Temperature Out of Range**

I understand that the first specimen I attempted to provide was not within acceptable temperature range (90 to 100 degreesF). I have been advised that:

- A same gender collector will immediately collect a second urine sample under direct observation.

☐ **Signs of Tampering**

I understand that the collector has reason to believe that I may have or may attempt to alter my urine specimen. I have been advised that:

- A same gender will immediately collect a second sample under direct observation.

[signature] 12/13/04

Donor Name/Signature Date

[signature] 12/13/04

Collector Name/Signature Date

**Note to the Collector: All information regarding the above circumstances should be documented on a Custody and Control Form.**

Amtrak/Stevens
00852