IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID B. STEVENS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL RAILROAD PASSENGER )<br>CORPORATION, )<br>)<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 1:05CV01924-RCL |

**OPPOSITION OF DEFENDANT NATIONAL
RAILROAD PASSENGER CORPORATION TO
PLAINTIFFS' MOTION TO STRIKE DECLARATIONS**

Defendant National Railroad Passenger Corporation ("Amtrak"), by counsel, pursuant to Local Rule LCvR7(b) files this memorandum in opposition to plaintiffs David Stevens' and Mae Whitley's motion to strike the declarations of Robert Frank and Levar Freeman and, in support thereof, shows the Court as follows:

### I. RELEVANT FACTS

On March 29, 2007, after the close of discovery, plaintiffs filed a motion to permit additional depositions beyond the ten (10) permitted by the federal rules. (Docket entry # 40) Amtrak agreed to allow eleven (11) depositions, which plaintiffs utilized. Amtrak submitted a memorandum in opposition to plaintiffs' motion, and plaintiffs submitted a timely reply. The Court has yet to rule on plaintiffs' motion.

On April 5th and 6th, respectively, Amtrak filed separate motions for summary judgment as to all claims filed by plaintiffs Whitley and Stevens. In support of its motion for summary judgment on plaintiff Whitley's claims, Amtrak submitted affidavits from

Lavar Freeman (former employee) and Bob Frank (current employee). On May 10, 2007, plaintiffs filed the instant motion asking the Court to strike those affidavits from Amtrak's summary judgment filings. The following addresses plaintiffs' contentions.

## II.    ARGUMENT

Plaintiffs' ask the Court to strike the affidavits of Mr. Freeman and Mr. Frank because they "were not informed of the importance of these potential witnesses until after the discovery period had concluded and plaintiff had already conducted ten depositions in this case." (Plaintiffs' motion, p. 1) Plaintiffs' motion should be denied in all respects. Plaintiffs were well aware of Mr. Frank and Mr. Freeman, but simply chose not to depose either of them. The Court should not punish Amtrak for plaintiffs' litigation choices.

### A.    **Plaintiffs Previously Served Deposition Notices Regarding Freeman and Frank**

Plaintiffs' assertion that they were "surprised" by Amtrak's use of Freeman and Frank is patently false. Plaintiffs' initial Notice of Deposition, served on November 27, 2006, specifically named Mr. Freeman and Mr. Frank as deponents. (A copy of plaintiffs' deposition notice is attached hereto and incorporated herein by reference as Exhibit "A.") For whatever reason, plaintiffs changed their mind and opted not to depose them.

Further, throughout discovery numerous deponents, including plaintiff Whitley, identified Mr. Frank and Mr. Freeman as participants in her interviews for the Foreman II position. (*See* Deposition of Mae Whitley, p. 108, attached hereto and incorporated herein by reference as Exhibit "B.")

If plaintiffs wanted to discover the information known by Mr. Frank and Mr. Freeman, they should have taken their deposition, as they initially planned. Any argument that they were "surprised" by these witnesses mischaracterizes the record.

## B.  Plaintiffs unreasonably waited to seek additional depositions

Plaintiffs further complain that they were disadvantaged because they did not "learn" of the significance of Mr. Freeman and Mr. Frank until after they had taken ten depositions. This complaint also has no merit. In a January 3, 2007, letter to plaintiffs' counsel, Amtrak's counsel reminded plaintiffs of the ten-deposition limit provided in Rule 30(a)(2) of the Federal Rules of Civil Procedure and of Amtrak's position that it would not waive this limitation by letter dated January 3, 2007. (A copy of Amtrak's counsel's letter is attached hereto and incorporated herein by reference as Exhibit "C.") Amtrak subsequently agreed to allow an eleventh deposition, but plaintiffs still did not name either Mr. Freeman or Mr. Frank at this time. Plaintiffs chose, for their own reasons, to wait more than four months after receiving this letter to complain.

In short, plaintiffs' motion improperly seeks relief from their own strategic decision on whom to depose. Plaintiffs were well aware of Mr. Freeman's and Mr. Frank's existence and had noticed their depositions previously. That plaintiffs chose not to depose them is not Amtrak's fault. The Court should not assist plaintiffs in their "eleventh hour" attempts to revive discovery and revamp their own litigation decisions during the summary judgment process. *See Wasserman v. Roadacker, 2007* U.S. Dist. LEXIS 5961, * 5 (D.D.C. 2007) (courts disfavor motions to strike summary judgment exhibits and will typically only grant the motion to remove "immaterial, impertinent, or scandalous" material from the record).

### III.  CONCLUSION

Based on the foregoing, the Court should conclude that plaintiffs' have not been prejudiced in anyway by the summary judgment affidavits of Mr. Freeman and Mr. Frank. Plaintiffs knew of these witnesses' existence and simply chose, for whatever reason, not to depose them. Amtrak cannot be responsible for plaintiffs' strategic litigation decisions. The Court should therefore deny plaintiffs' Motion to Strike Affidavits by Lavar Freeman and Bob Frank, and award Amtrak all other relief the Court deems just and proper.

Dated: May 21, 2007

Respectfully submitted,

KRUCHKO & FRIES

By: _____/s/_____
John G. Kruchko

_____/s/_____
Keith Fischler
D.C. Bar No. 377601

Counsel for Defendant
National Railroad Passenger
Corporation

OF COUNSEL:

KRUCHKO & FRIES
1750 Tysons Blvd., Suite 560
McLean, Virginia 22102
(703) 734-0554

4