IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **David B. Stevens, et. al,** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**National Railroad Passenger Corporation** )<br>**("Amtrak"),** )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 1:05CV01924-RCL |

**PLAINTIFFS' UNOPPOSED MOTION TO FILE BRIEFS, STATEMENTS AND EXHIBITS, IN OPPOSITION TO DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT,** *NUNC PRO TUNC*

On May 10, 2007, Plaintiff David Stevens timely filed his Brief in Opposition to Defendant's Motion for Summary Judgment minutes before midnight.[1] Immediately thereafter, in the first hours of May 11, Stevens' counsel recognized that he had mistakenly filed an incorrect version of his brief and Statement of Material Facts in Dispute, and mistaken versions of Plaintiff Mae Whitley's Opposition Brief to Defendant's Motion for Summary Judgment, Opposition to Defendant's Statement of Undisputed Facts. In addition, counsel recognized that numerous exhibits identified in both Plaintiffs' submissions (Docket Entries Nos. 50, 51) had been mistakenly omitted.

That morning, counsel filed Docket Entry No. 52, a Notice of Filing which attached corrected versions of the mistaken original documents, and the previously referenced but omitted exhibits.

---

[1] Defendant's Reply to that Opposition mistakenly states that he filed late on March 11, however, the Docket Sheet states to the contrary.

On May 17, 2007, Defendant filed its Reply Briefs as to both Plaintiffs. As to Plaintiff Stevens only, Defendant contends that Plaintiff's Brief and Statement of Material Facts in Dispute should be stricken as untimely. However, as noted, the Docket Sheet is clear that those documents were timely filed.

Defendant also noted that Plaintiff omitted a Proposed Order on Plaintiff Stevens' Motion for Summary Judgment. In fact, Plaintiff omitted such an Order as to each Plaintiff. Proposed Orders are attached hereto as Exhibits A, B.

Since Defendant has raised an issue (though it has not actually moved for any relief), in an abundance of caution, Plainitff now seeks permission—to the extent that any would be necessary-- *nunc pro tunc,* to have the filing now known as Docket Entry No. 52, and the Proposed Orders Denying Defendant's Motions for Summary Judgment-- attached hereto-- docketed and accepted by the Court as timely or treated as if they were timely.

While not consenting, Defendant's counsel states that Defendant does not intend to oppose the requested relief.

Respectfully submitted,

THE GOLDSMITH LAW FIRM, LLC

_____
Leizer Z. Goldsmith
5335 Wisconsin Avenue NW Suite 440
Washington, D.C. 20015
Telephone: (202) 895-1506
Facsimile: (202) 318-6235
Attorney For Plaintiffs Whitley & Stevens

2