IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
**David B. Stevens**           )
                               )
**and**                        ) Civil Action No. 1:05CV01924-RCL
                               )
**Mae Whitley**                )
       **Plaintiffs**       )
                               )
   **v.**                    )
                               )
**National Railroad Passenger Corporation** )
**("Amtrak")**                 )
       **Defendant.**       )
_____)

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAITNIFFS'
MOTION TO STRKE AFFIDAVITS BY LAVAR FREEMAN AND BOB FRANK
UNDER FED. R. CIV. P. 37(C)(1)**

**REPLY ARGUMENT**

The adverse action centrally at issue in Whitley's case is Defendant's failure to promote her. Defendant previously sought dismissal of this case based on an argument that Whitley could not prove her case on the merits. In support of that Motion to Dismiss, Defendant never so much as suggested that Messrs Frank and Freeman were the decision makers. Its Interrogatory responses then failed to even identify either Frank or Freeman as a person with knowledge until after the close of discovery. Nor did Defendant name either as a person with knowledge regarding the case through its Initial Disclosures. Nonetheless, Defendant has opposed Plaintiff Whitley's Motion to Strike the self-serving, not cross examined Frank and Freeman affidavits, which were introduced by Defendant in support of its Motion for Summary Judgment as to Plaintiff Whitley.

Defendant's Opposition leaves it undisputed that Defendant did not name either

1

Frank or Freeman as a potential witness within the discovery period in interrogatory responses or initial disclosures.  Defendant's Opposition merely highlights the problem with its conduct here, in asserting that Plaintiff should have deposed Frank and Freeman within the discovery period despite Defendant's clearly expressed (through non-disclosure) decision during the discovery period not to rely on them in the case.

Fed. R. Civ. P. 26(a)(1)(A) requires parties to disclose the names of any individuals who "may" have relevant information, and Rule 26(e) requires parties to supplement their disclosures when they become aware of additional witnesses." Fleming v. Verizon N.Y. Inc., 2006 U.S. Dist. LEXIS 68632, 24-25 (D.N.Y. 2006) Fed. R. Civ. P. 37(c)(1) creates an automatic sanction of excluding the evidence propounded in violation of Rule 26(a)(1)(A).  Coles v. Perry, 217 F.R.D. 1, 5-6 (D.D.C. 2003)(Facciola, J.). The Seventh Circuit has stated that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." David v. Caterpillar, Inc, 324 F.3d 851, 857 (7th Cir. 2003).

Critically, the Advisory Committee Notes to Rule 26 state in part that:

> . . . As officers of the court, counsel are expected to disclose the identity of those persons who may be used by them as witnesses or who, *if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the other parties.* Indicating briefly the general topics on which such persons have information should not be burdensome, and will assist other parties in deciding which depositions will actually be needed. . .

Here, Defendant does not contend that its failure to timely identify the affiants as potential witnesses was justified.  Indeed, no such argument has been offered. Rather, Defendant's contention is that its failure was harmless, since Plaintiff was aware of the witnesses' existence and even considered deposing them before Defendant expressed its intention to rely on them or its contention that they were the decision makers who

decided not to promote Whitley.[1]  Thus, Defendant (Brf. at 2-3) continues to cling to the argument that its failure to provide the central discovery of witness identification until after the close of discovery is irrelevant, offhandedly stating several times in its brief that Plaintiffs *chose* not to depose Frank and Freeman.

However, it is beyond any possible dispute that Plaintiffs elected not to depose these individuals in a context in which Plaintiff was working with a limit on the number of depositions which Defendant was openly determined to enforce, and in which Plaintiff ultimately chose to depose all witness identified by Defendant as potential witnesses, then made her own educated guesses based on the record as it existed at that time as to whom else to depose.  It is undisputed that Defendant sprang the affidavits of Frank and Freeman and its official briefing claim that they were the decision makers here only after the close of discovery, in self-serving support of a summary judgment motion.  Defendant cannot point to any document served in discovery (at any time) stating that the decisions not to promote Whitley were made by these two individuals. Obviously, had Defendant provided the affidavits now released or made the assertion earlier that Frank and Freeman were the decision makers earlier in the case, Plaintiff would have known that deposing those individuals was critical, and either omitted some other deposition or moved for additional depositions earlier, in order to assure that they were deposed.  Denial to Plaintiff Whitley of the opportunity to depose these

