UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DAVID B. STEVENS<br><br>and<br><br>MAE WHITLEY,<br><br>       Plaintiffs,<br><br>       v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>       Defendant. | Civil Action No. 05-1924 (RCL) |

## MEMORANDUM OPINION

This action comes before the Court based on Concentra Health Services, Inc.'s Motion to Quash Subpoena [37]. Concentra Health Services, Inc. (hereinafter "Concentra") is a non-partry to this case. Upon a thorough review of each parties' filings, the applicable law and record herein, the Court finds that Concentra's motion [37] shall be granted.

### I. BACKGROUND

Following a medical leave from his employment with defendant National Railroad Passenger Corporation (hereinafter "Amtrak"), plaintiff David Stevens began, but did not complete, a drug test at Concentra's Lanham medical facility as part of his return to duty physical examination. *Stevens v. Natl. R.R. Passenger Corp.*, 2006 WL 1550006 at **4-5 (D.D.C. June 2, 2006). As part of this drug test, Stevens submitted a urine specimen to Demetria Hudley, a Concentra employee. (Stevens Decl. Ex. 14.) Hudley notified Steves that his specimen did not

1

meet the Department of Transportation's Federal guidelines for urine collection because it was outside the acceptable temperature range of 90-100 degrees Fahrenheit. (*Id*.) She then explained that, in accordance with the guidelines, he would have to provide a second urine specimen immediately and under the observation of a male chaperone. Stevens acknowledge these instructions in writing.

According to Mr. Stevens' version of events, he was willing to provide the second specimen, but Concentra employees made him wait more than ninety minutes. *Stevens*, 2006 WL 1550006 at \*\*4-5. He asserts that, because of his HIV-positive status, he feared that something was wrong with his urine and that this indicated that something was wrong medically. *Id*. He therefore told Beaty that he had to go to the hospital. (Stevens Decl. Ex. 14.) She told him that he needed to provide the second sample prior to leaving. (*Id*.) He gave her his cell phone number, departed the facility, and went to the George Washington University Hospital Emergency Room where he was diagnosed with bronchitis. *Stevens*, 2006 WL 155006 at \*7.

Concentra offers a different version of events:

> The first urine drug screen collection was not within body temperature range (90F to 100F). Mr. Stevens was then provided with DOT Federal Guidelines for unusual collection. He was then processed for this physical - it should be noted that his temperature at that time was 97.8F. He then informed another Concentra staff member, Ebonie Beaty, that he was unable to stay at the center any longer as he had another doctor appointment. Ebonie informed him that he needed to submit a second specimen before leaving. He stated that he could not and that he would return, which is unacceptable according to DOT Federal Guidelines. Ebonie called the company and left a message. The aforementioned information was presented to Ms. Margaret Terney of Amtrak on 12/14/04.

(Stevens Decl. Ex. 14.)

In January 2004, Amtrak determined that Stevens actions violated its drug policy.

*Stevens*, 2006 WL 1550006 at *5. It subsequently terminated his employment. *Id*. In his second amended complaint, however, Stevens claims this reason was a pretext and that Amtrak actually terminated his employment in retaliation for a complaint he had filed against the company with the Equal Employment Opportunity Commission.

On December 28, 2006, Stevens' counsel issued a subpoena to Concentra seeking documents related to Stevens' return to duty examination and drug test. The attachment to the subpoena requested:

> Please provide all documents relating to Mr. David Stevens, including but not limited to substance testing of him. Provide all documents relating to staff attendance at your Lanham facility on December 13, 2004, including but not limited to documents showing which personnel was in attendance on that day, and such personnel's arrivals and departures from the Lanham facility. Provide all documents relating to telephonic, mail, or electronic mail contacts internally within your company, and between your Lanham facility and AMTRAK's human resources or personnel department between December 13 and 20, 2004, that related or might have related to Mr. David Stevens.

(Concentra Mem. Supp. Ex. 1.) According to Stevens' counsel, the subpoena was served on January 3, 2007. (Pl.'s Opp'n and Resp. 2.) Stevens's counsel sought the production of the documents by January 5, 2007. (Concentra Mem. Supp. Ex. 1.) As of February 21, 2007, Concentra had not yet responded. (Pl.'s Opp'n and Resp. 2.) Consequently, Stevens' counsel contacted Concentra and requested a response. (*Id*.) Concentra notified Stevens' counsel that neither the subpoena nor any of the accompanying documents contained information, such as date of birth or social security number, sufficient for Concentra to locate records pertaining to Stevens' visit. (Concentra Mem. Supp. 2.) On February 22, 2007, Stevens' counsel sent to Concentra an authorization for the release of records that contained the identifying information. (Concentra Mem. Supp. Ex. 2.) Concentra subsequently gathered all of the medical records it

3

could find that related to Stevens and sent them to Stevens' counsel on February 23, 2007. (Concentra Mem. Supp. 2.)

