UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DAVID B. STEVENS | ) | |
| and | ) | |
| MAE WHITLEY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 05-1924 (RCL) |
| NATIONAL RAILROAD PASSENGER CORPORATION, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on the plaintiffs' Motion [40] for Discovery, to permit additional depositions beyond the ten initially permitted by the Federal Rules of Civil Procedure and for enlargement of time to complete the depositions and to respond to the defendant's impending Motion [43, 44] for Summary Judgment. This Court granted [48] the plaintiffs' motion to allow for extension of time to respond to the impending Motion [43, 44] for Summary Judgment. Therefore, the only issue to resolve here is whether the Court will permit additional depositions beyond the ten initially permitted. Upon a thorough review of each parties' filings, the applicable law and record herein, this Court concludes that the plaintiffs' Motion [40] for Discovery shall be denied.

**I. BACKGROUND**

By Order [30] dated June 26, 2006, this Court ordered discovery to conclude no later than

1

December 31, 2006. On July 26, 2006, defendant National Railroad Passenger Corporation ("Amtrak") filed its initial disclosures. (Pls.' Mot. Ex. 1.) Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, Amtrak identified David Stevens and Bernard Campbell as individuals likely to have discoverable information to support it defenses in response to the claims asserted by Plaintiff David Stevens. (*Id*.) Furthermore, Amtrak identified Mae Whitley, Bernard Campbell, Michael Kapela, and Sarah Ray as individuals likely to have discoverable information to support its defenses in response to the claims asserted by Plaintiff Mae Whitley. (*Id*.)

On September 25, 2006, Amtrak filed its responses to the plaintiffs' first set of interrogatories. (Pls.' Mot. Ex. 3.) These interrogatories requested that Amtrak identify Amtrak's potential witnesses and notified Amtrak that the plaintiffs would "mov[e] to strike any testimony proffered by the [d]efendant from witnesses who were not identified during discovery by [the d]efendant as individuals who might be called as witnesses at trial." (*Id*.) Amtrak identified Stevens, Campbell and "personnel at Concentra" regarding Stevens' claims. (*Id*.) Amtrak identified Ray, Kapela, and Campbell regarding Whitley's claims. (*Id*.)

On December 1, 2006, this Court granted [34] the parties' Consent Motion [33] to extend discovery until February 9, 2007. By letter dated January 3, 2007, Amtrak's counsel notified plaintiffs that Amtrak would not consent to more than 10 depositions. (Def.'s Opp'n Ex. 9.) Amtrak subsequently agreed to allow an 11th deposition. (Pls.' Mot. Ex. 5.) On January 11, 2007, this Court granted [36] a subsequent Consent Motion [35] to extend discovery until March 2, 2007. On March 19, 2007, after the close of discovery, Amtrak filed supplemental interrogatory responses that identified 15 potential witnesses - Ray, Cannon, Lavar Freeman,

Kapela, Campbell, Ron Truitt, Joe Louers, Michael Tally, Robert Frank, Joe Tana, Margaret Tierney, Ebonie Beaty, Demetria Hudley, Lisa Shave, and Andrew McCallum - in its defense against the plaintiffs' claims. (Pls.' Mot. Ex. 5; Def.'s Opp'n Ex. 10.)

## II.  DISCUSSION

The plaintiffs request a Court order permitting them to depose Cannon, Freeman, Frank, Talley, and Shave because the plaintiffs might have deposed them "had they known that [the d]efendant was relying upon them as persons with knowledge whom it was considering using as witnesses." (Pls.' Mot.1-2.)  Because the Court is satisfied that the defendant, in accordance with the Federal Rules of Civil Procedure, has fulfilled its disclosure obligations with respect to these five individuals, it denies the plaintiffs' request for additional depositions.

A defendant, in its initial disclosures, must provide the plaintiffs with the names of each individual likely to have discoverable information that the defendant may use to support its defenses.  Fed. R. Civ. P. 26(a)(1).  Furthermore, the defendant has:

> a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the [defendant] learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the [plaintiffs] during the discovery process or in writing.

Fed. R. Civ. P. 26(e).  In addition to these initial and supplemental disclosures, at least 30 days before trial, the defendant must provide the plaintiffs and the Court with the name of each witness.  Fed. R. Civ. P. 26(a)(3).

The record indicates that all 15 of the defendant's potential witnesses, including the five individuals whom the plaintiff now seeks to depose, were made known to the plaintiffs during

the discovery process. The plaintiffs deposed Ray, Campbell, Kapela, Truitt, Louers, Tana, Tierney, Beaty, and Hudley. The parties agreed to depose McCallum in April 2007. Three of the five individuals that the plaintiffs now seek to depose, Freeman, Frank, and Cannon, were named in the plaintiffs' earlier notices of deposition, but the plaintiff decided not to depose them. Freeman and Frank were named in the plaintiffs' notice of depositions dated November 27, 2006. Cannon was named in the plaintiffs' notices of depositions dated December 27, 2006 and February 13, 2007. Talley, an Amtrak employee, was identified as the presiding officer in the hearing related to Stevens' termination in documents disclosed in September 2006 in Amtrak's initial disclosures. (Def.'s Opp'n 4.) Shave, a Concentra Medical Group employee, was unknown to either party until she was named in the depositions of Beaty and Hudley, two former Concentra employees who were deposed in February and March of 2007, respectively. (*Id.*)

### III.  CONCLUSION

Because defendant National Railroad Passenger Corporation complied with its obligations under the Federal Rules of Civil Procedure, this Court denies plaintiffs' Motion for Discovery to permit additional depositions beyond the ten permitted by Fed. R. Civ. P. 30(a)(2)(A).

A separate Order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, June 26, 2007.