IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| David B. Stevens, et. al | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1:05CV01924-RCL |
| | ) |
| National Railroad Passenger Corporation ("Amtrak"), | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S BILL OF COSTS**

**I.   INTRODUCTION**

This is a case of retaliatory and discriminatory failure to promote. Whitley filed a prior lawsuit against Amtrak in 2003, alleging sexual harassment and retaliation. Since then, she has been repeatedly denied a promotion. Stevens was terminated after making allegations of hostile environment, disability discrimination, and retaliation against Amtrak. The Court has granted summary judgment against both Plaintiffs on all their claims and Plaintiffs have appealed. Defendant is now seeking an award of costs based in part on alleged expenses it never incurred. Plaintiffs hereby submit their Opposition.

**II.   BACKGROUND**

Defendant's counsel declared on the Bill "under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. . . "That declaration was untrue. Thus, Defendant submitted invoices worth over $1,700.00 for the depositions of witnesses Beaty

($408.19), Truitt ($486.39) and Ray ($ 887.59), that do not actually reflect *Defendant's* having ordered or paid for those depositions. Rather, the invoice for each states that it includes the purchase of an *original* transcript—even though all three were depositions taken by Defendant's *opponents*. See Docket Entries Nos. 50-25 at 117, 50-27 at 27, and 52-15. The invoices are all addressed to "Leizer Z. Goldsmith, Esq," (69-2 at 4-6) unlike other invoices Defendant submitted which were addressed to itself (including three from the same reporting company). Docket Entry No. 69-2 at 7. The invoices addressed to Goldsmith but submitted by AMTRAK reflect a charge of $3.40 per page, when in fact, if Defendant ever ordered the transcripts, it would have been charged much less-- for a "copy". Indeed, it is clear that Defendant would have been charged $2.25 per page, not $3.40, since Defendant's submission includes invoices for copies of the transcripts of some of Plaintiffs' other deponents taken by the same reporting company (Ace Federal), and those invoices all reflect a per page charge of $2.25, not $3.40. Docket Entry No. 69-2 at 9-11 (Depositions of Campbell, Kapela and Louers). The improper invoices were faxed to Defendant by Ace Federal Court Reporters on July 6, 2007, many months after the depositions actually occurred. See Docket Entry No. 69-2 at 4-6.

### III.  ARGUMENT

#### A.  APPLICABLE PRINCIPLES

28 U.S.C. § 1920 establishes that costs that *may* be taxed. However, the trial court also possesses the discretion to deny costs. Rudder v. District of Columbia, 890 F. Supp. 23, 48 (D.D.C. 1995). Costs can be denied when inequity would result. "A party makes a showing of inequity if the party shows that the expenses incurred by the prevailing party were either unreasonable or unnecessary; that the prevailing party engaged in some misconduct; or that the prevailing party's motion for costs is subject to some procedural defect such as failure to abide

by a local rule in some manner. Citation omitted." A-Cal Copiers v. North Am. Van Lines, 180 F.R.D. 183, 191 (D. Mass. 1998).

The United States District Court for the District of Columbia has instituted LCvR 54.1, which permits taxation specifically for the following types of costs:

(1) Clerk's fee
(2) Cost of service of summons and complaint
(3) Marshall's fee and expenses specified in 28 USC 1921;
(4) Docket fees and costs specified in 28 USC 1923;
(5) Costs of a bond or other security furnished by reason of statute, court order, or rule;
(6) The costs, at the reporter's standard rate, of the original and one copy of any deposition noticed by the prevailing party, and of one copy of any deposition noticed by any other party, if the deposition was used on the record, at a hearing or trial;
(7) The costs, at the reporter's standard rate, of the original and one copy of the reporter's transcript of a hearing or trial if the transcript (i) is alleged by the prevailing party to have been necessary for the determination of an appeal within the meaning of Rule 39(a), Federal Rules of Appellate Procedure, or (ii) was required by the court to be transcribed.
(8) Costs of copying those exhibits which are introduced into evidence, are used for impeachment, or are filed with the clerk;
(9) Other costs of copying up to $300;
(10)    Witness fees pursuant to 28 USC 1821(b) and travel and subsistence costs pursuant to 28 USC 1821(c) paid to each witness who testified at a hearing or trial
(11)    Costs of service of a subpoena on a witness who testified at a deposition, hearing, or trial.
(12)    Fees of court appointed experts, fees of interpreters used at trial or hearing and fees and expenses of special interpretation service under 28 USC 1828
(13)    Any costs of the kind enumerated in this Rule, which were incurred in the District of Columbia courts prior to removal which are recoverable under the Rules of the District of Columbia Court of Appeals and the Superior Court of the District of Columbia.
(14)    Costs as shown in the mandate of the court of appeals.

