IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID B. STEVENS and MAE WHITLEY, <br><br> Plaintiff, <br><br> v. <br> NATIONAL RAILROAD PASSENGER CORPORATION <br><br> Defendant. | Civil Action No. <br> 1:05CV01924-RCL |

**DEFENDANT'S REPLY IN SUPPORT OF ITS BILL OF COSTS**

Defendant, National Railroad Passenger Corporation ("Amtrak"), by counsel, hereby submits its reply to plaintiffs' opposition to Amtrak's Bill of Costs, and in support thereof, shows the Court as follows:

### I. Relevant Factual and Procedural Background

Plaintiffs Mae Whitley and David Stevens initiated this lawsuit about a year and a half ago, alleging discrimination and retaliation against their former employer, Amtrak. In late June 2007, the Court granted Amtrak's respective motions for summary judgment as to both plaintiffs' claims and dismissed the case with prejudice.

Thereafter, on July 16, 2007, Amtrak filed a Bill of Costs with the Court seeking reimbursement for certain litigation costs, as allowed under Federal Rule of Civil Procedure 54 and Local Rule LCvR 54.1. On July 27, 2007, plaintiffs filed a brief opposing the imposition of costs. The following reply addresses issues raised by plaintiffs' opposition.

## II.   ARGUMENT

Plaintiffs attack Amtrak's Bill of Costs on virtually every conceivable basis – including that the Court should stay its decision on costs pending plaintiff Stevens' appeal.[1] Not surprisingly, their arguments have little substantive merit and should not deter the Court from taxing costs against plaintiffs.

### A.   Defendant did not Make a False Declaration Regarding its Claimed Costs

Plaintiffs initially contend that Amtrak's Bill of Costs should be denied or reduced because it intentionally seeks reimbursement for costs that plaintiffs paid. Specifically, plaintiffs allege that invoices for the deposition transcripts of, among other people, witnesses Beaty, Truitt, and Ray reflect expenses incurred by plaintiffs and not by Amtrak, and that Amtrak tried to intentionally "trick" the court into paying Amtrak for expenses it did not incur. Plaintiffs are mistaken.

In its Bill of Costs, Amtrak submitted invoices from court reporters for costs associated with obtaining deposition transcripts of witnesses Beaty, Truitt, and Ray. Regrettably, Amtrak received the wrong invoices from the court reporter and inadvertently attached them to its own Bill of Costs. The mistake was simply a clerical oversight. Amtrak incurred legitimate costs in obtaining deposition transcripts for those three witnesses. Amtrak has since contacted the court reporter, obtained the correct invoices, and the invoices are attached hereto and incorporated herein by reference as Exhibit "A."

---

[1] Defendant Amtrak understands that the Court may in its discretion choose to stay the decision on costs until plaintiff Stevens' appeal is resolved. Defendant would not object to staying the issue pending the appeal results.

Instead of spending $1,782.17 to obtain the deposition transcripts of witnesses Beaty, Truitt, and Ray (which is actually what plaintiffs spent), Amtrak spent only $1,212.79 – a difference of $569.38. Thus Amtrak's costs for court reporter fees, as reflected on its Bill of Costs, should be reduced by $569.38 to $5,269.44. Amtrak's clerical mistake is not a sufficient basis to deny recovery of legitimate costs.

### B. Plaintiffs' Have the Financial Ability to Pay Costs

Plaintiffs' claim they are financially unable to pay the costs requested. Amtrak acknowledges that indigency is a factor to be considered. However, indigency alone does not prevent the taxation of costs under Rule 54; and the ability of the winning party to bear its own costs is irrelevant in assessing costs. Tuggles v. Leroy-Somer, Inc., 328 F. Supp. 2d 840, 845 (W.D. Tenn. 2004). Merely asserting an inability to pay costs is insufficient. The burden is on the losing party to prove that he or she is unable, as a practical matter and as a matter of equity, to pay the defendant's costs. Id. To establish this, the losing party must demonstrate more than merely the payment would be a burden, but that he or she is truly indigent. Id. This is an exceedingly difficult burden to meet. Even an incarcerated prisoner is not immune from the assessment of costs. See Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003).

