# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| No. 07-7103 | September Term, 2007 |
|---|---|
| | FILED ON: APRIL 15, 2008 |

DAVID B. STEVENS AND MAE L. WHITLEY,
APPELLANTS

v.

NATIONAL RAILROAD PASSENGER CORPORATION,
APPELLEE

**MANDATE**

Pursuant to the provisions of Fed. R. App. Pro. 41(a)

ISSUED:

BY:

ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

Appeal from the United States District Court
for the District of Columbia
(Civ.A. No. 05-1924 (RCL))

Before: GINSBURG, HENDERSON, and GRIFFITH, *Circuit Judges.*

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia as well as the briefs of counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. *See* D.C. Cir. Rule 36(b). It is

**ORDERED and ADJUDGED** that the judgment of the district court be affirmed.

David Stevens, an employee of Amtrak, failed drug tests in 1999 and 2003. He subsequently executed a waiver permitting Amtrak to fire him if he failed another drug test. In May and November 2004, Stevens filed a complaint with the EEOC, alleging his co-workers were subjecting him to a hostile work environment because he was HIV-positive.

In December 2004, Stevens submitted to a drug test. His urine sample failed to register a temperature between 90°F and 100°F. He then left the drug-testing facility before he could produce another sample, claiming he was feeling ill and was worried his symptoms might be HIV-related. Under Amtrak policy, an employee who leaves a testing facility before completing a drug test is deemed to have failed it. After a hearing, Stevens was terminated for failing the drug test.

A True Copy:
United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk

Stevens sued Amtrak, claiming he was fired out of retaliation for the EEOC complaint. The district court entered a summary judgment for Amtrak, concluding Stevens "fail[ed] to show that Amtrak terminated him for any reason other than violating its drug and alcohol policy." 517 F. Supp. 2d 314, 321 (2007). On appeal, Stevens argues that Amtrak did not sufficiently probe his excuse that he left the drug-testing facility for a legitimate medical reason. He concedes, however, that he failed two drug tests, giving Amtrak cause to fire him, and he has not shown Amtrak's justification is pretextual.

Mae Whitley, an Amtrak employee, sued Amtrak for discrimination and harassment in 2003. The district court granted Amtrak's motion for summary judgment in 2004.

Whitley applied to be promoted to the position of Foreman II in 2003 and 2004. Amtrak hired 11 candidates (including two women) but did not hire Whitley. She sued Amtrak again, claiming its failure to promote her was an act of retaliation for her earlier lawsuit, as well as gender discrimination. The district court granted Amtrak's motion for summary judgment. 517 F. Supp. 2d at 321.

Whitley's interviewers say Amtrak did not promote her because she interviewed poorly and had no mechanical experience. Whitley has not adduced evidence that these justifications might be pretextual. Every candidate hired to the position of Foreman II had mechanical experience; Whitley did not. Nothing in the record supports an inference of gender discrimination, and Whitley's only direct evidence of retaliation was an alleged statement by one of her supervisors saying she was not promoted because "those white motherf---ers" are not "going to forget" about her prior lawsuit. She claims to have taped this statement, but the district court regarded the recording as unintelligible. Given Amtrak's convincing justification and the absence of evidence of pretext, the district court correctly entered summary judgment for Amtrak.

We have considered and rejected Stevens' and Whitley's remaining contentions.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing en banc. See D.C. Cir. Rule 41(a)(1).

                                            **FOR THE COURT:**
                                            Mark J. Langer, Clerk

                                    BY:     /s/
                                            Michael C. McGrail
                                            Deputy Clerk