---

[1]    Defendant (Brf. at 2) mischievously attempts to re-frame the issue by falsely quoting Plaintiffs as having claimed that they were "surprised" by the addition of Frank and Freeman to the witness list.  However, a word search of Plaintiffs' initial brief on this Motion reveals that Plaintiffs never used that word.  Plaintiffs knew that Frank and Freeman interviewed Whitley and therefore had some sort of role in the case, but Defendant twice declined to identify them as persons with any knowledge who might potentially be witnesses.  The surprise is that after the close of discovery they became even more than mere fact witnesses who should have been disclosed, but, supposedly, the key witnesses in the entire Whitley case—*the* decision makers.

witnesses would severely prejudice her under these circumstances. See <u>Johnson v. Saks Fifth Ave. Tex., LP</u>, 2007 U.S. Dist. LEXIS 17265, 44-45 (D. Tex. 2007)(striking affidavit by witness who was not included in disclosures before discovery ended).

Magistrate Judge Facciola's opinion in <u>Coles</u>, attempting to prevent a party's "gutting" of the discovery rules under circumstances similar to those presented here is instructive:

> In reality, defendant's counsel was attempting to rescue the defendant from its failure to disclose the documents when it should have, so that defendant could use them at trial, despite its failure to disclose them during the discovery period. To permit that stratagem and let a party use at trial evidence it did not disclose during discovery under the guise of "correcting" an earlier disclosure when that party does not even bother to indicate what it is correcting would gut the discovery rules.
>
> Understandably, the defendant does not defend what it has done or claim, as the Rule permits, that its failure to disclose was substantially justified. FED. R. CIV. P. 26(c)(1). Instead, it argues that its not disclosing the documents was harmless because plaintiff has had the documents and never moved for an enlargement of the discovery deadline to gather information to meet their significance To say that disclosure after the discovery deadline is harmless ignores that a central purpose of setting a discovery deadline is to move the case expeditiously forward from the end of discovery, through dispositive motions, to pre-trial and trial. Disclosures made after the discovery deadline threaten the disruption of that schedule if, in reality, the period of discovery and disclosure does not end when a judge says it is supposed to. While such disruption has to be tolerated when the belated disclosure is substantially justified because disclosure during the discovery period was impossible, the interest in having meaningful deadlines should require the exclusion of the belated disclosure when the tardy party provides no reason whatsoever for the lateness of its response.
>
> Moreover, saying that plaintiff could have moved for an enlargement of the discovery deadline ignores that Judge Kessler was hardly obliged to grant it. To the contrary, she specifically indicated that she would not allow any enlargement of the deadlines set. Plaintiff's Second Motion In Limine Regarding Documents and Witnesses Not Timely. . .
> . . .
>
> I find that defendant did not comply with its obligations as to the disclosure of the documents and witnesses and I must invoke the

4

>automatic sanction required by Fed. R. Civ. P. 37(c)(1) of excluding the evidence unless defendant establishes that the failure to disclose the document or the witness was harmless. . .

Coles v. Perry, 217 F.R.D. 1, 5-6 (D.D.C. 2003)(Facciola, J.).

In this case, Defendant has offered no justification for its blatant, glaringly self-serving violation of the discovery rules, and, amazingly, rather than attempt to fix the problem by consenting to Plaintiff's deposing the witnesses and having an opportunity to meet the affidavits in opposing the summary judgment motion, continues to this moment to attempt to obtain summary judgment as to Ms. Whitley by relying primarily on the fruits (the Frank and Freeman affidavits) of its misdeeds. This Court can easily, as we have argued, strike these affidavits for purposes of the pending Motion for Summary Judgment. It should do that. The Court should also fashion an appropriate remedy for trial for Defendant's conduct, either by allowing the depositions Plaintiffs have been seeking (see our Motion to Allow Depositions), and/or by other sanctions the Court finds to be appropriate.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Strike the Affidavits of Frank and Freeman should be granted.

Respectfully submitted,

THE GOLDSMITH LAW FIRM, LLC


/s/

_____
Leizer Z. Goldsmith
5335 Wisconsin Avenue NW Suite 440
Washington, D.C. 20015
Telephone: (202) 895-1506
Facsimile: (202) 318-6235
Attorney For Plaintiffs Whitley & Stevens