On February 23, 2007, Stevens' counsel issued a second subpoena to Concentra seeking the production of additional documents. (Concentra Mem. Supp. 2; Pl.'s Opp'n and Resp. 3.) The attachment to the subpoena read:

> Please provide any and all personnel files of Demitria Hudley and Ebonie Beaty. In addition, please provide any logs or other documents that reflect the arrivals and departures, if any, from your Lanham facility, of David Stevens, Bernard Campbell, Daryl Hollis, Craig Watson, Demetria Hudley and Ebonie Beaty on December 13, 2004. At your discretion, you may redact any other names from such documents. Your responses should include any documents that reflect whether or not the identified individuals arrived or departed from the Concentra facility in Lanham on that day, and if so, at what times those individuals arrived or departed.

(Concentra Mem. Supp. Ex. 4.)

Concentra objects to the second request, as well as the request for any documents other than Stevens' medical records, on the grounds that (1) the subpoenas seek confidential and protected information that is irrelevant to the case; (2) the subpoenas do not provide sufficient time for Concentra to respond; and (3) the requests are unduly burdensome. (Concentra Mem. Supp. 3.)

Stevens' counsel subsequently withdrew the second subpoena. (Pl.'s Opp'n and Resp. 1.) However, his counsel requests that the Court deny Concentra's motion as to the first subpoena. (*Id*.)

## II. DISCUSSION

This Court has the authority to quash a subpoena that "(i) fails to allow reasonable time for compliance; . . . (iii) requires disclosure of privileged or other protected matter . . . or (iv)

4

subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A).  Furthermore, this Court may limit discovery where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

### 1. Reasonable Time For Compliance

The Court is unpersuaded that Concentra lacked adequate time to respond to the subpoena issued December 28, 2006 and served January 3, 2007.  The Federal Rules of Civil Procedure provide that upon service of the subpoena, Concentra had until January 5, 2007 to provide to Stevens' counsel a written objection.  Fed. R. Civ. P. 45(c)(2)(B).  Concentra contends that this was an unreasonable time period in which to produce the designated materials.  Furthermore, Concentra contends that it could not produce the designated materials until Stevens' counsel provided either a date of birth or a social security number.  The record indicates, however, that Concentra took no action to make his counsel aware of this defect until February 21, 2007, when prompted to do so by Stevens' counsel.

### 2. Disclosure of Privileged or Other Protected Matters

Concentra notes that it has produced the plaintiff's medical records, but it argues that all other requested materials are irrelevant and confidential. (Concentra Mem. Supp. 4.)  For instance, Concentra asserts that the request for communications between Concentra and Amtrak that "might have related to Mr. David Stevens" goes beyond the scope of relevance and are business dealings that Concentra is entitled to keep confidential. (Concentra Mem. Supp.  4.) "In determining whether information is protected by Rule 45, courts must evaluate whether the information being sought is commercial information that should not be disclosed to the public." *Falicia v. Adv. Tenant Serv., Inc.*, 235 F.R.D. 5, 7 (D.D.C. 2006).  "If a court determines that the

subpoena requests commercial information, the burden shifts to the party seeking the information to show that obtaining the information is both relevant and necessary." *Id.*

Here, the plaintiff contends that the requested documents are relevant to his claim. (Pl.'s Opp'n and Resp. 8.) For instance, employee attendance records for December 13, 2004 are relevant to his retaliation claim because they might evidence "whether Concentra had staff available who could have seen Stevens while he was waiting in vain at their facility," whether Concentra had a male employee available to chaperone Stevens as he provided a second urine sample, and "which Contentra individuals did or may have spoken with AMTRAK regarding the relevant events of that day." (*Id.*) The Court agrees that the information requested is relevant to the plaintiff's claim. However, as already explained, the Court may grant a nonparty's motion to quash a subpoena "where compliance is unduly burdensome." *Mannington Mills, Inc. v. Armstrong World Indus.*, Inc., 206 F.R.D. 525, 529 (D. Del. 2002).

### 3. Undue Burden

Based on a review of the record, this Court agrees that production of the information requested is unduly burdensome. Furthermore, according to the Federal Rules of Civil Procedure, the Court may limit discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2). Concentra has provided Stevens' counsel with his medical records and the documentation relating to his drug test, and the record shows that the plaintiff's counsel has deposed both Beaty and Hudley. Furthermore, the Court is persuaded that, because the events occurred more than two years ago, Concentra would incur significant time and expense to dig up telephonic and electronic mail

contacts and attendance records.

## III.  CONCLUSION

For the foregoing reasons, this Court grants Concentra's Motion to Quash Subpoena [37].

A separate Order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, June 26, 2007.