Courts have broad discretion in allowing or disallowing the particular items listed in 42 U.S.C. §1920. However, they are bound by §1920—and cannot award costs other than those identified therein. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987); Trapel v. Roadway Express, Inc. 266 F. 3d. 418, 427 (6th Cir. 2001). Courts are authorized to interpret the meaning of the costs identified in Section 1920. BDT Prods. V. Lexmark Int'l, Inc. 405 F. 3d. 415,

3

419 (6th Cir. 2005); Hudson v. Nabisco Brands, Inc. 758 F. 2d 1237, 1242 (7th Cir. 1985). However, the United States District Court for the District of Columbia has "traditionally taken a narrow view of what is permitted as a recoverable cost." Butera v. District of Columbia 83 F. Supp. 2d 25, 40 (D.D.C. 1999, affirmed and reversed on other grounds, Butera v. District of Columbia, 344 U.S. App. D.C. 265 (D.C. Cir. 2001 ).

"The court should scrutinize proposed cost items, and should exercise its discretion to tax costs 'sparingly' with reference to costs not specifically allowed by statute." Farmer v. Arabian American Oil Co., 379 U.S. 227 (1964); Hudson v. Nabisco Brands, Inc., 758 F. 2d 1237, 1242 (7th Cir. 1985).  Courts have not hesitated to award less than the requested amount upon a determination that the amount requested is excessive.  Valez v. Levy World L.P., 2006 US App. Lexis 13137 (11th Cir. 2006).  This discretion is to be cautiously exercised so that the costs of litigation will not be made so high that litigants will be discouraged from bringing meritorious lawsuits.  Hill v. BASF Wyandotte Corp., 547 F. Supp. 348, 351 (D. Mich. 1982). Courts are in agreement that the trial court possesses the discretion to deny costs on account of a losing party's inability to pay. Rudder v. District of Columbia, 890 F. Supp. 23, 48 (D.D.C. 1995). Allen v. District of Columbia, 812 F. Supp. 1239, 1245 (D.D.C. 1993); Badillo v. Central Steel & Wire Co., 717 F.2d 1160, 1165 (7th Cir. 1983); Delta Air Lines, Inc. v. Colbert, 692 F.2d 489 (7th Cir. 1982); In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 464 (3d Cir. 2000), reversing a trial court's failure to consider indigency in awarding costs.

    B.    **COSTS SHOULD BE DENIED ENTIRELY, ON ACCOUNT OF DEFENDANT'S FALSE DECLARATION THAT IT ACTUALLY INCURRED THE COSTS CLAIMED**

As shown in Background, Defendant has improperly attempted to obtain payment from Plaintiffs for three different depositions in excess of what it could possibly have paid to obtain them, and without providing any evidence that it really paid those costs as requested.

Defendant declared under penalty of perjury that its submission was truthful when it was not, and the disparity was in favor of Defendant obtaining extra payment—not innocently to its own detriment. Under these circumstances, equity requires that the Bill of Costs should be stricken or denied; Plaintiffs should not be required to pay costs to a Defendant who provides false submissions in support of its Bill of Costs. Pullins-Graham v. District of Columbia, 2003 U.S. Dist. LEXIS 25796, Report and Recommendation 98-03065 (D.D.C. July 31, 2003)(Magistrate Judge Kay), as adopted by the District Court, Pullins-Graham v. District of Columbia, 2003 U.S. Dist. LEXIS 25793, Order 98-03065 (D.D.C. September 9, 2003) (valid documentation is required).