Here, plaintiff Stevens' affidavit belies the obvious – he has elected to pursue an appeal. He obviously has enough money to pay his counsel to write an appellate brief. He therefore has enough money to bear his share of Amtrak's recoverable costs. As for plaintiff Whitely, she noticeably failed to submit an affidavit or other evidence of her indigency. Indeed, she admits in plaintiffs' opposition that she earns $2,300.00 per month and that her husband is employed. Even if plaintiffs could not between them come

3

up with, in one lump sum, the less than $7,000.00 that Amtrak has requested, they could pay it back incrementally. Courts can award costs and establish a payment plan, which takes into account the losing party's financial status. Tuggles, 328 F. Supp. 2d at 845. This course of action, instead of simply denying costs, is warranted in all but the most extreme cases of indigency. See Pion v. Liberty Dairy Co., 922 F. Supp. 48, 52 n.4 (W.D. Mich. 1996). In short, plaintiffs' claim that their financial status should prohibit or reduce Amtrak's requested costs is nonsense. They have the ability to pay the costs, even if they have to pay it back in installments. And Amtrak's costs are not extreme. This Court has awarded corporate defendants costs in excess of $15,000 for cases involving employment discrimination claims – and involving a single plaintiff (unlike here). See Thomas v. The George Washington Univ., 286 F. Supp. 2d 38, 41 (D.D.C. 2003). Plaintiffs should simply be thankful Amtrak's costs were not higher, pay them, and move on.

### C. Defendant is Entitled to Recover all Deposition Transcript Costs – Even if They Were not Used at a Hearing or Trial.

Plaintiffs next assert that because Amtrak did not use any of the deposition transcripts on the record at a "hearing or trial," it cannot recover its costs for obtaining them. Admittedly, LCvR 54.1(d)(6) provides that the prevailing party can recover costs for deposition transcripts that were "used on the record, at a hearing or trial." Plaintiffs' narrow interpretation of the rule is short-sided and inconsistent with this Court's precedent. The Comment to LCvR 54.1 clearly states that *"costs of depositions* used in support of motion or pleadings may be taxed as well as depositions used at trials or

hearings." Butera v. District of Columbia, 83 F. Supp. 2d 25, 40 (D.D.C. 1999) (emphasis added).[2]

Apparently realizing their argument will not carry the day, plaintiffs then go on to "hedge their bet" by claiming that even if Amtrak is entitled to recover costs for obtaining deposition transcripts, it should not recover costs for the deposition transcripts of witnesses Beaty and Louers because Amtrak did not cite to either of those transcripts in its summary judgment briefing. Again, plaintiffs' argument misses the mark.

LCvR 54.1 is simply a more itemized version of Federal Rule 54, which authorizes reimbursement of costs pursuant to the federal taxation of costs statute, 28 USC § 1920. That statute authorizes, among other things, "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 29 U.S.C. § 1920(2). More generally, that statute authorizes recovery of costs for "fees for exemplification and copies of papers necessarily obtained for use in the case." Id. at § 1920(4). See also Schmid v. Frosch, 609 F. Supp. 490, 492 (D.D.C. 1985) (holding costs in obtaining copies of depositions are taxable as costs pursuant to 28 U.S.C. §§ 1920(2) and (4)).

Regardless, all deposition transcripts need not be cited by a prevailing party in order to recover the costs associated with transcribing the depositions. LCvR 54.1 is not that dogmatic. See OAO Alfa Bank v. Ctr. for Pub. Integrity, 2006 U.S. Dist. LEXIS 29000, *12 (D.D.C. 2006) (allowing cost recovery for depositions not expressly cited by prevailing party). Plus, in their summary judgment briefing, plaintiffs cited to the

---

[2] Ironically, in their brief plaintiffs cite Butera in support of their position.