    C.    NO COSTS SHOULD BE TAXED, ON ACCOUNT OF PLAINTIFF'S INABILITY TO PAY

Plaintiff Stevens is unable to pay the costs requested by Defendant. Thus, he has submitted a Declaration (attached), which makes that fact painfully obvious. To summarize, Mr. Stevens has virtually no personal assets at this time. Declaration ¶ 8. He has not been employed since being terminated from Amtrak in early 2005. Declaration ¶ 5. He is, consequently, dependent on Social Security Disability payments and Sheltercare, thereby incurring numerous bills, many of which are overdue. Declaration ¶6, 9.

It is undisputed that Plaintiff Whitley is presently living on $2,300.00 per month, with which she pays her mortgage of approximately $1,500.00 per month, leaving her with little with which to pay additional expenses such as the costs claimed by AMTRAK here. Her husband, although a full time employee of Amtrak, is anticipating a temporary retirement due to hip replacement surgery, at which point he anticipates an income of merely $1,000 per month.

Courts are in agreement that inability of a losing party to pay costs is a viable basis for a court to decline to tax them. See cases cited above. This case is appropriate for such treatment, and costs should therefore not be taxed.

### D. ASSUMING, *ARGUENDO*, THAT SOME COSTS ARE TAXED TO PLAINTIFFS, DEFENDANT'S REQUEST FOR DEPOSITION COSTS SHOULD BE REDUCED BY ELIMINATING TAXATION OF TRANSCRIPT COSTS INCURRED FROM DEPOSITIONS NOT USED AT A HEARING OR TRIAL

LCvR 54.1(d)(6) provides that costs for deposition transcripts may be taxed "*if the deposition was used on the record at a hearing or trial*. . ." (emphasis added). Here, it is beyond dispute that Defendant has sought costs for many depositions that were not so used, as no hearing or trial has yet occurred in this case. Thus, Defendant seeks costs in the amount of $5,838.82, presumably for the depositions it took, namely, those of Plaintiffs Stevens ($597.60) and Whitley ($1,202.00), along with several depositions taken by Plaintiffs, namely, those of witnesses Beaty ($408.19), Truitt ($486.39), Ray($ 887.59), Hudley ($254.31), Tana ($474.00), Louers ($262.91), Kapela ($385.37), Campbell ($645.95) and Tierney ($213.10). As no hearing or trial occurred, none of these costs are proper.

Assuming, *arguendo*, that the Bill is not stricken or denied in its entirety, and an actual hearing or trial is not necessary for transcript costs to be taxed under LCvR 54.1(d)(6), several of the costs claimed must be disallowed in any event. First, Defendant has failed to show that it incurred any costs for the following depositions: Beaty ($408.19), Truitt ($486.39) or Ray ($ 887.59), since, as shown above, Defendant's own documentation shows that *Goldsmith* was billed for said depositions, not that *Defendant* ever incurred expense for them. A party seeking costs at all times carries the burden of demonstrating that it actually incurred the expenses it seeks reimbursement for. <u>Pullins-Graham v. District of Columbia</u>, 2003 U.S. Dist. LEXIS 25796 (D.D.C. 2003).

6

Assuming, *arguendo*, that costs are allowed for depositions cited in support of motions or pleadings even without a trial or hearing, so long as they were used in briefs, Plantiffs nonetheless should not be taxed for the depositions of Beaty ($408.19) or Louers ($262.91), as Defendant did not cite either of them in its briefings related to its summary judgment motion. Pullins-Graham, supra.  Costs which are "preparatory" and do not lead to "real assistance for the court" cannot be taxable. Gochis v. Allstate Ins. Co. 162 FRD 248, 250 (D. Mass. 1995).