5

deposition testimony of witnesses Louers and Beaty on numerous occasions.[3] That Amtrak never cited to those depositions did not relieve Amtrak of the burden of ordering and reviewing those transcripts in preparing to respond to plaintiffs' arguments. Under plaintiffs' rationale, every litigant expecting to request recovery of costs would cite (even if only once) to every single deposition taken in the case so they could be awarded the costs of obtaining the transcripts. That is a ludicrous approach, and it is not the approach contemplated by either the local or federal rules of procedure. As this Court's Bill of Costs form clearly states, court reporter deposition fees can be recovered "for all or any part of the transcript necessarily obtained for use in the case." The Court should award Amtrak its costs for these depositions.

### D.     Defendant's Bill of Costs Provided Sufficient Itemization

Plaintiffs lastly complain that Amtrak failed to adequately itemize its request for $455.40 for "exemplification and copies of papers necessarily obtained for use in the case" and $559.22 for "other costs." Plaintiff is mistaken. Strict itemization is not required, merely itemization sufficient to determine the accuracy of the requested costs.

#### 1. *Costs of Exemplification and Copies of Papers*

Here, Amtrak provided the Court with an itemized statement on firm letterhead listing the number of copies used, the cost per page (.20), and the total amount expended ($455.40). This Court has historically not required "line item" itemization of costs where the case has progressed before the Court and the amount requested was reasonable. See Schmid, 609 F. Supp. at 493 (awarding costs where items were reasonable but not

---

[3] Plaintiffs cited both depositions in numerous places throughout their briefing. For verification however, the Court may refer to Plaintiffs' summary judgment brief in opposition to the claims filed by Mae Whitley, p. 7; and plaintiffs' summary judgment brief in opposition to the claims filed by David Stevens, p. 12.

6

itemized). However, to alleviate any doubt or confusion on the issue of itemization, Amtrak's counsel has provided an itemized statement produced by its electronic accounting software, which provides a further breakdown of the costs requested. A copy of the itemized statement is attached hereto and incorporated herein by reference as Exhibit "B."

### 2. *Reimbursement for "Other Costs"*

Plaintiffs further dispute that Amtrak is entitled to recover as "other costs" the cost of copying discovery documents necessary for use in the case, totaling $559.22. Specifically, plaintiffs complain that Amtrak failed to itemize this request. However, Amtrak provided a letter specifically detailing the cost and what the cost was for. This is the best record available memorializing this cost. "To recover copy costs, the prevailing parties are 'not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs.' Instead, they must 'provide the best breakdown obtainable from retained records.'" Harkins v. Riverboat Serv., Inc., 286 F. Supp. 2d 976, 982 (N.D. Ill. 2003) (citation omitted). That is exactly what Amtrak did with regard to its "other costs" request.

Plaintiff also argues that the cost of copying discovery documents is not recoverable because it is not specifically identified as a category in LCvR 54.1. Plaintiffs' assertion is merely a "red herring," as the Bill of Costs form clearly provides a space to list "other costs" for which a party seeks reimbursement. Furthermore, 28 U.S.C. § 1920(4) provides for recovery of costs of exemplification and copies of "*papers necessarily obtained for use in the case*" (emphasis added). Even if Amtrak's request were beyond the purview of the statute, Rule 54 creates a strong presumption favoring

7

the taxation of costs against the losing party. Schmid, 609 F. Supp. at 492. The Court may, in its discretion, award non-statutory costs reasonably incurred. Id.

### III.　CONCLUSION

For the foregoing reasons, prevailing party National Railroad Passenger Corporation respectfully requests the Court award it those costs submitted in its Bill of Costs, and for all other relief the Court deems just and proper.

                                              Respectfully submitted,

                                              KRUCHKO & FRIES

                                              By: /s/ John G. Kruchko
                                                   John G. Kruchko

OF COUNSEL

KRUCHKO & FRIES
1750 Tysons Blvd., Suite 560
McLean, Virginia 22102
(703) 734-0554

                                              Counsel for Defendant
                                              National Railroad Passenger
                                              Corporation

Dated: August 1, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August 2007, I caused a copy of the foregoing Defendant's Reply to Plaintiffs' Opposition to Bill of Costs to be served electronically on

>Leizer Z. Goldsmith, Esq.
>Adam W. Marker, Esq.
>The Goldsmith Law Firm, LLC
>5335 Wisconsin Avenue, N.W.
>Suite 440
>Washington, DC 20015

_____
John G. Kruchko