### E. ASSUMING, *ARGUENDO*, THAT SOME COSTS ARE TAXED TO MR. STEVENS AND MS. WHITLEY, COSTS FOR "EXEMPLIFICATION AND COPIES OF PAPERS NECESSARILY OBTAINED FOR USE IN THE CASE" SHOULD NOT BE TAXED, BECAUSE DEFENDANT FAILED TO PROPERLY ITEMIZE THOSE COSTS

The party seeking costs at all times carries the burden of demonstrating that it actually incurred the expenses it seeks reimbursement for.  Pullins-Graham v. District of Columbia, 2003 U.S. Dist. LEXIS 25796, Report and Recommendation 98-03065 (D.D.C. July 31, 2003)(Magistrate Judge Kay), as adopted by the District Court, Pullins-Graham v. District of Columbia, 2003 U.S. Dist. LEXIS 25793, Order 98-03065 (D.D.C. September 9, 2003).  Indeed, a party seeking costs must provide "sufficient explanation or detailed breakdown of the individual costs." Id. In this case, Defendant has sought costs of $455.40 for "exemplification and copies of papers necessarily obtained for use in the case."  In so seeking, Defendant merely provides a self-serving receipt on firm letter head, which claims that copy costs were incurred, but fails to articulate for what purpose the copies were made.  Since Defendant fails to identify the purpose of such costs, they should be disallowed.

### F. ASSUMING, *ARGUENDO*, THAT SOME COSTS ARE TAXED TO MR. STEVENS AND MS. WHITLEY, DEFENDANT'S "OTHER COSTS" SHOULD BE DISALLOWED

Defendant seeks an additional $559.22 for "other costs," namely for costs involved in computer scanning and "cd's". Defendants fail to itemize what was scanned or what the specific charges actually signify. LcvR 54.1 identifies the categories of possible costs, but does not include a category for scanning discovery documents. It is expected that Courts ". . . should scrutinize proposed cost items, and should exercise its discretion to tax costs "sparingly" with reference to costs not specifically allowed by statute." Hudson, 758 F.2d at 1242 (quoting Delta Air Lines v. Colbert, 692 F.2d 489, 490 (7th Cir. 1982))." EEOC v. Sears, Roebuck & Co., 114 F.R.D. 615, 620 (D. Ill. 1987). There being no provision in the rules for costs involved in scanning documents for discovery and no justification provided for the charge here, any costs taxed here should be reduced by the amount of $559.22.

### G. ANY DECISION GRANTING COSTS SHOULD BE STAYED PENDING APPEAL

Local Rule 54.1 states a bill of costs must be filed within 20 days after an entry of judgment that "terminates the case as to the party seeking costs." Local Rule 54.1(c) defines a judgment as final when "the time for appeal has expired and no appeal has been taken." Here, an appeal was filed July 2, 2007, almost two weeks prior to the filing of Defendant's Bill of Costs. Accordingly, any decision taxing costs would be premature at this time. If Plaintiffs win their appeal, Defendant will no longer be a prevailing party. The plain meaning of the text of Local Rule 54.1(c) makes clear that the court should not order Plaintiffs to pay costs until it is clear that a judgment is no longer subject to appellate challenge.

## IV.     CONCLUSION

As supported above, Defendant's Bill of Costs should be denied because of the Defendant's false documentary submission and Plaintiffs' inability to pay. Assuming, *arguendo*, that some costs are taxed to Plaintiffs despite Defendant's misconduct and Plaintiff's financial condition, costs for deposition transcripts should not be awarded, as no trial or hearing occurred, or in the alternative, costs for Beaty, Truitt, Ray should be disallowed because Defendant failed to produce evidence that it actually paid the costs identified. Moreover, any costs for the depositions of Louers or Beaty should not in any case be allowed because Defendant did not rely on those depositions before the Court in its summary judgment briefings. Further, Defendant's costs for "exemplification and copies of papers necessarily obtained for use in the case" and "other costs" should be disallowed as Defendant failed to produce the required evidence relating to those costs.

Respectfully submitted,

**THE GOLDSMITH LAW FIRM, LLC**

/s/
_____
Leizer Z. Goldsmith  DC Bar No. 419544
5335 Wisconsin Avenue, NW Ste 440
Washington, D.C. 20036
202-895-1506
Counsel For Plaintiffs